**Schedule 2**[1]

**Sale Guidelines**

1. The Store Closing Sales will be conducted during normal business hours, or such hours as otherwise permitted by the respective Leases for the Stores.

2. The Store Closing Sales will be conducted in accordance with applicable state and local "Blue Laws," and thus, where such a law is applicable, no Store Closing Sales will be conducted on Sunday unless the Debtors have been operating such stores on a Sunday prior to the commencement of the Store Closing Sales.

3. On "shopping center" property, neither the Debtors nor the Agent shall distribute handbills, leaflets, or other written materials to customers outside of any stores' premises, unless permitted by the applicable Lease or if distribution is customary in the "shopping center" in which such store is located; *provided* that the Debtors and the Agent may solicit customers in the stores themselves. On "shopping center" property, neither the Debtors nor the Agent shall use any flashing lights or amplified sound to advertise the Store Closing Sales or solicit customers, except as permitted under the applicable Lease or agreed in writing by the landlord.

4. The Debtors and the Agent shall have the right to use and sell the Store Closure Assets and the Additional Agent Goods. The Debtors and the Agent may advertise the sale of the Store Closure Assets and the Additional Agent Goods in a manner consistent with these Sale Guidelines. The purchasers of any the Store Closure Assets and the Additional Agent Goods sold during the Store Closing Sales shall be permitted to remove the Store Closure Assets and the Additional Agent Goods either through the back or alternative shipping areas at any time, or

---

[1] Capitalized terms used but not defined in these Sale Guidelines have the meanings given to them in the in the Motion.

through other areas after store business hours; *provided, however*, that the foregoing shall not apply to the sale of de minimis Store Closure Assets and Additional Agent Goods, whereby the item(s) can be carried out of the store in a shopping bag.

5. At the conclusion of the Store Closing Sales, the Agent shall vacate the Stores; *provided* that the Agent may abandon any FF&E (including, but not limited to, machinery, rolling stock, office equipment and personal property, and conveyor systems and racking) not sold in the Store Closing Sales at the Termination Date, without cost or liability of any kind to the Agent. The Agent shall notify the Debtors, counsel to the Prepetition Agent, and counsel to the Ad Hoc Group of Secured Noteholders (each, as defined in the DIP Orders) in writing of its intention to abandon any FF&E at least three (3) business days prior to the Termination Date. The Debtors will have the option to remove the FF&E, at its own cost prior to the Termination Date, or abandon the FF&E. For the avoidance of doubt, as of the Termination Date, the Agent may leave in place, and without further responsibility, any of the Store Closure Assets.

6. The Agent and the Debtors may advertise each Store Closing as a "store closing," "sale on everything," "everything must go," or similar themed sale, and to the extent permitted in the Interim Order or Final Order. The Agent and the Debtors may also have "countdown to closing" signs prominently displayed in a manner consistent with these Sale Guidelines. All signs, banners, ads and other advertising collateral, promotions, and campaigns will be approved by the Debtors in accordance with these Sale Guidelines.

7. The Agent and the Debtors shall be permitted to utilize sign walkers, display, hanging signs, and interior banners in connection with the Store Closing Sales; *provided* that such sign walkers, display, hanging signs, and interior banners shall be professionally produced and hung in a professional manner. The Debtors and the Agent shall not use neon or day-glo on its

sign walkers, display, hanging signs, or interior banners if prohibited by the applicable Lease or applicable law.  Furthermore, with respect to enclosed mall locations, no exterior signs or signs in common areas of a mall shall be used unless otherwise expressly permitted in these Sale Guidelines.  In addition, the Debtors and the Agent shall be permitted to utilize exterior banners at (i) non-enclosed mall stores and (ii) enclosed mall stores to the extent that the entrance to the applicable store does not require entry into the enclosed mall common area; provided, however, that such banners shall be located or hung so as to make clear that the Store Closing Sales are being conducted only at the affected Stores, and shall not be wider than the storefront of the Stores.  In addition, the Debtors and the Agent shall be permitted to utilize sign walkers in a safe and professional manner and in accordance with the terms of the Interim Order or Final Order, as applicable.  Nothing contained in these Store Closing Procedures shall be construed to create or impose upon the Debtors or the Agent any additional restrictions not contained in the applicable Lease. No property of the landlord of a Closing Store shall be removed or sold during the Store Closing Sales.  The hanging of exterior banners or in-Closing Store signage and banners shall not constitute an alteration to a Closing Store.

