**<u>Exhibit A</u>**

**Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NUMBER HOLDINGS, INC., <u>et al.</u>,[1] | ) | Case No. 24-10719 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. [●]** |
| | ) | |
| | ) | |

**ORDER (I) APPROVING THE
PURCHASE AGREEMENT AMONG
DEBTORS AND BUYER, (II) AUTHORIZING THE SALE OF
DESIGNATION RIGHTS TO CERTAIN LEASES FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES,
(III) APPROVING ASSIGNMENT AND ASSUMPTION PROCEDURES
FOR THE DESIGNATED LEASES AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") 2002, 6003, 6004, 6006, 9007 and 9014, and Local Rules of Bankruptcy Practice and Procedure of United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") 2002-1, 6004-1 and 9006-1, (i) approving the private sale of the designation rights (the "<u>Designation Rights</u>") with respect to the leases of non-residential real property identified on **Exhibit A** attached hereto (the "<u>Designation Leases</u>") to Dollar Tree Stores, Inc.

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030).  The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion, the Purchase Agreement (as defined herein) or Order on Assumption and Rejection Procedures (as defined herein).

(together with any affiliated designee, to the extent permitted by the Purchase Agreement (defined below), the "Buyer") in the form of the Purchase Agreement, dated as of [●], 2024, by and among the Buyer and 99 Cents Only Stores LLC (and any applicable affiliates), a copy of which is attached hereto as **Exhibit B** (the "Purchase Agreement"); (ii) approving (a) assignment and assumption and rejection procedures with respect to the Leases; and (b) the form of order approving assignment and assumption of any designated Leases attached as **Exhibit 1** to the Purchase Agreement (the "Assignment and Assumption Order"); and (iii) granting related relief; and the Court having conducted a hearing on [●], 2024 (the "Sale Hearing") to consider approval of the Motion, including (i) the sale of the Designation Rights and consummation of the Transaction pursuant to the terms and conditions of the Purchase Agreement and (ii) the proposed form of Assignment and Assumption Order; and the Court having considered: (i) the Motion and any objections thereto; (ii) the Tabloff Declaration, (iii) the proposed sale of the Designation Rights by the Debtors to the Buyer pursuant to and contemplated by the Purchase Agreement; and (iv) the arguments of counsel made, and evidence adduced, at the Sale Hearing; all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the Purchase Agreement and the Transaction; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest and that adequate and reasonable notice of the Motion, the Transaction, this Order and the Sale Hearing has been provided to all entities required to be served in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED:[3]**

A.      The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute conclusions of fact, they are adopted as such.

C.      The Court has jurisdiction over the Motion and over the property of the Debtors, including, without limitation, the Designation Rights, the Designation Leases and the Transaction contemplated by the Purchase Agreement, pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the Chapter 11 Cases and the Motion in this District and Court is proper under 28 U.S.C. §§ 1408 and 1409.

D.      This Order constitutes a final, non-appealable order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

E.      The Designation Rights and the Designation Leases constitute (i) property of the Debtors' estates, and title thereto is vested in the Debtors' estates within the meaning of section

---

[3]   All findings of fact and conclusions of law made by the Court at the Sale Hearing in relation to the Motion are hereby incorporated herein to the extent not otherwise inconsistent with the express terms of this Order.

541(a) of the Bankruptcy Code, and (ii) "Postpetition DIP Collateral" as that term is defined in the *Interim Order (I) Authorizing The Debtors To (A) Obtain Postpetition Financing And (B) Utilize Cash Collateral, (II) Granting Liens And Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying The Automatic Stay, And (V) Granting Related Relief* [D.I. 134] (the "Interim DIP Financing Order").

F.     The statutory bases for the relief requested in the Motion are sections 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6003, 6004, 6006, 9007 and 9014 and Local Rules 2002-1, 6004-1 and 9006-1.

