IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NUMBER HOLDINGS, INC. *et al.*,[1] | ) | Case No. 24-10719 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: D.I. 10, 135 & 409** |
|  | ) |  |

**FINAL ORDER (I) AUTHORIZING THE PAYMENT
OF PACA/PASA CLAIMS, CRITICAL VENDORS, LIEN CLAIMS
AND FOREIGN CLAIMANTS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of a final order: (i) authorizing, but not directing, them to pay in the ordinary course of business certain prepetition PACA/PASA Claims, Critical Vendors, Lien Claims and Foreign Claimants; (ii) authorizing banks and financial institutions to receive, process, honor, and pay all checks issued or to be issued and electronic funds transfers requested or to be requested relating to the foregoing; and (iii) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements and argument in support of the relief requested at a hearing, if any, before this Court (the "Hearing"); and the Court having entered the Interim Order; and this Court having determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for granting the requested relief on a final basis; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted on a final basis as set forth herein (this "Final Order").

2. The Debtors are authorized, but not directed, to pay, the prepetition Trade Claims (or portions thereof) during the course of these Chapter 11 Cases in the amounts detailed by category in the Motion and in the aggregate amount not to exceed $22,380,000, unless otherwise ordered by this Court, *provided further that* the Debtors shall provide the DIP Agent and counsel to the Official Committee of Unsecured Creditors (the "Committee") (which can be by email through counsel) with no less than 24 hours' notice of, and opportunity to object to, any payment with respect to Lien Claims in excess of $150,000.

3. In return for the payment of prepetition Trade Claims, the Debtors propose that the applicable parties be required (unless waived by the Debtors in their discretion) to continue providing Goods and/or Services on the following terms and conditions:

- The Debtors, in their sole discretion, subject to the limitations set forth below, shall determine which Trade Claims will be paid pursuant to this Final Order.

- The Debtors, in their sole discretion, may require, as a condition to receiving payment on account of Trade Claims, that Trade Claimants agree to continue to provide Goods and/or Services to the Debtors on terms that are as good as or better

than the terms and conditions that existed during the twelve month period prior to the Petition Date (collectively, the "Customary Trade Terms") during the pendency of these Chapter 11 Cases.  If, after receiving a payment under this Final Order, a Trade Claimant ceases to provide Customary Trade Terms, then the Debtors may, in their sole discretion, seek an order from the Court to (i) determine that any payment on a prepetition claim received by such Trade Claimant be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may recover in cash or goods, or (ii) deem such payment to apply instead to any postpetition amount that may be owing to such Trade Claimant.

- The Trade Claimant agrees not to file or otherwise assert against the Debtors, their estates, or their respective assets or property any lien (a "Lien") related in any way to any prepetition amounts paid pursuant to this Final Order allegedly owed to the Trade Claimant by the Debtors arising from Goods or Services provided to the Debtors prior to the Petition Date, and that, to the extent that a Trade Claimant has previously obtained such a Lien for amounts paid pursuant to this Final Order, the trade Claimant shall immediately take all necessary actions to release such Lien.

- Before making a payment to a creditor under this Final Order, the Debtors may, in their discretion, settle all or some of the prepetition claims of such creditor for less than their face amount.

4. This Final Order shall not be construed to limit, or in any way affect, the Debtors' ability to contest any invoice or other charge or claim of any Trade Claimant unless otherwise agreed pursuant to a settlement in accordance with the terms of this Final Order.

5. As a further incentive to inducing Trade Vendors to agree to critical vendor status, the Debtors may, at their sole discretion, provide for a waiver of preference and avoidance actions in any agreement entered into pursuant to this Final Order, whether by written agreement or e-mail agreement, as applicable, without further Order of the Court, provided that such waiver shall not be effective unless: the Committee, the DIP Agent, and the DIP Lender agree to such waiver in writing.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to:  (a) receive, process, honor, and pay all such checks and electronic payment requests when

presented for payment; and (b) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order, without any duty of further inquiry and without liability for following the Debtors' instructions.

7. The Debtors are authorized, but not directed, to issue postpetition checks, and to issue postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the filing of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

8. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an admission that any particular claim is of a type described in the Motion; (v) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vii) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

9. Notwithstanding anything herein to the contrary, the Debtors shall pay valid and allowed PACA/PASA Claims in full promptly following the reconciliation of invoices submitted in connection therewith.

10. Notwithstanding anything to the contrary contained in this Final Order, the Interim Order, the Motion, or its attachments, the priority status of a creditor's claim, including that of

claims arising under § 503(b)(9) of the Bankruptcy Code, shall not be affected by whether such creditor provides Services or Goods to the Debtors under Customary Trade Terms, or otherwise.

11. Notwithstanding anything to the contrary contained in this Final Order, the Interim Order, the Motion, or its attachments, nothing herein shall limit, subordinate, or constitute a waiver of (i) any rights and priorities of the PACA Claimants as provided by the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq., and its interpreting regulations; or (ii) (to the extent applicable) under the California food and Agricultural Code.

12. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Final Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the payment date; and (e) the payment amount (collectively, the "Reporting Detail").  The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, counsel to the DIP Agent, counsel to the DIP Lender, and counsel to the Committee (collectively, the "Non-Debtor Professionals") within ten (10) days following the conclusion of each calendar month.

13. Upon request, the Debtors shall provide a copy of any and all agreements with a Trade Claimant, including, for the avoidance of doubt, any email memorializing any such agreement, entered into in connection with this Final Order to the advisors to the Committee on a professional eyes' only basis.

14. For the avoidance of doubt, this Final Order does not authorize payments to insiders (as such term is defined in section 101(31) of the Bankruptcy Code) of the Debtors.

15. Notwithstanding anything to contrary herein, prior to making any payment pursuant to this Final Order to a Trade Claimant, the Debtors shall provide such Trade Claimant with a copy of this Final Order (unless previously provided to such Trade Claimant).

16. Notice of the Motion as described therein is deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon its entry.

18. The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Final Order.

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: May 7th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE