IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NUMBER HOLDINGS, INC. *et al.*,[1] | ) ) ) | Case No. 24-10719 (JKS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Re: D.I. 164 & 363** |

# ORDER AUTHORIZING THE RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC TO (I) PROVIDE THE DEBTORS WITH A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATE CHRISTOPHER J. WELLS AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "Application") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 363(b) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, (a) authorizing the Debtors to (i) retain A&M to provide the Debtors with a chief restructuring officer (the "CRO") and certain additional support personnel, and (ii) designate Christopher J. Wells as the Debtors' CRO, *nunc pro tunc* to the Petition Date, each pursuant to the terms of the Engagement Letter, and (b) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030).  The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Wells Declaration; and this Court having found and determined that the relief sought in the Application is an appropriate exercise of the Debtors' business judgment, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Application is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Debtors and the estates and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED as set forth herein.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

3. The Debtors are authorized to engage A&M to provide the Debtors with a CRO and certain Additional Personnel and to designate Christopher J. Wells as the Debtors' CRO, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Application, the Engagement Letter or any exhibit(s) related thereto to the contrary:

   a. A&M and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims

      administrator, or investor/acquirer) in connection with the above-captioned cases.

b. In the event the Debtors seek to have A&M personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

c. No principal, employee or independent contractor of A&M and its affiliates shall serve as a director of the above-captioned Debtors during the pendency of these cases.

d. A&M shall file with the Court and provide reports of compensation earned and expenses incurred on a monthly basis (the "<u>Staffing Reports</u>")to: (a) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); (b) counsel to the Debtors' proposed debtor-in-possession financing lender, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: David M. Hillman (dhillman@proskauer.com); (c) counsel to the Ad Hoc Group of 2026 Noteholders, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Jeffrey D. Saferstein (jeffrey.saferstein@weil.com), Andriana Georgallas (andriana.georgallas@weil.com) and Chase Bentley (chase.bentley@weil.com); and (d) counsel for the Committee, Pachulski

Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, PO Box 8705, Wilmington, DE 19801-80705 (Courier 19801), Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Robert J. Feinstein (rfeinstein@pszjlaw.com), Steven W. Golden (sgolden@pszjlaw.com) and Colin R. Robinson (crobinson@pszjlaw.com) (the "Notice Parties"). Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate and the CRO, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

e. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

f. The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and

  directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

g. Subject to the foregoing, during the Chapter 11 Case, there shall otherwise be no indemnification of A&M or its affiliates.

h. For services rendered during these chapter 11 cases, the following language found at paragraph D of the indemnification and limitation on liability agreement attached to the Engagement Letter is of no further force and effect: "; and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities, and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnification Parties pursuant to the Agreement."

i. For a period of three (3) years after the conclusion of the engagement, neither A&M nor any of its affiliates shall make any investments in the Debtors or the reorganized Debtors.

j. A&M shall disclose any and all facts that may have a bearing on whether A&M, its affiliates, and/or any individuals working on the engagement have any interest adverse to the interest of the Debtors', estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

4. To the extent that A&M uses the services of independent contractor entities or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, (i) A&M shall pass through the cost of such Contractors to the Debtors at the same rate that A&M pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for A&M; and (iv) file with this Court disclosures pertaining to such Contractors of the kind required by Bankruptcy Rule 2014.

5. To the extent there is any inconsistency between this Order, the Engagement Letter, the Application, and the Wells Declaration, the terms of this Order shall govern.

6. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Application.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 8th, 2024  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE