# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| NUMBER HOLDINGS, INC. *et al.*,[1] | ) Case No. 24-10719 (JKS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: D.I. 14 & 405** |

## FINAL ORDER (I) AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) AUTHORIZING ABANDONMENT OF CERTAIN PERSONAL PROPERTY, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of a final order: (i) authorizing and approving certain procedures for rejecting, assuming, and assuming and assigning executory contracts and unexpired leases (each, a "Contract" and, collectively, the "Contracts"), (ii) authorizing the Debtors to abandon their personal property located on or installed in the leased premises that are subject to a rejected Contract, and (iii) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements and argument in support of the relief requested at a hearing, if any, before this Court (the "Hearing"); and this Court having entered the Interim Order; and this Court having determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for granting the requested relief on a final basis; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted on a final basis as set forth herein (this "Final Order").

2. The following Rejection Procedures are approved in connection with rejecting Contracts:

    a. *Rejection Notice*. The Debtors shall file one or more notices, substantially in the form attached to the Interim Order as **Exhibit A** (the "Rejection Notice"), indicating the Debtors' intent to reject a Contract(s) pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (i) the Contract(s) to be rejected; (ii) the Debtor(s) party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each, a "Rejection Counterparty"); (iv) the proposed effective date of rejection for each such Contract(s) (each, a "Rejection Date"), which for non-residential real property shall be the later of (A) the proposed effective date of the rejection for such lease as set forth in the Rejection Notice; (B) the date upon which the Debtors surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable; and (C) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or as the Court may order; (v) if any such Contract is a lease, the Debtors' property to be abandoned, if any, and a description thereof; (vi) any known third parties having an interest in any property located at the premises subject to a rejected Contract, including personal property, furniture, fixtures, and equipment ("FF&E"); (vii) a form of order (the "Rejection Order") authorizing the rejection of such Contract(s) effective as of the Rejection Date (or such other date to which the Debtors and the applicable Rejection Counterparty agree or as ordered by the Court); and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple

      Contracts; *provided that* the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100.

b. *Service of the Rejection Notice*. The Debtors will cause each Rejection Notice to be served: (i) via electronic mail, if known, and by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known); counsel to the *Ad Hoc* Group of 2026 Noteholders, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Jeffrey D. Saferstein (jeffrey.saferstein@weil.com), Andriana Georgallas (Andriana.georgallas@weil.com) and Chase Bentley (chase.bentley@weil.com); counsel to Wilmington Trust, Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE 19801, Attn: Jason D. Angelo (jangelo@reedsmith.com); and all known third parties who may have any interest in any Abandoned Property; and (ii) by first class mail, email, or fax, upon the Notice Parties and all parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.

c. *Objection Procedures*. Any party objecting to a proposed rejection or to the Debtors' proposed abandonment of the Abandoned Property must file with the Court and serve a written objection[3] so as to be actually received by the following parties no later than seven (7) business days after the date the Debtors file and serve the relevant Rejection Notice (the "<u>Rejection Objection Deadline</u>"): (i) the Debtors, 1730 Flight Way, Suite 100, Tustin, CA 92782; (ii) proposed counsel to the Debtors, (a) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne (ddunne@milbank.com); Michael W. Price (mprice@milbank.com); Lauren C. Doyle (ldoyle@milbank.com); Brian Kinney (bkinney@milbank.com); and James McIntyre (jmcintyre@milbank.com), and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney, Sr. (rdehney@morrisnichols.com); Matthew O. Talmo (mtalmo@morrisnichols.com); and Jonathan M. Weyand (jweyand@morrisnichols.com); (iii) counsel to the DIP Agent, DIP Lender, and FILO Agent, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: David M. Hillman (dhillman@proskauer.com); (iv) counsel to the ABL Facility Agent, Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, Attn: Dennis M. Twomey (dtwomey@sidley.com) and Jackson T. Garvey (jgarvey@sidley.com), and 350 South Grand Avenue, Los Angeles, CA 90071, Attn: Anna Gumport (agumport@sidley.com); (v) counsel to the Ad Hoc Group of 2026 Noteholders, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Jeffrey D. Saferstein (jeffrey.saferstein@weil.com), Andriana Georgallas (Andriana.georgallas@weil.com) and Chase Bentley (chase.bentley@weil.com); (vi) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Rosa Sierra-Fox (rosa.sierra-

---

[3] An objection to the rejection of any particular Contract shall not constitute an objection to the rejection of any other Contract listed on the same Rejection Notice.

fox@usdoj.gov); (vii) any statutory committee appointed in these Chapter 11 Cases; and (viii) the applicable Counterparty (defined below) (collectively, the "Objection Service Parties").

d. ***No Objection Timely Filed***.  If no objection to the rejection of a Contract listed in a Rejection Notice is timely filed, including to the proposed abandonment of any Abandoned Property located at the leased premises, such Contract shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided, however*, that the Rejection Date for a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice; and (ii) the date the Debtors relinquish control of the applicable premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and either (1) turning over keys, key codes, and security codes, if any, to the landlord or (2) notifying the landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided, further* that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.  If no objection is filed and served by the Rejection Objection Deadline, the Debtors shall submit a proposed Rejection Order and file such proposed order with the Court under a certificate of counsel.

e. ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, the Debtors may file the proposed Rejection Order under a certificate of no objection.

f. ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or similar arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit to reduce its rejection damages, if any, without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

g. ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the general bar date for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) 30 days after the entry of the applicable Rejection Order.  If no proof of claim is timely filed, the applicable Rejection Counterparty shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in these Chapter 11 Cases.

