**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re | ) | Case No. 24-10719 (JKS) |
|  | ) |  |
| NUMBER HOLDINGS, INC., et al.,[1] | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) | Chapter 11 |
|  | ) |  |
|  | ) | **Re: Docket No. 482** |
|  | ) |  |

**AMENDED DECLARATION OF MICHEL BOLOUR IN SUPPORT OF OBJECTION OF BEATY, LLC TO NOTICE OF POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND <u>CURE AMOUNTS</u>**

I, Michel Bolour, declare under penalty of perjury as follows:

1.    I am the Manager of Beaty, LLC ("**Beaty**" or the "**Landlord**") and I make this declaration in support of the Objection to the Amended Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts [Doc # 482] (the "**Cure Notice**") filed by the Debtors, Number Holdings Inc., *et al* (collectively the "**Debtors**"). I have personal knowledge of the facts set forth herein, if called as a witness, I could and would competently testify under oath to these facts set forth herein.  If any facts are based upon information and belief, I so state.

2.    The records of Beaty, with regard to the Debtors were made in the ordinary course of business by persons who have a business duty to Beaty to make such records. The records are made at or near the time of the occurrence of the events which they reflect. I have personally reviewed the records of Beaty as they relate to the Debtors involved herein. As a result, I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

3.    Beaty and the Debtors (or the "**Tenant**") are parties to the lease dated on August 31, 1999, as amended by the Amendment No. 1 to K.V. Mart Lease dated December 18, 2001,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents HoldCo LLC (3987); (iii) 99 Cents Only Stores LLC (1605); (iv) 99 Cents Only Stores Texas, Inc. (1229); (v) 99 Cents PropCo LLC (7843); (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

as amended by the Contract for Assignment of Lease dated May 19, 2006, as amended by the Second Amendment to Lease dated September 18, 2006, as amended by the Memorandum of Assignment and Assumption of Lease dated September 20, 2006 (collectively, the "**Lease**") between Beaty, LLC, successor in interest to Market Venture, LLC, a Delaware limited liability company, and 99 Cents Only Stores LLC, a California limited liability company, successor in interest to K.V. Mart Co., a California corporation, for the real property (the "**Property**") located at 2012 Long Beach Blvd., Long Beach, CA 90806 (Store # 251). The Lease is attached to the Opposition and incorporated herein by this reference as Exhibit "1".

4. Pursuant to Section 2 B of the Lease, the Debtors exercised its right to extend the term of the Lease via certified mail on April 13, 2021, for the "**First Option Term**", as defined in Section 2 B of the Lease, which First Option Term commenced on November 1, 2021, and expires on October 31, 2026, upon the terms and conditions set forth in Section 2 B of the Lease. The Extension Letter is attached to the Opposition and incorporated herein by this reference as Exhibit "2".

5. On April 5, 2024, the Tenant failed to pay the pro rata share of Common Area Maintenance charges ("**CAM**") (including 2023 real estate taxes, and 2022 insurance charges) that the Tenant is obligated to pay under the Lease in the amount of $60,561.77, resulting in a default as defined in the Lease.

6. The Tenant owes additional rent in CAM charges owed under the Lease as additional rent, not including the reimbursement of annual property taxes and insurance, which is additional rent under the terms of the Lease, going forward from June 1, 2024 to lease maturity of October 31, 2026, Tenant is also obligated to pay the monthly rent in the amount $45,039 in base rent commencing June 1, 2024, plus reimbursement of CAM charges, as additional rent.

7. On April 8, 2024, (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") before the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

8. On May 10, 2024, the Debtors filed an Amended Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts [Doc # 482] listing the Lease as

a proposed unexpired lease to be assumed. In the same notice, the Debtors list the cure amount as $0.00.

9. Beaty objects to the assumption and assignment of its Lease based upon but not limited to the following objections: (a) an objection to the cure amount as not including all outstanding balances due Beaty and reimbursement of all accrued charges, future liabilities and legal fees; (b) a general objection to the assumption and assignment of the Lease generally; (c) the ability of the assignee to demonstrate adequate assurance of future performance as well as a demand for an enhanced security deposit; (d) for a showing of evidence of or confirmation that the Debtor has or will be able to pay the "cure" amount at the time of Closing[2] of the assumption of the Lease; and (e) that the Buyer or its assignee be required as a condition to any order approving assumption and assignment of this Lease, to enter into an Assumption and Amendment Agreement with Beaty providing that assignee be directly obligated to Beaty and modifying the applicable notice provisions under the Lease.

10. Beaty has not yet been provided with Adequate Assurance information for the Stalking Horse Bidder with which to evaluate the Bidder, and the Debtors have not provided evidence that it will have adequate funds at the Closing to pay the "cure" amount to Beaty to enable assumption of the Lease.

11. The Debtors have failed to meet the necessary burden for assumption and assignment of the Lease.

12. In addition to rent and related monthly charges, attorneys' fees, costs, and interest, there are obligations and charges for which the Debtors (or their assignee) bear responsibility under the Lease that are not yet known, have not been assessed and/or adjusted from pre-petition (or even post-petition) periods. For example, certain charges, such as property taxes have not yet been assessed and billed by the applicable taxing authority. Since these accrued, but unbilled, charges are not yet due under the Lease, they do not create a current default that gives rise to a requirement to cure by the Debtors at this time. In addition, the Debtors (or their assignee) are responsible for any year end reconciliations which come due post-petition or post-sale.

---

[2] Defined terms are as set forth in the Motion, unless otherwise stated.

13. The Debtors' proposed cure amount of $0.00 listed in the Cure Notice does not provide for payment of all amounts outstanding for rent and related obligations owed pursuant to the Lease. As detailed above, Landlord's books and records show it is owed at least $60,561.77 in rent and related obligations pursuant to the Lease, as follows:

| DESCRIPTION | OPERATING EXPENSES | PRO-RATA SHARE | TENANT'S SHARE |
|---|---|---|---|
| Cleaning-Janitorial | $12,002.75 | 70.553% | $8,468.30 |
| Cleaning-Graffiti | $0.00 | 70.553% | $0.00 |
| Elec/Lighting-Supplies | $0.00 | 70.553% | $0.00 |
| Elec/Lighting-R & M | $3,380.73 | 70.553% | $2,385.21 |
| Gardening-Contract | $8,100.00 | 70.553% | $5,714.79 |
| Gardening-R & M | $0.00 | 70.553% | $0.00 |
| Gardening-Supplies | $0.00 | 70.553% | $0.00 |
| Parking-R & M | $0.00 | 70.553% | $0.00 |
| Pest Control-Contract | $1,034.00 | 70.553% | $729.52 |
| Fire Prev-Contract | $1,116.00 | 70.553% | $787.37 |
| Fire Prev-R & M | $0.00 | 70.553% | $0.00 |
| Fire Prev-Phone Line | $1,568.48 | 70.553% | $1,106.61 |
| Security-Contract | $62,342.00 | 70.553% | $43,984.15 |
| Sweeping Contract | $12,229.16 | 70.553% | $8,628.04 |
| Pressure Washing Contract | $6,000.00 | 70.553% | $4,233.18 |
| Waste Removal-Contract | $0.00 | 70.553% | $0.00 |
| CAM Plumbing-R & M | $400.00 | 70.553% | $282.21 |
| R&M-General | $4,465.30 | 70.553% | $3,150.40 |
| R & M- Roof | $0.00 | 70.553% | $0.00 |
| R&M-Signage | $0.00 | 70.553% | $0.00 |
| R&M-Fences & Gates | $575.00 | 70.553% | $405.68 |
| R&M-Locks & Keys | $0.00 | 70.553% | $0.00 |
| CAM Electricity | $28,843.09 | 70.553% | $20,349.67 |
| Water - Irrigation | $9,789.62 | 70.553% | $6,906.87 |
| Water- Fire | $0.00 | 70.553% | $0.00 |
| Licenses, Permits & Fees | $1,336.00 | 70.553% | $942.59 |
| Sub-Total 2023 CAM | $153,182.13 | | $108,074.59 |
| Plus 10% Admin Fee | | | $10,807.46 |
| Plus Third Party Management Fee | $107,986.16 | | $18,000.00 |
| Total 2022 CAM | | | $136,882.05 |
| Less Payment Received | | | -$90,979.80 |
| **Balance Due** | | | **$45,902.25** |

| TAXES | | | |
|---|---|---|---|
| 2023 Real Estate Taxes | $154,377.10 | 70.553% | $108,917.68 |
| Less Payment Received | | | -$97,010.40 |
| **Balance Due** | | | **$11,907.28** |
| | | | |
| **INSURANCE** | | | |
| 2022 Real Estate Insurance | $14,501.00 | 70.553% | $10,230.89 |
| Less Payment Received | | | -$7,478.64 |
| **Balance Due** | | | **$2,752.25** |
| | | | |
| | | | |
| **TOTAL DUE** | | | **$60,561.77** |

The CAM charges are attached to the Opposition and incorporated herein by this reference as Exhibit "3".

14.     Additional amounts may come due after the date of this objection, including rent and related obligations attributable to time periods prior to the assumption and assignment of the Lease.  The Cure Notice does not clearly address any amounts that may come due before the effective date of any assumption and assignment of the Lease, or any amounts attributable to pre-assignment time periods.

15.     If amounts owed under the Lease come due prior to the effective date of an assumption and assignment, the Cure Notice does not clearly provide that such amounts will be paid as part of a cure. Nevertheless, the Debtors and/or the Stalking Horse Bidder remain responsible for all accrued or accruing charges under the Lease, and must pay such charges when they come due under the Lease. The Debtors must assume and assign the Lease subject to its terms, and must assume and assign all obligations owing under the Lease, including obligations that have accrued but may not yet have been billed under the Lease. Any final sale order should clearly state that the Debtors and/or the Stalking Horse Bidder will assume these Lease obligations and pay them when due, regardless of whether they relate to the period prior to, or after, the closing of any sale and assignment.  In addition, any provision in a final sale order that purports to release the Debtors or the Stalking Horse Bidder of further liability based upon a payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Lease.

16.     Accordingly, any order that is entered establishing the cure amount with respect to the Lease must require that the Debtors pay all outstanding amounts owed as of the date of assignment in order to cure.

17.    Pursuant to the Lease, the Debtors (and/or the Stalking Horse Bidder) are responsible for all maintenance, replacement, and repairs to all structural and non-structural components of the Leased Property, including but not limited to ongoing compliance with all laws, rules, orders and regulations of the federal, state and municipal governments, and the Debtors (and/or the Stalking Horse Bidder) shall perform all obligations of the owner of the land and pay all expenses of the land. The Debtors must assume and assign to the Stalking Horse Bidder the Lease subject to its terms, and must assume all obligations owing under the Lease. Any final sale order should clearly state that the Stalking Horse Bidder will assume all repair, replacement and maintenance obligations of the Lease, and to cure them when due, regardless of whether they relate to the period prior to, or after, the closing of any sale and assignment.

18.    The Lease contains provisions for recovery of fees (including attorney's fees), costs, and interest in the event of monetary and non-monetary defaults, as well as if the Beaty is required to take action to protect its interests. The Debtors are obligated to cure all defaults under the Lease, and compensate Beaty for its actual pecuniary losses as a result of defaults under the Lease.

19.    In addition, as of this date interest is accruing on all unpaid amounts due under the Lease.

20.    Attorneys' fees and costs incurred in enforcement of the covenants, obligations, and conditions of a lease are also proper components of a cure claim, and the Debtors (or successor) must satisfy these lease charges as part of the assumption or assumption and assignment of the Lease.

22.    To the extent there is a dispute over the total cure obligation for the Lease, all undisputed cure amounts should be paid immediately. If there is a disputed amount, the Debtors should escrow disputed amounts, and the Court should set a status conference within thirty (30) days of the assumption or assumption and assignment of the Lease to deal with any disputes that remain unresolved after such period.

23.    Additionally, there is currently no adequate assurance that the proposed assignee will be able to fulfill the obligations of the Lease going forward. The Lease contains specific use and exclusivity provisions. Any qualified assignee or purchaser must take the Lease subject to use requirements, as well as all other limitations and restrictions.

24.    **Therefore as of May 13, 2024, the Landlord is entitled to $ 68,061.77 as its cure amount, and any addition rent and fees after such date.**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of May, 2024.

_____
Michel Bolour

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| NUMBER HOLDINGS, INC., *et al.*, | ) |
| | ) Case No. 24-10719 (JKS) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

### CERTIFICATE OF SERVICE

I, Michael Kogan, hereby certify that on May 14, 2024, I served a copy of the **AMENDED DECLARATION OF MICHEL BOLOUR IN SUPPORT OF OBJECTION OF BEATY, LLC TO NOTICE OF POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS** via CM/ECF on all parties who have registered for electronic service in these cases, and also upon the parties on the attached service list via electronic mail.

DATED: May 13, 2024

By: /s/Michael S. Kogan
**KOGAN LAW FIRM, APC**
Michael S. Kogan (Cal. SBN 128500)
11500 W. Olympic Blvd., Suite 4000
Los Angeles, California 90064
Telephone (310) 954-1690
mkogan@koganlawfirm.com

Attorneys for Beaty, LLC

## Service List

Dennis F. Dunne, Esquire
Michael W. Price, Esquire
Lauren C. Doyle, Esquire
Brian Kinney, Esquire
James McIntyre, Esquire
Milbank LLP
55 Hudson Yards
New York, NY 10001
ddunne@milbank.com
mprice@milbank.com
ldoyle@milbank.com
bkinney@milbank.com
mcintyre@milbank.com
*(Proposed Counsel for the Debtors)*

Robert J. Dehney, Esquire
Matthew O. Talmo, Esquire
Jonathan M. Weyand, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
rdehney@morrisnichols.com
mtalmo@morrisnichols.com
jweyand@morrisnichols.com
*(Proposed Counsel for the Debtors)*

Rosa Sierra-Fox, Esquire
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801
rosa.sierra@usdoj.gov
*(United States Trustee)*

David M. Hillman, Esquire
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
dhillman@proskauer.com
*(Counsel to DIP Agent, DIP Lender, and FILO Agent)*

Adam G. Landis, Esquire
Richard S. Cobb, Esquire
Joshua B. Brooks, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
landis@lrclaw.com
cobb@lrclaw.com
brooks@lrclaw.com
*(Counsel to DIP Agent, DIP Lender, and FILO Agent)*

Bradford J. Sandler, Esquire
Robert J. Feinstein, Esquire
Steven W. Golden, Esquire
Colin R. Robinson, Esquire
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
bsandler@pszjlaw.com
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com
crobinson@pszjlaw.com
*(Proposed Counsel for the Official Committee of Unsecured Creditors)*

Anna Gumport, Esquire
Sidley Austin LLP
350 South Grand Avenue
Los Angeles, CA 90071
agumport@sidley.com
*(Counsel to ABL Facility Agent)*

Jeffrey D. Saferstein, Esquire
Chase Bentley, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
jeffrey.saferstein@weil.com
chase.bentley@weil.com
*(Counsel to Ad Hoc Group of 2026 Noteholders)*

Brian S. Hermann, Esquire
Brian Bolin, Esquire
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
bhermann@paulweiss.com
bbolin@paulweiss.com
*(Counsel to Certain 2026 Noteholders)*

Dennis M. Twomey, Esquire
Jackson T. Garvey, Esquire
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603,
dtwomey@sidley.com;
jgarvey@sidley.com
*(Counsel to ABL Facility Agent)*

Edmon L. Morton, Esquire
Carol E. Cox, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
emorton@ycst.com
ccox@ycst.com
*(Counsel to ABL Facility Agent)*

M. Blake Cleary, Esquire
L. Katherine Good, Esquire
Brett M. Haywood, Esquire
Levi Akkerman, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
bcleary@potteranderson.com
kgood@potteranderson.com
bhaywood@potteranderson.com
lakkerman@potteranderson.com
*(Counsel to Ad Hoc Group of 2026 Noteholders)*