**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NUMBER HOLDINGS, INC., *et al*.<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10719 (JKS)<br><br>Jointly Administered<br><br>RE: Docket Nos. 344 and 482 |

**MELROSE INVESTMENT COMPANY, LLC'S OBJECTION TO AMENDED NOTICE OF POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

Melrose Investment Company, LLC ("Melrose" or the "Landlord") objects to the Debtors' *Amended Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts* ("Amended Notice') [Dkt. Nos. 344 and 482], by and through its undersigned counsel, as follows:

**I.     BACKGROUND**

1.     On April 7, 2024, the above-captioned debtors and debtors in possession commenced their Chapter 11 cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in this Court.

2.     Melrose, as successor in interest, and the Debtor 99 Cents Only Stores, LCC, a California limited liability company, as successor in interest, are parties to a Lease of non-residential real property (the "Property") located at 15345 Whittier Blvd., Whittier, California 90603, originally dated June 21, 1968 between a former landlord, Mildred A. Richardson, and former tenant, White Money Orders, Inc., as amended by Memoranda and letter agreements, and assigned from time to time (the "Lease"). A copy of the original Lease is attached as **Exhibit A**.

1

3. On May 10, 2024, Debtors filed the Amended Notice, which identifies the Lease as an unexpired lease that may be assumed and assigned as part of the Sale (as defined in the Amended Notice), with a "Cure Amount" of $40,019.36 ("Proposed Cure Amount").

4. Under the Lease, including Section 8, Debtor was and is obligated to pay all taxes and assessments which may be levied against the Property.

5. Debtor owes $44,031.29 for its current tax obligation.

6. Under the Lease at Section 20 – "Repairs and Upkeep," Debtor is and was obligated, "at its cost and expense to keep and maintain the [Property] and all improvements thereon in good order and repair and safe condition, and the whole of said land and improvements thereon and any landscaping thereon in a clean, sanitary, orderly and attractive condition."

7. Debtor is in default of the Lease for failing to perform its obligations under Section 20, including without limitation, exterior building paint and stucco repair, roof repair and/or replacement, ceiling tile replacement (and cure of underlying causes), rooftop HVAC units repair and removal, storefront replacement, exterior awning reskin, and loading dock railing repairs.

8. Photographs taken within the last week which show the condition of the roof and rooftop HVAC units are attached as **Exhibit B**.

9. Upon information and belief, and based on a preliminary inspection, an estimate of the cost repairs and/or replacement due to Debtor's default is approximately no less than $770,000.

10. As such, Debtor owes $44,031.29 for its tax obligation and no less than $770,000 in Repair and Upkeep damages under Section 20 of the Lease for a cure amount of at least $814,031.29.

## II.  OBJECTION

11. In order to assume and/or assign the Lease, the Debtors must promptly cure any and all monetary and non-monetary defaults outstanding at the time of the assumption and provide adequate assurance of future performance under the Lease. 11 U.S.C. §365(b)(1).

12. Any assumption or assignment of the Lease must be done if at all subject to all benefits and burdens. Section 365 of the Code provides only for the assumption or assignment of an unexpired lease in its entirety, and the Debtors may not assume and assign only the favorable parts, rejecting the parts they deem unfavorable. See *Cinicola v. Scharffenberger*, 248 F.3d 110, 119-20 (3rd Cir. 2001).

13. The Debtors Proposed Cure Amount listed in the Amended Notice does not provide for payment of all outstanding amounts due under the Lease, including the correct tax obligation of $44,031.29, and the unliquidated obligations for upkeep and maintenance due as a result of Debtors' default of Section 20 of the Lease, in an amount of approximately $770,000.

14. Additional amounts will come due after the date of this objection, including rent and related obligations attributable to time periods prior to any assumption and assignment of the Lease. Accordingly, any order entered establishing cure amounts to be paid under the Lease must require that the Debtors pay all outstanding amounts owed as of the date of assignment in order to cure, and with respect to any unbilled charges, that any proposed assignee assume the obligation to pay those amounts as they are billed.

15. Any order approving assumption and assignment must also provide that all unliquidated obligations shall survive, and that any assignee shall take the Lease subject to all of its terms and undertake to satisfy all monetary and non-monetary obligations under the Lease,

regardless of whether such obligations could be argued to have existed, occurred, arose, accrued or related prior to the assumption and assignment of the Lease.

16. The Debtors have not yet provided Landlord with any adequate assurance information. If none is provided, the Debtors' proposed assumption and assignment must be denied. 11 U.S.C. §365(b)(1)(C) and (f)(2)(B). Landlord expressly reserves the right to amend this objection as necessary to the extent that such information is provided.

17. Landlord reserves its rights to object to any other relief sought by the Debtors in connection with the assumption and assignment of the Lease, including without limitation, amended cure amounts, the time in which to cure defaults, the manner of cure, and an assignee's proposed adequate assurance of future performance. Landlord also reserves its rights to object to any proposed sale or assumption and assignment of the Lease in connection with the sale of Debtors' assets, and all objections set forth in this Objection shall apply to any such proposed sale or transfer of the Lease pursuant to such procedures.

**WHEREFORE**, Melrose Investment Company, LLC respectfully requests that the Court deny the Debtor's assumption and assignment of the Lease, and in the alternative that any order approving the assumption and assignment of the Lease incorporate the objections and other relief requested herein, and that it granted such other and further relief as may be appropriate.

    Respectfully submitted,

    **GORDON REES**
    **SCULLY MANSUKHANI, LLP**

    By: */s/ Joseph E. Brenner*
        Joseph E. Brenner (Bar No. 6643)
        824 N. Market St., Suite 220
        Wilmington, DE 19801
        (302) 992-8951
        jbrenner@grsm.com

*Attorneys for Melrose Investment Company, LLC*

Dated: May 14, 2024