### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>NUMBER HOLDINGS, INC., *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10719-JKS<br><br>(Jointly Administered)<br><br>**RE: Docket No. 344, 482** |

### OBJECTION OF MARICOPA AZ INVESTMENTS, LLC TO NOTICE OF POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS OF UNEXPIRED LEASES AND CURE AMOUNTS

Maricopa AZ Investments, LLC ("Maricopa" or the "Landlord"), by and through undersigned counsel, hereby objects to the *Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 344] and the *Amended Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts* (D.I. 482) (the "Cure Notice") filed by Debtors, Number Holdings Inc., *et al* (the "Debtors") (the "Objection"). Landlord represents as follows:

### BACKGROUND

1. Landlord and the Debtor 99 Cents Only Stores LLC (last four digits of federal tax identification number 1605) ("Tenant") are parties (the "Parties") to a lease (the "Original Lease") of non-residential real property located at 44515 W. Edison Road, Maricopa, Arizona (the "Property"), dated February 4, 2013 between a former landlord, STR Fund IV, LLC, ("Former Landlord") and Tenant. The Original Lease is not attached hereto because it is voluminous and contains confidential and proprietary information. The Original Lease was assigned and assumed on August 18, 2014 (the "Assignment and Assumption"), and the Original Lease was amended on May 23, 2023 ("First Amended Lease"). The Original

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

Lease, the Assignment and Assumption, and the First Amended Lease are hereinafter referred to as the ("Lease").

3. On April 1, 2024, the Tenant failed to pay rent in the amount of $15,375 ("April Rent"), which is due and owing under the Lease. As a result of non-payment, Tenant is in default under the Lease.

4. On April 20, 2024, as a result of the failure to pay the April Rent timely, Tenant was charged a $765 late fee (the "Late Fee").

5. On April 8, 2024, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

6. On May 2, 2024, the Debtors filed a *Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 344] listing the Lease as a proposed unexpired lease to be assumed. In the same notice, the Debtors list the cure amount as $15,375 (the "Cure Amount").

7. On May 8, 2024, Landlord's counsel sent a letter to Debtor's counsel (the "Cure Letter") with a summary of the outstanding amounts owed to landlord and the need for an increased Cure Amount Landlord requires in response to the Cure Notice. The Cure Letter contained details for the need to increase Landlord's Cure Amount to include the Late Fee, and additional costs owing to Landlord in the approximate amount of $31,691.62 for the following: (1) the Late Fee; (2) irrigation meter water usage and repair, in the amount of $540.51; (3) Pinal County Taxes for second half 2023 and TPT, in the amount of $21,113.00; (4) 50% Portion of Transaction Privilege Tax, in the amount of $527.83; (5) expense incurred in amount of $1,509.20 for an expense Landlord incurred to correct a citation that Tenant received from the City of Maricopa for violation associated with weed and trash accumulation at the Property; and (6) Landlord's attorneys' fees in the amount of $7,500.

8. On May 10, 2024, the Debtors filed an *Amended Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 482] listing the Lease as a proposed

unexpired lease to be assigned. In the same notice, the Debtors list the cure amount as $15,375 (the "Cure Amount").

9. As of the date of this Objection, counsel undersigned has not received a response from Debtors' lawyers regarding the Cure Letter.

**OBJECTION**

10. Landlord disputes the cure amount proposed by the Debtors in the Cure Notice. As stated above, the correct cure amount is at least $47,066.62, and the Cure Payment for the Lease should be modified accordingly.

11. The debtor bears the burden of showing that the requirements of § 365 have been met. *In re Thane Int'l, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018).

12. If a debtor wishes to assume an unexpired executory contract, section 365(b)(1) of the Bankruptcy Code requires the debtor "to cure, or provide adequate assurance that it will promptly cure, among other things, the monetary defaults thereunder." *In re Dura Auto. Sys., LLC,* 628 B.R. 750, 754 (Bankr. D. Del. 2021).

13. Adequate assurance is determined by the particular "facts of the proposed assumption." *In re Fleming Companies, Inc.*, 499 F.3d 300, 307 (3d Cir. 2007); *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) (citing *In re PRK Enters., Inc.,* 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999)).

14. 17. A debtor's default under an unexpired lease does not have to be material in order to trigger the obligation to cure the default, or to provide adequate assurance of cure, as a prerequisite to assuming the lease. *In re Senior Care Centers, LLC*, 607 B.R. 580, 588 (Bankr. N.D. Tex. 2019). The purpose of the cure requirement is to restore the lessor/lessee relationship to the status it enjoyed prior to the default. *ReGen Capital I, Inc. v. Halperin (In re Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008). The requisite "cure" must be prompt, and the debtor should establish a reasonably demonstrable

capability to promptly cure arrearages. *In re Gold Standard at Penn, Inc.*, 75 B.R. 669 (Bankr. E.D. Penn. 1987).

15. Moreover, attorneys' fees due under the Lease are compensable if the contract or lease specifically requires their payment. *See In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986); *In re Williams*, 2011 WL 2533046, at *1 (Bankr. D. Del. 2011). Thus, prior to assumption, or assumption and assignment of the Lease, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Lease and compensate Landlord for its actual pecuniary loss, including the payment of related attorneys' fees owed pursuant to the Lease. *See* 11 U.S.C. §365(b)(1)(B).

16. The Debtors' proposed cure amount of $15,375.00 listed in the Cure Notice does not provide for payment of all amounts outstanding for rent and related obligations owed pursuant to the Lease. As detailed above, Landlord's books and records show it is owed at least $47,066.62 in rent and related obligations pursuant to the Lease, as follows:

| Description | Amount |
|---|---|
| April Rent (Inv. 1166) | $ 15,375.00 |
| Late Fee (Inv. 1171) | $ 765.00 |
| Irrigation (Inv. 1169) | $ 540.51 |
| Pinal County Taxes, second half 2023 | $ 21,113.00 |
| 50% Portion of Transaction Privilege Tax | $ 263.91 |
| Trash/weed removal | $ 1,509.20 |
| Attorney's Fees | $ 7,500.00 |
| **TOTAL Cure Amount** | **$ 47,066.62** |

17. Additional amounts may come due after the date of this objection, including rent and related obligations attributable to time periods prior to the assumption and assignment of the leases. The

Cure Notice does not clearly address any amounts that may come due before the effective date of any assumption and assignment of the Lease, or any amounts attributable to pre-assignment time periods.

18. Further, at this time Landlord does not know whether there are any other defaults or whether there are any unliquidated obligations under the Lease. Section 365(b)(1) requires Tenant to cure all liquidated cure amounts and all other unliquidated obligations. *See In re Italian Cook Oil Corp.*, 190 F.2d 994, 996 (3d Cir. 1951) ("The [debtor] may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.").

19. If amounts owed under the Lease come due prior to the effective date of an assumption and assignment, the Cure Notice does not clearly provide that such amounts will be paid as part of a cure.

20. Accordingly, any order that is entered establishing the cure amount with respect to the Lease must require that the Debtors pay all outstanding amounts owed as of the date of assignment in order to cure.

21. The Landlord hereby reserves its rights to make such other and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

22. By virtue of the multiple defaults that occurred prior to the Petition Date, Section 2.02 of the Lease provides that Tenant does not have right to exercise its Right to Extend Lease Term and the Lease term ends on January 31, 2029. Any debtor that assumes an executory contract may only assume the same rights under the contract that the debtors currently possess. *In re ANC Rental Corp., Inc.,* 277 B.R. 226, 238 (Bankr. D. Del. 2002) (citing *In re Italian Cook Oil Corp.,* 190 at 996 (3d Cir. 1951)) ("Section 365(f) . . . requires that a debtor assume the contract *cum onere* without any change.").

23. The Landlord objects to the assumption and assignment of the right to extend the Lease past the January 31, 2029 end date for the period of First Extended Term, because the right was only available to Tenant if Tenant was not in Default prior to the Petition Date.

## RESERVATION OF RIGHTS

24. Landlord reserves its rights to object to any other relief sought by the Debtors in connection with the assumption and assignment of the Lease, including, without limitation, an assignee's proposed adequate assurance of future performance. Landlord further reserves all rights to object to any proposed sale or assumption and assignment of the Lease in connection with the sale of the Debtors' assets, and all objections and reservations of rights set forth herein shall apply to any such proposed sale or transfer of the Lease pursuant to such procedures.

## CONCLUSION

**WHEREFORE**, Landlord requests that the Court enter an order: (i) conditioning the assumption and assignment of the Lease on (a) the Debtors or the proposed assignee providing adequate assurance of future performance in accordance with section 365(b) of the Bankruptcy Code; and (b) the Debtors or the proposed assignee promptly paying the cure amounts set forth above, plus any additional pecuniary losses suffered by Landlord, including reasonable attorneys' fees; (ii) requiring the Debtors or the proposed assignee to continue to comply with all obligations under the Lease, including payment of tax obligations, fees, and any indemnification obligations owed to Landlord pursuant to the Lease; (iii) requiring the proposed assignee to enter into an assumption and assignment agreement with Landlord; (iv) requiring the proposed assignee to provide security to Landlord pursuant to section 365(l) of the Bankruptcy Code; and (v) granting such other and further relief as the Court deems just and proper.

Dated: May 14, 2024            **TIFFANY & BOSCO, PA**

By: /s/ *Christopher R. Kaup, Esq.*
Christopher R. Kaup, *admitted pro hac vice* (AZ Bar No. 014820)
David M. Barlow, *admitted pro hac vice*
Seventh Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-Mail: crk@tblaw.com
E-Mail: dmb@tblaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
|  | ) |
| NUMBER HOLDINGS, INC., *et al.*, | ) Case No. 24-10719 (JKS) |
|  | ) |
| Debtors. | ) (Jointly Administered) |

### CERTIFICATE OF SERVICE

I, Matthew D. Burns, hereby certify that on May 14, 2024, I served a copy of the *Objection of Maricopa AZ Investments, LLC to Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts* via CM/ECF on all parties who have registered for electronic service in these cases, and also upon the parties on the attached service list via electronic mail.

Dated: May 14, 2024                                **TIFFANY & BOSCO, PA**

                                                           By: /s/ *Matthew D. Burns*
                                                           Certified Paralegal

**Service List**

Dennis F. Dunne, Esquire
Michael W. Price, Esquire
Lauren C. Doyle, Esquire
Brian Kinney, Esquire
James McIntyre, Esquire
Milbank LLP
55 Hudson Yards
New York, NY 10001
ddunne@milbank.com
mprice@milbank.com
ldoyle@milbank.com
bkinney@milbank.com
mcintyre@milbank.com
*(Proposed Counsel for the Debtors)*

Robert J. Dehney, Esquire Matthew 0. Talmo, Esquire Jonathan M. Weyand, Esquire Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
rdehney@morrisnichols.com
mtalmo@morrisnichols.com
jweyand@morrisnichols.com
*(Proposed Counsel for the Debtors)*

Rosa Sierra-Fox, Esquire
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 19801
rosa.sierra@usdoj.gov
*(United States Trustee)*

David M. Hillman, Esquire
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
dhillman@proskauer.com
*(Counsel to DIP Agent, DIP Lender, and FILO Agent)*

Adam G. Landis, Esquire
Richard S. Cobb, Esquire
Joshua B. Brooks, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
landis@lrclaw.com
cobb@lrclaw.com
brooks@lrclaw.com
*(Counsel to DIP Agent, DIP Lender, and FILO Agent)*

Bradford J. Sandler, Esquire
Robert J. Feinstein, Esquire
Steven W. Golden, Esquire
Colin R. Robinson, Esquire
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
bsandler@pszjlaw.com
rfeinstein@pszjlaw.com
sgolden@pszjlaw.com
crobinson@pszjlaw.com
*(Proposed Counsel for the Official Committee of Unsecured Creditors)*

Anna Gumport, Esquire
Sidley Austin LLP
350 South Grand Avenue
Los Angeles, CA 90071
agumport@sidley.com
*(Counsel to ABL Facility Agent)*

Jeffrey D. Saferstein, Esquire
Chase Bentley, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
jeffrey.saferstein@weil.com
chase.bentley@weil.com
*(Counsel to Ad Hoc Group of 2026 Noteholders)*

Brian S. Hermann, Esquire
Brian Bolin, Esquire
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
bhermann@paulweiss.com
bbolin@paulweiss.com
*(Counsel to Certain 2026 Noteholders)*

Dennis M. Twomey, Esquire
Jackson T. Garvey, Esquire
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603,
dtwomey@sidley.com;
jgarvey@sidley.com
*(Counsel to ABL Facility Agent)*

Edmon L. Morton, Esquire
Carol E. Cox, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
emorton@ycst.com
ccox@ycst.com
*(Counsel to ABL Facility Agent)*

M. Blake Cleary, Esquire
L. Katherine Good, Esquire
Brett M. Haywood, Esquire
Levi Akkerman, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
bcleary@potteranderson.com
kgood@potteranderson.com
bhaywood@potteranderson.com
lakkerman@potteranderson.com
*(Counsel to Ad Hoc Group of 2026 Noteholders)*