IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NUMBER HOLDINGS, INC., *et al.* | Case No. 24-10719 (JKS) |
| Debtors. | (Jointly Administered) |

**RESPONSE AND LIMITED OBJECTION OF NORTH OAKS, LLC
TO AMENDED NOTICE OF POTENTIAL ASSUMPTION OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNTS, AND (II)
DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO ENTER INTO THE STALKING HORSE APA, (II) APPROVING THE
RELATED BID PROTECTIONS; AND (III) GRANTING RELATED RELIEF**

North Oaks, LLC ("**North Oaks**") files this response and limited objection (the "**Limited Objection**") to (i) the *Amended Notice of Potential Assumption of Executory Contracts and Unexpired Leases* [D.I. 482] (the "**Assumption Notice**") and (ii) the *Debtors' Motion for Entry of An Order (I) Authorizing the Debtors to Enter into the Stalking Horse APA, (II) Approving the Related Bid Protections, and (III) Granting Related Relief* [D.I. 471] (the "**Stalking Horse Motion**"), and in support hereof, respectfully states as follows:

**BACKGROUND**

1. On April 7, 2024 (the "**Petition Date**"), each of the above-captioned debtors (the "**Debtors**") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

2. On May 9, 2024, the Debtors' filed the Stalking Horse Motion.

3. North Oaks, LLC is the landlord for the Debtors' lease (the "**North Oaks Lease**").for Store 2872, located in the North Oaks Shopping Center at 4849 FM 1960 W, Houston, TX (the "**North Oaks Property**").. A true and correct copy of the North Oaks Lease is

1

attached hereto as <u>Exhibit A</u>. The North Oaks Shopping Center is a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code.  <u>See also</u> Lease at section 26.04.

4. The Stalking Horse Bid contemplates the acquisition and/or assumption and assignment of the North Oaks Lease to the Stalking Horse, subject to higher and better bids.

5. While the Stalking Horse Motion sets forth the aggregate consideration for all leases and real property proposed to be acquired, it does not detail, nor does it provide a mechanism to determine the consideration allocated to the North Oaks Lease.

## **RESPONSE AND LIMITED OBJECTION**

6. While North Oaks is cognizant of the pressures affecting the Debtors and supports a robust and open sale process, certain aspects of the Stalking Horse Bid should be modified and serve to chill bidding. At present, North Oaks does not object to the $0 cure listed in the Assumption Notice. The Assumption Notice does not appear to require adequate assurance objections at this time, other than as to any Stalking Horse Bidder, which objections North Oaks expressly preserves.

**A.    Bid Protections**

7. An initial matter, the precise consideration to be paid on account of the acquisition and/or assumption and assignment of the North Oaks Lease is unclear. Potential bidders should know what they are bidding against and therefore, the Debtors or Stalking Horse Bidder should provide an allocation of the bid value to each property or lease to be acquired.

8. Moreover, Section VII.C of the Bidding Procedures D.I. 463] provides that "For the avoidance of doubt, a Qualified Bid must at a minimum allocate the purchase price amongst … (y) *each of the leases proposed to be assumed and assigned*, and (z) any furniture, fixtures, or equipment proposed to be purchased.  (emphasis added). Section II of the Bidding Procedures

further provides that the "Debtors are seeking to sell substantially all of their remaining assets, including their owned real property, intellectual property, and leasehold interests that have not been assumed and assigned or rejected (collectively the "Assets"), *or any portion thereof*, in each case free and clear of all liens, claims, and encumbrances thereon." (emphasis added).  More clarity is required to ensure a fair and open sale process.

9. The proposed overbid requirement and breakup fee amounts are also skewed as a result.  The Purchased Assets comprise discrete properties and locations and would offer differing values to alternative purchasers.  Accordingly, an initial overbid requirement of $588,000 is potentially excessive in light of the potential value of each individual Purchased Asset, and may in fact exceed the consideration allocable to that individual asset in the Stalking Horse Bid.  More clarity is needed to provide a level playing field and fair process which maximizes value. Excessive bid protections will unnecessarily chill bidding, which is to the detriment of all parties, not just North Oaks.

**B.     Adequate Assurance**

10. The proposed order granting the Stalking Horse Motion, the Bidding Procedures, and the Assumption Notice appear to conflict with respect to the deadline to object to adequate assurance.

11. Specifically, paragraph 14 of the proposed order provides that "Entry of this Order shall not prejudice any of the relief provided by the Bidding Procedures Order, unless explicitly stated herein. However, in the event of a conflict between this Order and the Bidding Procedures Order, this Order shall control."  Paragraph 15 of the proposed order further provides that "Failure to timely file an objection to the relief sought in the Motion shall forever bar the assertion of any objection to such relief or the consummation of the sale of the Purchased Assets

3

to the Stalking Horse Bidder, including, without limitation, for purposes of section 363(f) of the Bankruptcy Code."

12. Section I of the Bidding Procedures, D.I. 463-1, provides for an adequate assurance deadline of May 30, 2024. Lastly, the Assumption Notice provides that "Objections to the proposed assumption and assignment of an Assigned Contract set forth on Schedule 1 (a "Contract Objection"), including any objection relating to the Cure Payment or adequate assurance of any Stalking Horse Bidder's future ability to perform" must be filed by May 14, 2024 at 4:00 p.m. Although no adequate assurance information has been provided by any bidder, let alone any successful bidder(s) having been selected and identified, North Oaks raises certain adequate assurance objections, subject to a full reservation of its rights, out of an abundance of caution.

13. Pursuant to section 365(b)(1)(C) of the Bankruptcy Code, the Debtors are required to provide adequate assurance of future performance under the North Oaks Lease. *See* 11 U.S.C. § 365(b)(1)(C). Section 365(b)(3) further provides:

> For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance—
>
> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master

4

>
> agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

*Id.* § 365(b)(3).

14. Article 9.2. of the Stalking Horse APA provides that "Buyer shall provide adequate assurance of future performance as required under the Bankruptcy Code for the Assigned Leases." The Stalking Horse Motion and proposed order are otherwise silent as to when and how adequate assurance will be provided. Again, the North Oaks Shopping Center is a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code, entitling North Oaks to certain protections under section 365.

15. North Oaks does not want any failure to raise an adequate assurance objection at this stage to prejudice its rights under paragraph 15 of the proposed order. Given the uncertainty introduced by this language, North Oaks raises and expressly preserves its adequate assurance objection herein. The Stalking Horse Motion and related exhibits fail to indicate the specific use of the North Oaks Property as such use may violate provisions as to radius, location, use, and/or exclusivity provision in other contracts relating to the North Oaks Shopping Center.

16. Likewise, North Oaks does not have sufficient information to determine whether the Stalking Horse Bidder's intended use would be able to meet the first-class shopping center requirement under the North Oaks Lease. Further, the intended use of the leased premises may disrupt the tenant mix and/or balance of the North Oaks Shopping Center. *See* 11 U.S.C. § 365(b)(3)(D).

17. For example, section 6.01 and Exhibit G to the North Oaks Lease detail the use restrictions. Exhibit F to the Lease details certain exclusivity terms. In addition, other tenants' leases require the maintenance of a first-class shopping center. North Oaks disputes whether the

5

Stalking Horse Bidder can satisfy these requirements, and leaves the Stalking Horse Bidder (and any other successful bidder) to its burden(s).

**C.      Compliance With Lease Terms**

18.     The Bankruptcy Code does not enlarge the rights of a debtor under a contract. *In re Unidigital Inc.*, Case No. 00-3806 (MFW), 2000 WL 33712306, at *2 (Bankr. D. Del. Dec. 8, 2000). The Bankruptcy Court cannot create an interest for the debtor where none exists. *Id.*

19.     Pursuant to section 26.07 of the North Oaks Lease:

> If Tenant assumes this Lease and proposes to assign the same pursuant to the provisions of the Bankruptcy Code (the "Bankruptcy Code") to any person or entity who shall have made a bona fide offer to accept an assignment of this Lease on terms acceptable to the Tenant, then notice of such proposed offer/assignment, setting forth (i) the name and address of such person or entity, (ii) all of the terms and conditions of such offer, and (iii) the adequate assurance to be provided Landlord to assure such person's or entity's future performance under this Lease, including, without limitation, the assurance referred to in Section 365(b)(3) of the Bankruptcy Code, shall be given to Landlord by Tenant no later than twenty (20) days after receipt by Tenant, but in any event no later than ten (10) days prior to the date that Tenant shall make application to a court of competent jurisdiction for authority and approval to enter into such assumption and assignment, and *Landlord shall thereupon (in addition to all other rights under the Bankruptcy Code) have the prior right and option, to be exercised by notice to Tenant given at any time prior to the effective date of such proposed assignment, to accept an assignment of this Lease upon the same terms and conditions and for the same consideration, if any, as the bona fide offer made by such persons or entity, less any brokerage commissions which may be payable out of the consideration to be paid by such person for the assignment of this Lease.*

(emphasis supplied). As a result, any order granting the Stalking Horse Motion should not prejudice North Oaks' right and option to take assignment of the North Oaks Lease as set forth therein.

**RESERVATION OF RIGHTS**

20.    North Oaks reserves all rights to supplement or amend this Limited Objection at any time, or to assert additional objections at or prior to any hearing(s) on the Stalking Horse Motion or sale approval. All such rights are expressly preserved and reserved by North Oaks.

**CONCLUSION**

For the reasons stated, North Oaks respectfully requests that the Court (i) condition any sale approval and (ii) modify any order granting the Stalking Horse Motion as stated herein.

Dated: May 14, 2024

GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
MeloroD@gtlaw.com

*Counsel to North Oaks, LLC*