**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| NUMBER HOLDINGS, INC., *et al.,*[1] | Case No. 24-10719 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: May 14, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: May 23, 2024 at 10:00 a.m.**<br>**Related to Docket Nos. 344, 482** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF MIDEB NOMINEES,**
**INC. TO DEBTORS' AMENDED NOTICE OF POTENTIAL ASSUMPTION OF**
**EXECUTORY CONTRACTS, UNEXPIRED LEASES AND CURE AMOUNTS**

MIDEB Nominees, Inc., lessor ("Landlord") of the 99 Cents store located at 10911

Victory Boulevard, North Hollywood, California 91606 (designated by the Debtors as Lease for

Store #230 and is Number 127 on Schedule 1 to the Debtors' Amended Notice of Assumption-

Docket No. 482) hereby files their Objections and Reservation of Rights with respect to the

Debtors' Amended Notice of Potential Assumption of Executory Contracts or Unexpired Leases

and Cure Amounts [D.I. 482] (the "Amended Notice of Assumption"), as follows[2]:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Hold Co LLC (3987); (iii) 99 Cents Only Stores LLC (1605); (iv) 99 Cents Only Stores Texas, Inc. (1229); (v) 99 Cents Prop Co LLC (7843); (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

[2] Landlord is located in the State of California and its counsel is also located in the State of California.  They found out about the Amended Notice of Assumption and the necessity to comply with the Debtors' truncated lease assumption and sales procedures very recently.  While Landlord has endeavored to meet the very short deadlines imposed in the Amended Notice of Assumption, Landlord realizes that the filing of this Response is a few hours date based upon the Court's Order.  Under the circumstances, Landlord asks the Debtors and the Court for a few hours' latitude in this situation.

Case 24-10719-JKS    Doc 545    Filed 05/14/24    Page 2 of 7

1.      On April 7, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [D.I. 98]. Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 19, 2024, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors [D.I. 203]. No trustee or examiner has been appointed in these chapter 11 cases.

2.      Responding Landlord is the lessor of Debtors with respect to a certain nonresidential real property lease, located in the State of California.  Said lease is more particularly identified as the lease of the property located at 10911 Victory Boulevard, North Hollywood, CA 91606, designated as Store #230 by the Debtor in their Amended Notice of Assumption.  On April 16, 2024, Debtors filed a motion [D.I. 171] seeking entry of order approving the Debtors' proposed "Bidding Procedures".  In Docket No. 482, which is the Amended Notice of Assumption, Landlord's lease is number 127 in the Debtors' Schedule 1, which can be found on page 10 of 17 at the bottom of the page.

3      In connection with the proposed the Amended Notice of Assumption, this concerns a sale of substantially all of Debtors' assets and procedures (the "Assumption Procedures") for the assumption and assignment of unexpired real property leases, including proposed Cure Payments.  As of this moment, Landlord is not aware of the ultimate buyer to whom its lease may be assigned given the Sales Procedures submitted by the Debtors to this Court.

4.      On May 9, 2024, this Court entered its Order Approving (I)(A) Bidding

Procedures In Connection With the Sale of Substantially All of The Debtors' Remaining Assets,

(B) Assumption and Assignment Procedures, (C) Form and Manner of Notice of Sale Hearing,

Assumption Procedures, and Auction Results; (II) Auction and Sale Hearing Dates; (III)(A)

Debtors' Entry Into One or Multiple Asset Purchase Agreements, (B) Sale(s) Free And Clear of

All Encumbrances, and (C) Assumption And Assignment of Certain Executory Contracts and

Unexpired Leases; and (IV) Granting Related Relief [D.I. 463] (the "Bidding Procedures

Order").

5.      Pursuant to the Bidding Procedures Order, on May 2, 2024, the Debtors filed and

served their Notice of Potential Assumption of Executory Contracts or Unexpired Leases Notice

of Assumption [D.I. 344]. On May 10, 2024, Debtors filed their Amended Notice of Assumption.

Debtors' lease with Responding Landlord is among those identified as "Assigned Contracts" in

Schedule 1 to the Amended Notice of Assumption as specified in paragraph 2, above.[3]

## II.    MONETARY DEFAULTS

6.      Debtors' Amended Notice of Assumption acknowledges the obligation to pay

"Cure Amounts," setting forth in the schedule of "Assigned Contracts" that amounts asserted to

be due to satisfy the "cure" for Landlord. However, Debtors provide no itemization or detail as to

the asserted amounts.  The amount due to Landlord is shown in the schedule of "Assigned

Contracts" to be in the amount of **$30,166.19**.  This amount is incorrect.  The Landlord's books

and records reflected unpaid rent of **$60,332.38** and not $30,166.19 as the Debtors mistakenly

indicate on Schedule 1 to the Amended Notice of Assumption.  Further, Cure Amounts asserted

---

[3] Language quoted from and adopted- "Response and Reservation Of Multiple Landlords To Debtors' Notice Of Potential Assumption Of Executory Contracts Or Unexpired Leases And Cure Amounts", Docket No. 529 filed by "Multiple Landlords" represented by Ballard Spahr LLP and Allen Matkins Leck Gamble Mallory & Natsis. This also includes language in within Response and Reservation of Rights that comes after the footnote.

3

by Landlord do not include rent and charges that may accrue under the respective Leases after

May 1, 2024. Bankruptcy Code section 365(b)(1) measures defaults as of the "time of

assumption." See, e.g., *In re Rachels Industries, Inc.*, 109 B.R. 797, 811-12 (Bankr. W.D. Tenn.

1990). Debtors remain required to pay accruing post-petition rent and charges on a timely basis,

as required by Bankruptcy Code section 365(d)(3) and Responding Landlord reserves its

respective rights and remedies against Debtors with respect to such additional sums.

7.      In addition to the foregoing, there is no specification in the "cure" amount found

upon Schedule 1 to the Amended Notice of Assumption regarding what month or months the

amount set forth is ascribed to or any other breakdown from the Debtors justifying their

calculations.  Without this information, it is impossible to know if the amount set forth on

Schedule 1 of the Amended Notice of Assumption is correct or not.

8.      Finally, the idea of assumption of this Lease is unusual to Landlord because the

remaining term of the Lease is only ten months based upon Landlord's books and records'

information.

## III.    ATTORNEYS' FEES

9.      Where, as here, there are defaults under leases sought to be assumed and assigned,

Bankruptcy Code section 365(b)(1) comes into play. Debtors' Leases with Landlord contains

provisions for the recovery of attorneys' fees in the event of defaults under the respective lease.

Bankruptcy courts have held that attorneys' fees incurred in the enforcement of obligations,

covenants and conditions of a lease are recoverable as part of a Landlord's "pecuniary loss"

under Bankruptcy Code section 365(b)(1)(B) due upon assumption and assignment of a lease if

the underlying lease provides for them. *In re Entertainment, Inc.*, 223 B.R. 141, 152 (Bankr.

N.D. Ill.1998). "Although attorneys' fees are not independently recoverable under the

Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties." *In the Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993); see also *Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 127 S.Ct. 1199, 1203-06 (2007) (contract providing for attorneys' fee recovery enforceable in bankruptcy unless Bankruptcy Code specifically provides otherwise); *In re Crown Books Corporation*, 269 B.R. 12, 18 (Bankr. D. Del. 2001) (landlord's attorneys' fees incurred in proving post-petition rent had not been recoverable as component of cure under Section 365(b)(1)). "[T]here is no logical distinction, for purposes of §365, between claims for attorneys in connection with pre-petition defaults and such claims in connection with post-petition defaults." *In re Entertainment, Inc.*, 223 B.R. at 154. The Landlord's attorneys' fees, which currently are in excess of $7,500.00 in the aggregate and are ongoing. Responding Landlord reserves the right to supplement this Response to provide such further attorneys' fees information as may be requested by Debtors.

**IV.      RESERVATION OF RIGHTS**

10.      Responding Landlord fully reserves its rights to (a) further supplement or amend this Response and assert any additional objections, including any additional obligations that may arise under Debtors' Leases with Landlord in the ordinary course of business, (b) further object to any proposed assumption, or assumption and assignment of their lease with Debtors, including any objection based on the failure of Debtors or any proposed assignee to demonstrate adequate assurance of future performance, as required by Bankruptcy Code section 365(b)(1)(C) and (f)(2)(B), and (c) further object on additional grounds based upon any new information provided by Debtors or upon any different relief requested by Debtors.

Case 24-10719-JKS    Doc 545    Filed 05/14/24    Page 6 of 7

**V.**     <u>**CONCLUSION**</u>

11.     For the foregoing reasons, Landlord requests that its cure objection be sustained. Among other things, the assumption, or assumption and assignment of Responding Landlord's Lease must be conditioned on the prompt cure of existing monetary defaults asserted by Responding Landlord, and payment of Responding Landlord's reasonable attorneys' fees and a specification of the calculations made in reaching the cure amount shown on Schedeule 1 to the Amended Notice of Assumption. Landlord prays for such other and further relief as is just and appropriate in the circumstances.

DATED:  May 14, 2024                     Respectfully submitted,

                                         **GREENSPOON MARDER LLP**


                                         By:      _/s/ Victor A. Sahn_
                                                  _____
                                                  Victor A. Sahn
                                                  Attorneys for MIDEB Nominees, Inc.
                                                  1875 Century Park East, 19th Floor
                                                  Los Angeles, CA  90067
                                                  Tel: (213) 626 2311
                                                  Fax: (954) 771 9264
                                                  Email: victor.sahn@gmlaw.com

6

## CERTIFICATE OF SERVICE

I, Victor A. Sahn, hereby certify that, on this 14th day of May 2024, I caused a true and correct copy of the foregoing **LIMITED OBJECTION AND RESERVATION OF RIGHTS OF MIDEB NOMINEES, INC. TO DEBTORS' AMENDED NOTICE OF POTENTIAL ASSUMPTION OF <u>EXECUTORY CONTRACTS, UNEXPIRED LEASES AND CURE AMOUNTS</u>** to be served via CM/ECF on all parties who have registered for electronic service in these cases, and also upon the parties on the attached service list in the manner indicated.

DATED:  May 14, 2024
Los Angeles, California

_____*/s/ Victor A. Sahn*_____
Victor A. Sahn, Esq. (CA SBN 9729)
Attorneys for MIDEB Nominees, Inc.
GREENSPOON MARDER LLP