8. Except with respect to the hanging of exterior banners, neither the Debtors nor the Agent shall make any alterations to the storefront, roof, or exterior walls of any stores or shopping centers, or to interior or exterior store lighting, except as authorized by the applicable Lease.

9. Affected landlords will have the ability to negotiate with the Debtors, or at the Debtors' direction, the Agent, any particular modifications to the Sale Guidelines.

10. The Debtors and/or the Agent and the landlord of any store are authorized to enter into the Side Letters without further order of the Court; *provided that* such agreements do not have a material adverse effect on the Debtors or their estates.

11. Conspicuous signs will be posted in each of the affected stores to the effect that all sales are "final."

12. Conspicuous signs will be posted in each of the affected stores regarding the Store's policies regarding exchanges, return gift cards.

13. The Agent and the Debtors will keep store premises and surrounding areas clear and orderly, consistent with past practices.

14. An unexpired nonresidential real property lease will not be deemed rejected by reason of a Store Closing or the adoption of these Sale Guidelines.

15. The rights of landlords against the Debtors for any damages to a store shall be reserved in accordance with the provisions of the applicable Lease; *provided* that to the extent certain Leases of Stores require written confirmation of receipt of a key to effectuate surrender, this requirement is waived.

16. If and to the extent that the landlord of any store contends that the Debtors or the Agent is in breach of or default under these Store Closing Procedures, such landlord shall provide at least three (3) business days' written notice, served by email or overnight delivery, on:

If to the Debtors:
99 Cents Only Stores LLC
1730 Flight Way, Suite 100
Tustin, CA  92782
Attn: Mary Kasper
Email: Mary.Kasper@99only.com

With copies to:

Milbank
55 Hudson Yards
New York, NY 10001
Attn:   Dennis F. Dunne; Michael W. Price; Lauren C.  Doyle; and James McIntyre
Tel:    212-530-5000
Email: DDunne@milbank.com, LDoyle@milbank.com, MPrice@milbank.com and jmcintyre@milbank.com

-and-

Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor, P.O. Box 1347
Wilmington, Delaware, 19899-1347,
Attn: Robert J. Dehney, Sr. Matthew O. Talmo, and Jonathan M. Weyand
Email: rdehney@morrisnichols.com, mtalmo@morrisnichols.com, and jweyand@morrisnichols.com

If to the Agent:
Hilco Merchant Resources, LLC
5   Revere Drive, Suite 206
Northbrook, Illinois 60062
Attn:  Kellan Grant
Tel.  (847) 313-4779
Email: kgrant@hilcoglobal.com

With copies  to:

Hilco Trading, LLC
5 Revere Drive, Suite 206
Northbrook, Illinois 60062
Attn: Office of the General Counsel
Email: rmaletsky@hilcoglobal.com and legal@hilcoglobal.com

-and-

Troutman Pepper Hamilton Sanders, LLP
1313 Market St. Suite 5100
Wilmington, DE 19801
Attn: Douglas D. Herrmann and Heather P. Smillie
Email: douglas.herrmann@troutman.com and heather.smillie@troutman.com

If to the Ad Hoc Group of 2026 Noteholders
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York , NY 10153
Attn:  Jeffrey D. Saferstein, Andriana Georgallas, Chase Bentley
Email:  jeffrey.saferstein@weil.com, andriana.georgallas@weil.com, chase.bentley@weil.com

5

17. If the parties are unable to resolve the dispute, either the landlord or the Debtors shall have the right to schedule a hearing before the Court on no less than three (3) business days' written notice to the other party, served by email or overnight delivery.