G.     As evidenced by the affidavits and/or certificates of service filed with the Court [D.I. [•]] and the Order of this Court granting the *Motion to Shorten Notice* [D.I. [•]], proper, timely, adequate, and sufficient notice of, and reasonable opportunity to object and/or be heard regarding the Motion and the Transaction contemplated by the Purchase Agreement has been provided in accordance with sections 102(1), 363(b) and 365 of the Bankruptcy Code, the applicable Bankruptcy Rules, the applicable Local Rules and the procedural due process requirements of the United States Constitution.  No other notice of the Motion, the Transaction contemplated by the Purchase Agreement, or entry of this Order is necessary or shall be required.

H.     This Order and consummation of the Transaction are supported by good, sufficient and sound business purposes and will serve the best interests of the Debtors, their estates and creditors by maximizing the value obtained from the Designation Rights.

I.     The consideration to be paid by the Buyer to the Debtors for the Designation Rights pursuant to the Purchase Agreement: (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the Designation Rights; and (iii) constitutes full, fair and adequate consideration and reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act,

the Uniform Fraudulent Transfer Act and any similar laws of any state or jurisdiction whose law is applicable to the sale of the Designation Rights. No other entity or group of entities has offered to purchase the Designation Rights with a higher or otherwise better offer than the Buyer.

J.      The Debtors have demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for the consummation of the Transaction outside the ordinary course of business. Such business reasons, include, without limitation, the following: (i) the Purchase Agreement and the Transaction constitute the highest or otherwise best offer for the Designation Rights; (ii) the Purchase Agreement and the Transaction present the best opportunity to realize the value of the Designation Rights and the Designation Leases and avoid the decline and devaluation of the Designation Rights and the Designation Leases; and (iii) any other transaction, including, without limitation, pursuant to a chapter 11 plan of reorganization or liquidation, would not have yielded as favorable an economic result.

K.      As used in this Order, the term "Interest" includes, in each case to the extent against or with respect to any of the Debtors or in, on, or against or with respect to the Designation Rights: liens, claims (as defined in section 101(5) of the Bankruptcy Code), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, rights, or interests of any kind or nature whatsoever, whether known or unknown, inchoate or not, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise, including,

but not limited to, (i) mortgages, deeds of trust, pledges, charges, security interests, hypothecations, encumbrances, easements, servitudes, leases, subleases, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of offset or recoupment, rights of use or possession, subleases, leases, condition sale arrangements, or any similar rights, (ii) all claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff, recoupment, indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtors or any other person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity or otherwise; (iii) all debts, liabilities, obligations, contractual rights and claims, and labor, employment, and pension claims; (iv) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtors' or the Buyer's interest in the Designation Rights, or any similar rights; (v) any rights under labor or employment agreements; (vi) any rights under pension, multiemployer plan (as such term is defined in section 3(37) or section 4001(a)(3) of the Employment Retirement Income Security Act of 1974 (as amended, "ERISA"), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plans of the Debtors or any multiemployer plan to which the Debtors have at any time contributed to or had any liability or potential liability; (vii) any other employee claims related to worker's compensation, occupation disease, or unemployment or temporary disability, including, without

limitation, claims that might otherwise arise under or pursuant to (a) ERISA, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Age Discrimination and Employment Act of 1967 and Age Discrimination in Employment Act, each as amended, (g) the Americans with Disabilities Act of 1990, (h) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code of any similar state law, (i) state discrimination laws, (j) state unemployment compensation laws or any other similar state laws, (k) any other state or federal benefits or claims relating to any employment with the Debtors or any of their predecessors, or (l) the WARN Act (29 U.S.C. §§ 2101, et seq.) or any state or other laws of similar effect; (viii) any bulk sales or similar law; (ix) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under or out of, in connection with, or in any way relating to the operation of the assets or businesses of the Debtors prior to the Closing Date[4]; (x) any unexpired and executory contract or unexpired lease to which a Debtor is a party; and (xi) Interests arising under or in connection with any acts, or failures to act, of any of the Debtors or any of the Debtors' predecessors, affiliates, or subsidiaries, including, but not limited to, Interests arising under any doctrines of successor, transferee, or vicarious liability, violation of the Securities Act, the Exchange Act, or other applicable securities laws or regulations, breach of fiduciary duty, or aiding or abetting breach of fiduciary duty, or any similar theories under applicable law or otherwise.

L.    The Debtors may sell the Designation Rights free and clear of all Interests (unless otherwise expressly assumed under, or expressly permitted by, the Purchase Agreement), because,

---

[4]    "Closing Date" means the date on which the Transaction closes.

in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.  Any holders of Interests that objected to the Transaction or the Motion and that have any Interests in the Designation Rights could be compelled in a legal or equitable proceeding to accept money in satisfaction of such Interest pursuant to section 363(f)(5) or fall within one or more of the other subsections of section 363(f) and, therefore, are adequately protected by having their Interests in the Designation Rights attach solely to the proceeds of the Transaction ultimately attributable to the sale of the property on which such holders have an Interests, in the same order of priority, and with the same validity, force and effect that such Interests had prior to the consummation of the Transaction, subject to any rights, claims or defenses of the Debtors and their estates.  Any Interest holders that did not object, or that withdrew their objections, to the Motion or the Transaction, are deemed to have consented to the sale of the Designation Rights free and clear of their respective Interests in the Designation Rights pursuant to section 363(f)(2) of the Bankruptcy Code.

M.    The Buyer would not have entered into the Purchase Agreement and would not consummate the Transaction or the other transactions contemplated thereby if the sale of the Designation Rights were not free and clear of all Interests (other than those Interests expressly assumed under, or expressly permitted by, the Purchase Agreement), or if the Buyer would, or in the future could, be liable for any such Interests.  A sale of the Designation Rights other than one free and clear of all Interests would adversely impact the Debtors, their estates and their creditors, and would yield substantially less value for the Designation Rights and the Debtors' estates, with less certainty than provided by the Transaction.  The total consideration to be provided under the Purchase Agreement reflects the Buyer's reliance on this Order to provide it, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to, and possession of, the Designation Rights

free and clear of all Interests, including, without limitation, any potential derivative, vicarious, transferee or successor liability Interests.

N.      The disclosures made by the Debtors concerning the Motion, the Sale Hearing, the Purchase Agreement, the Transaction and the relief granted herein were good, complete and adequate.  A reasonable opportunity to object and be heard regarding the relief granted herein has been afforded to all interested persons and entities consistent with the requirement of the Bankruptcy Code, Bankruptcy Rules and Local Rules.

O.      Neither the Buyer nor any of its affiliates, officers, directors, partners or any of their respective successors or assigns is an "insider" or "affiliate" of any of the Debtors, as those terms are defined in sections 101(31) and 101(2) of the Bankruptcy Code.

P.      The Purchase Agreement was negotiated, proposed and entered into by the Debtors and the Buyer without collusion, in good faith and from an arm's-length bargaining position, and is substantively and procedurally fair to all parties.  The Buyer is a good-faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections and immunities afforded thereby and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the Transaction nor the sale of the Designation Rights to the Buyer free and clear of Interests, unless such authorization is duly stayed pending such appeal.  The Buyer has acted in good faith in all respects in connection with this proceeding, in that: (i) the Buyer recognized that the Debtors were free to deal with other parties interested in acquiring the Designation Rights; (ii) all payments to be made by the Buyer and other agreements entered into by the Buyer in connection with the sale of the Designation Rights have been disclosed; (iii) the negotiation and execution of the Purchase Agreement and related agreements was in good faith and was an arm's-length transaction; and (iv)

the disclosure requirements required by Local Rule 6004-1 have been satisfied.  Neither the Debtors nor the Buyer have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of, or implicate, section 363(n) of the Bankruptcy Code to the Purchase Agreement, or to otherwise prevent the consummation of the Transaction contemplated by the Purchase Agreement.  The Buyer has acted in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Transaction contemplated by the Purchase Agreement at any time after entry of this Order.

Q.    Except as expressly set forth in the Purchase Agreement, the Buyer shall not have any liability or obligation for any lien, claim, encumbrance or interest, or other obligation of or against the Debtors, related to the Designation Rights by reason of the transfer of the Designation Rights to the Buyer.

R.    Neither the Buyer nor any of its affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with the purchase of the Designation Rights, shall be deemed to: (i) be a successor (or other similarly situated party) to the Debtors; or (ii) have, *de facto* or otherwise, merged with or into the Debtors.  The Buyer is not acquiring or assuming any liability, warranty or other obligation of the Debtors, except as expressly set forth in the Purchase Agreement and/or the Assignment and Assumption Order.

S.    Except as otherwise provided in the Purchase Agreement, the transfer of the Designation Rights to the Buyer will not subject the Buyer to any liability for claims against the Debtors by reason of such transfer under the laws of the United States, any state, territory or possession thereof, including, without limitation, claims relating to the operation of the Debtors' business before the Closing Date, including: (i) workmen's compensation, occupational disease, or unemployment or temporary disability insurance claims; (ii) environmental liabilities, debts,

10

claims or obligations which may be asserted on any basis; (iii) any successor liability to any state taxing authority with regard to any tax; and (iv) any bulk sales or similar law.

T.      Neither the Transaction nor the Purchase Agreement impermissibly restructure the rights of the Debtors' creditors or impermissibly dictate the terms of a chapter 11 plan of the Debtors.  Neither the Transaction nor the Purchase Agreement constitute a *sub rosa* plan and are not in violation of creditors' voting rights.

U.      Subject to entry of this Order, the Debtors, acting by and through their existing agents, representatives and officers, have full corporate power and authority to execute, deliver and perform under the Purchase Agreement, and no further consents or approvals are required for the Debtors to consummate the Transaction, except as otherwise provided in the Purchase Agreement.

V.      The potential assumption and assignment of the Designation Leases pursuant to the terms of this Order, including, by incorporation, the form of Assignment and Assumption Notice (as defined herein) and the form of Assignment and Assumption Order, are integral to the Purchase Agreement and are in the best interests of the Debtors and their estates, their creditors and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors.  For the avoidance of doubt, notwithstanding anything to the contrary set forth in this Order or the Purchase Agreement, the sale, conveyance, assignment and transfer of the Designation Rights to the Buyer does not, in and of itself, effectuate a sale, conveyance, assignment or transfer of any Designation Lease to the Buyer or an assumption by the Buyer or any other Assignee of any Designation Lease.

W.    To maximize the value of the Designation Rights and the Designation Leases, it is essential that the closing of the Transaction occurs within the time constraints set forth in the Purchase Agreement.  Time is of the essence in consummating the Transaction.

X.    The Debtors have articulated good and sufficient reasons for the Court to grant the relief requested in the Motion.

Y.    The consummation of the Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b) and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such section shall have been complied with in respect of the Transaction.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**I.    Approval of the Transaction and Entry into the Purchase Agreement**

1.    The Motion and the relief requested therein are granted and approved as set forth herein.

2.    The Purchase Agreement and the Transaction contemplated therein, and all of the terms and conditions thereof are hereby approved. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

3.    Any and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections are hereby overruled on the merits with prejudice.

**II.    Consummation of Sale Transaction**

4.    Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors, as well as their officers, employees and agents, are authorized to execute, deliver and perform their

obligations under and comply with the terms of the Purchase Agreement and to close and consummate the Transaction, pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Order.

5.     The Debtors, their affiliates and their respective officers, employees and agents, are authorized to execute and deliver, and authorized to perform under, consummate and implement all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may be necessary or appropriate to the performance of the obligations contemplated by the Purchase Agreement or to implement the Transaction, all without further order of the Court.  For the avoidance of doubt, notwithstanding anything to the contrary set forth in this Order or the Purchase Agreement, the sale, conveyance, assignment and transfer of the Designation Rights to the Buyer shall not, in and of itself, effectuate a sale, conveyance, assignment or transfer of any Designation Lease to the Buyer or an assumption by the Buyer or any other Assignee of any Designation Lease, which sale, conveyance, transfer and assumptions shall occur only upon the occurrence of an applicable Lease Assignment Closing Date and only to the Assignee specified in connection therewith.

6.     Any amounts paid by the Buyer into escrow in respect of the May Rent shall be used solely to pay May Rent (or to reimburse the Debtors for the payment of such May Rent) and shall not be used by the Debtors or any other person or entity for any other purpose, and any amounts paid by the Buyer directly to the Debtors in respect of Carrying Costs shall be used solely to pay such Carrying Costs (or to reimburse the Debtors for the payment of such Carrying Costs) and shall not be used by the Debtors or any other person or entity for any other purpose.  Unless otherwise agreed to by the Buyer and the Debtors, the Debtors shall be the party responsible for issuing and making, and are hereby authorized to issue and make, payments in connection with

13

the May Rent and Carrying Costs to the applicable landlord, regulatory agency, taxing authority, third party provider of maintenance services and/or other person or entity entitled to receive such payment. Upon closing of the sale of the Designation Rights, the May Rent shall be released from escrow to the Debtors for distribution to the landlords or, if applicable, to the Debtors to reimburse payments made to applicable landlords on account of May Rent, in accordance with the Purchase Agreement. For the avoidance of doubt, all Cash Consideration and any payments to the Debtors on account of reimbursements to the Debtors for payments made on account of May Rent or Carrying Costs shall be proceeds of Postpetition DIP Collateral (as defined in the Interim DIP Financing Order, or any order approving the Interim DIP Financing Order on a final basis (as applicable the "DIP Financing Order")) and shall be subject to the provisions of the DIP Financing Order and the Approved Budget (as defined therein).

7.         Each and every federal, state, local, or foreign government or governmental or regulatory authority, agency, board, bureau, commission, court, department, or other governmental entity is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the Transaction contemplated by the Purchase Agreement.

8.         This Order and the Purchase Agreement, and any actions taken pursuant hereto or thereto, shall survive entry of any order that may be entered (a) confirming or consummating any plan of reorganization or liquidation of the Debtors, (b) converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code or (c) dismissing the Chapter 11 Cases. This Order and the Purchase Agreement shall be binding in all respects upon the Debtors, their estates, all creditors, all holders of equity interests in any Debtor, all holders of any Interests or claims (whether known or unknown) against any Debtor, all counterparties to any executory contract or unexpired lease of the Debtors, the Buyer and all successors and assigns of the Buyer, and any

14

trustees, examiners or other fiduciaries under any section of the Bankruptcy Code, if any, subsequently appointed in the Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Chapter 11 Cases.

9.      The terms and provisions of the Purchase Agreement and this Order shall inure to the benefit of the Debtors, their estates and their creditors, the Buyer and its Affiliates, designees, successors and assigns, notwithstanding any subsequent appointment of any trustee(s), party, entity or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity or other fiduciary such terms and provisions likewise shall be binding.

**III.    Designation Rights Procedures**

10.     The procedures for the Buyer to exercise the Designation Rights set forth in the Purchase Agreement and this Order are approved.

11.     The Debtors are authorized, at the direction of the Buyers pursuant to the Purchase Agreement, to seek to assume and assign, pursuant to sections 363 and 365 of the Bankruptcy Code and the *Interim Order (I) Authorizing and Approving Procedures for Rejection and Assumption and Assignment of Executory Contracts and Unexpired Leases, (II) Authorizing Abandonment of Certain Personal Property, and (III) Granting Related Relief* [D.I. 152], or any order granting such relief on a final basis (as applicable, the "Rejection and Assumption Procedures Order"), the Designation Leases to a designated Assignee.  Each of the Designation Leases constitutes an unexpired lease within the meaning of section 365 of the Bankruptcy Code. During the Designation Rights Period, Designation Leases designated by the Buyer for assumption and assignment will be deemed assumed and assigned by the Debtors effective in accordance with the timing and the procedures set forth in the Purchase Agreement, the Rejection and Assumption Procedures Order, the Assignment and Assumption Notice and below.  The assumption of any liabilities under the Leases shall constitute a legal, valid and effective delegation of all liabilities

15

thereunder to the applicable Assignee and, following payment of any Amounts related thereto and except as expressly set forth in the Purchase Agreement, this Order or the Rejection and Assumption Procedures Order shall divest the Debtors of all liability with respect to such Designated Leases for any breach of such Lease occurring after the applicable Lease Assignment Closing Date.  Upon instruction from the Buyer, the Debtors shall file and serve on the applicable landlord a *Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases*, in substantially the form attached as Exhibit B to the Rejection and Assumption Procedures Order and with such modifications as are necessary to conform to the terms of the Purchase Agreement and this Order (an "Assignment and Assumption Notice"), together with a proposed Assignment and Assumption Order, substantially in the form attached as **Exhibit 1** to the Purchase Agreement.

12.     Any party seeking to object to the assumption and assignment of any Designation Lease (an "Assignment and Assumption Objection") must do so in accordance with the procedures outlined in the Rejection and Assumption Procedures Order and the Assignment and Assumption Notice.

13.     If no Assignment and Assumption Objection is filed by the Assumption Objection Deadline, the Debtors may submit to the Court the Assignment and Assumption Order attached to the Assignment and Assumption Notice, under certification of counsel and without further notice or hearing.

14.     If an Assignment and Assumption Objection is timely filed and not withdrawn, the Debtors, the Buyer and the objecting landlord shall have authority to compromise, settle or otherwise resolve any objections without further order of the Court.  If the Debtors, the Buyer and the objecting landlord determine that the objection cannot be resolved without judicial

intervention, then the determination of the assumption and assignment of the Designation Lease will be determined by the Court on a date to be scheduled (which hearing date shall be no sooner than ten (10) Business Days following the date of filing of the Assignment and Assumption Notice), unless the Debtors, the Buyer and the applicable landlord agree otherwise.

15.    All entities are hereby forever prohibited and permanently barred, estopped and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to sell and transfer the Designation Rights to the Buyer in accordance with the terms of the Purchase Agreement and this Order.

16.    Effective as of the Closing Date, the sale and assignment of the Designation Rights by the Debtors to the Buyer shall constitute a legal, valid and effective transfer of the Designation Rights, notwithstanding any requirement for approval or consent by any person, and will vest the Buyer with all right, title and interest of the Debtors in and to the Designation Rights, free and clear of all Interests (other than any Interests expressly assumed under, or expressly permitted by, the Purchase Agreement), pursuant to section 363(f) of the Bankruptcy Code.

17.    Upon entry of an Assumption and Assignment Order as to any Designation Lease and subject to the terms of such order, such Designation Lease shall be transferred to the Buyer free and clear of all liens, claims, encumbrances and Interests of any kind, pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code.

18.    The provisions of this Order authorizing the sale and transfer of the Designation Rights free and clear of Interests shall be self-executing, and neither the Debtors nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate or implement the provisions of this Order. For the avoidance of doubt, on or after the Closing Date, the Debtors and/or the Buyer shall be authorized,

but not directed, to file any such releases, termination statements, assignments, consents or other instruments in any jurisdiction to record the release, discharge and termination of Interests on the Designation Rights pursuant to the terms of this Order.

19.    This Order shall be (i) effective as a determination that, as of the Closing Date, all Interests on the Designation Rights (except as otherwise expressly assumed under, or expressly permitted by, the Purchase Agreement) shall be unconditionally released, discharged and terminated as to the Buyer and the Designation Rights; and (ii) binding upon all persons and entities, including all the Debtors' creditors and any holder of an Interest on the Designation Rights to any of the Designation Leases, and all such persons and entities are hereby authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release their respective Interests on the Designation Rights, if any.  If any person or entity that has filed a financing statement, mortgage, mechanics lien, *lis pendens* or other document, instrument, notice or agreement evidencing any Interests on the Designation Rights has not delivered to the Debtors on or before the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, releases or instruments of satisfaction that the person or entity has with respect to the Designation Rights, the Debtors and/or the Buyer are authorized to (x) execute and file such termination statements, releases, instruments of satisfaction or other documents with respect to the Designation Rights on behalf of the applicable person or entity; and (y) file, register or otherwise record a certified copy of this Order which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests on the Designation Rights.  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, local, tribal or foreign government agency, department or office.

20.     Persons are prohibited from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Designation Rights to the Buyer in accordance with the Purchase Agreement and this Order; *provided* that the foregoing restriction shall not prevent any party from appealing this Order in accordance with applicable law or opposing any appeal of this Order.

## IV.    No Successor or Other Derivative Liability

21.     By virtue of the Transaction, the Buyer and its affiliates, successors and assigns shall not be deemed or considered to, (a) be a legal successor, or otherwise be deemed a successor to any of the Debtors, (b) have, de facto or otherwise, merged with or into any or all Debtors, or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and the Buyer has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates. Except as expressly set forth in the Purchase Agreement, the Buyer and its affiliates, successors and assigns shall have no successor, transferee or vicarious liability of any kind or character, including, under any theory of foreign, federal, state or local antitrust, environmental, successor, tax, ERISA, assignee or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, regulation or doctrine, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to the Debtors or any obligations of the Debtors arising prior to the Closing Date, including liabilities on account of any taxes or other governmental authority fees, contributions or surcharges, in each case arising, accruing or payable under, out of, in connection with, or in any way relating to, the operation of any assumed and assigned

19

Designation Lease prior to the Closing Date or arising based on actions of the Debtors taken after the Closing Date.

22.     Subject to any other orders of this Court and the requirements of the Purchase Agreement, if, prior to each Lease Assignment Closing, the Debtors do not remove Trade Fixtures in any applicable Designated Store located in a state other than California, such Trade Fixtures shall be deemed abandoned to the Buyer or the applicable Assignee effective upon the Lease Assignment Closing pursuant to section 544 of the Bankruptcy Code.  For the avoidance of doubt, and except as may be further negotiated by the Debtors and the Buyer, the Debtors shall remove all inventory prior to each Lease Assignment Closing.

## V.     Other Provisions

23.     The Purchase Agreement may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on either the Debtors, the Buyer, or the economic interests of the DIP Lenders.

24.     The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified to the extent necessary, without further order of the Court, (i) to allow the Buyer to give the Debtors any notice provided for in the Purchase Agreement, (ii) to allow the Buyer to take any and all actions permitted by the Purchase Agreement in accordance with the terms and conditions thereof, including, without limitation, effectuating the Transaction and (iii) to otherwise implement the terms and provisions of the Purchase Agreement and this Order.

25.     The Transaction is undertaken by the Buyer without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein of the Transaction shall neither affect

20

the validity of the Transaction nor the transfer of the Designation Rights, free and clear of claims, unless such authorization is duly stayed before the closing of the sale of Designation Rights pending such appeal.  The Buyer is a good faith purchaser of the Designation Rights and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code. The Debtors and the Buyer will be acting in good faith if they proceed to consummate the Sale Transaction at any time after entry of this Order.

26.     Neither the Debtors nor the Buyer has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code. Accordingly, the Purchase Agreement and the Transaction shall not be avoidable under section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) of the Bankruptcy Code in respect of the Purchase Agreement or the Transaction.

27.     Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d) or 7062 or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply. Time is of the essence in closing the Transaction and the Debtors and the Buyer intend to close the Transaction as soon as practicable. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law and prior to the Closing Date, or risk its appeal will be foreclosed as moot.

28.     No bulk sales laws, bulk sales tax law or any similar law of any state or other jurisdiction applies in any way to the Transaction.

29.     In the event that there is a direct conflict between the terms of this Order, the Purchase Agreement, and any documents executed in connection therewith, the provisions contained in this Order, the Purchase Agreement, and any documents executed in connection therewith shall govern, in that order. Nothing contained in any chapter 11 plan hereinafter confirmed in these Chapter 11 Cases, any order confirming such plan, or in any other order of any type or kind entered in these Chapter 11 Cases (including any order entered after any conversion of any or all of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code) or in any related proceeding shall alter, conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Order.

30.     The failure to specifically include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the efficacy of such provision, document, agreement or instrument, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

31.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in the Chapter 11 Cases, the terms of this Order shall govern.

32.     The provisions of this Order are non-severable and mutually dependent.

33.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

34.     This Court shall retain jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith), to adjudicate disputes related to this Order or the Purchase Agreement (and

such other related agreements, documents or other instruments) and to enforce the injunctions set forth herein.

35.    All time periods set forth in this Order and the Purchase Agreement shall be calculated in accordance with Bankruptcy Rule 9006(a).

## Exhibit A

**Designated Leases**

**[To be Filed]**

## Exhibit B

**Purchase Agreement**

**[To be Filed]**