3. The following Assumption and Assignment Procedures are approved in connection with assuming and assuming and assigning Contracts:

   a. *Assumption Notice*. The Debtors shall file a notice, substantially in the form attached to the Interim Order as **Exhibit B** (the "Assumption Notice"), indicating their intent to assume or assume and assign a Contract(s) pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract(s) to be assumed or assumed and assigned; (ii) the Debtor(s) party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each, an "Assumption Counterparty" and the applicable Assumption Counterparty and Rejection Counterparty, together, the "Counterparties"); (iv) the identity of the proposed assignee of each such Contract (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Contract (the "Assumption Date"); (vi) the proposed cure amount, if any, for each such Contract; (vii) a proposed form of order (the "Assumption Order") authorizing the assumption or assumption and assignment as of the Assumption Date (or such other date to which the Debtors and the applicable Counterparty agree or as ordered by the Court); and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided that* the number of counterparties to the Contracts listed on each Assumption Notice shall be limited to no more than 100.

   b. *Service of the Assumption Notice*. The Debtors will cause the Assumption Notice to be served (i) via electronic mail, if known, and by overnight delivery upon the Assumption Counterparties (and their counsel, if known) affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract and on each Assignee, if applicable; and (ii) by first class mail, email, or fax upon the Notice Parties and all parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.

   c. *Evidence of Adequate Assurance*. To the extent the Contract that the Debtors seek to assume or assume and assign is a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice via electronic mail, if known, and by overnight delivery upon the applicable Assumption Counterparties at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail). To the extent such Contract is not a lease of non-residential real property, the Debtors shall serve (by electronic mail, if requested) a Counterparty to such Contract with evidence of adequate assurance of future performance as soon as reasonably practicable upon such Counterparty's written request to the Debtors' proposed counsel.

   d. *Objection Procedures*. A party objecting to the proposed assumption or assumption and assignment of a Contract (including as to the proposed cure

amount or evidence of adequate assurance of future performance) must file with the Court and serve a written objection[4] so as to actually be received by the Objection Service Parties no later than ten (10) days after the date the Debtors file and serve the relevant Assumption Notice (the "<u>Assumption Objection Deadline</u>").

e. *No Objection*. If no objection to the assumption (or assignment, if applicable) of a Contract is timely filed, such Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparty agree and the proposed cure amount shall be binding on the relevant Assumption Counterparty and no amount in excess thereof shall be payable for cure purposes; *provided that* the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice. If no objection is filed and served by the Assumption Objection Deadline, then the Debtors shall submit a proposed Assumption Order and file such proposed order with the Court under a certificate of counsel. For the avoidance of doubt, the Assumption Date shall not occur prior to the entry of such Assumption Order unless the applicable Assumption Counterparties agree, in writing, to such date.

f. *Unresolved Timely Objection*. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, the applicable Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the Assumption Counterparty have agreed, or as ordered by the Court.

4. The following Abandonment Procedures are approved with respect to abandoning the Debtors' personal property and FF&E that may be located on the leased premises that are subject to a rejected Contract:

a. At any time on or before the applicable Rejection Date, the Debtors may remove or abandon any of the personal property and FF&E that may be located on the leased premises that are subject to a rejected Contract.

---

[4] An objection to the assumption or assumption and assignment of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption or assumption and assignment of any other Contract listed on such Assumption Notice.

    b. The Debtors shall generally describe the Abandoned Property in the Rejection Notice and serve such notice on any and all third parties that may have an interest in the Abandoned Property.

    c. Absent a timely objection, any and all of the Debtors' personal property and FF&E located on the leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.

    d. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

    e. The Debtors shall not abandon (i) any of their business, financial, or other records; (ii) any personal property that is leased to the Debtors or which is otherwise not owned by the Debtors, and shall use their reasonable best efforts to return such property to the owner of the property; *provided, however*, that the Debtors may abandon personal property owned by a landlord to the landlord at the applicable premises; and (iii) personal property against which the Debtors know a third party has asserted a lien other than the Prepetition Secured Parties and DIP Lenders, without providing notice to such party.

    f. To the extent that the Debtors propose to abandon any personal property that, to their knowledge, contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual, the Debtors shall remove such confidential information from such personal property before such abandonment.

    g. The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law.

5. With regard to Contracts to be assigned, the Assumption Order shall provide that pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall (i) be free and clear of (a) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (b) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to

or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise, including, without limitation, claims, and encumbrances (1) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (2) in respect of any taxes, and (ii) constitute a legal, valid, and effective transfer of such Contracts and vest the applicable Assignee with all rights, titles, and interests to the applicable Contracts.  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

6. The Assumption Order shall provide that, subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Final Order (including the aforementioned Assumption and Assignment Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (i) assume and assign to any Assignees the applicable Contracts, and (ii) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer such Contract.

7. The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or ipso facto clauses is fully reserved, as are the rights of any Counterparty to object to such assertion.

8. The Assumption Order may further provide that the Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date, with any applicable Assignee being

responsible only for the post-closing liabilities under the applicable Contracts except as otherwise provided for herein; *provided that* all parties' rights with respect to the relief requested in the Assumption Order are preserved.

9. The Assumption Order shall provide that Debtors are authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into any consensual amendments to the applicable Contract.

10. Approval of the Procedures and entry of this Final Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

11. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (i) an admission as to the validity of any particular claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (iii) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (iv) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (v) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (vi) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission of the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12. All rights and defenses of the Debtors are reserved and preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Final Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion, the Rejection Notices, and the Assumption Notices.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

15. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon its entry.

16. The Debtors are authorized to take all actions necessary and appropriate to effectuate the relief granted in this Final Order.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order

Dated: May 8th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE