## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NUMBER HOLDINGS, INC. *et al.*,[1] | ) | Case No. 24-10719 (JKS) |
| | ) | |
| Debtors. | ) | (Joint Administered) |
| | ) | |

## GLOBAL NOTES AND
## STATEMENTS OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### General

Numbers Holding, Inc. ("Numbers") and certain of its affiliates, as debtors and debtors in possession (the "Debtors," and, together with their non-Debtor affiliates, "99 Cents") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), filed their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements and should be referred to and referenced in connection with any review of the Schedules and Statements.[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

[2] These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, financial advisors, and other representatives and professionals do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, financial advisors, and other representatives and professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Christopher J. Wells, Chief Restructuring Officer of Numbers and its subsidiaries and an authorized signatory for each of the Debtors. In reviewing the Schedules and Statements, Mr. Wells has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' business, Mr. Wells has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate; *provided*, that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except to the extent required by applicable law.

---

exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

**Global Notes and Overview of Methodology**

1. **Description of the Cases**.  On April 7, 2024 (the "Petition Date")[3], the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   On April 9, 2024, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 98].  On April 19, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 203]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2. **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules and Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights**.  Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to (i) amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except to the extent required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims the Debtors may hold against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    a. **No Admission**.  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation as to the validity of any claim against any Debtor or any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

    b. **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements as necessary and appropriate, including but not limited to, with respect to the description, designation, or Debtor against which any claim against a Debtor is asserted.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed,"

---

[3]   Certain of the Debtors' voluntary petitions were filed on the docket shortly after midnight (ET) on April 8, 2024.

"contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated" and object to the extent, validity, enforceability, priority, or avoidability of any claim (regardless of whether such claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated").

c.    **Recharacterization**. The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' business, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired on a postpetition basis.

d.    **Classifications**. The listing of (i) a claim (a) on Schedule D as "secured," or (b) on Schedule E/F as either "priority" or "unsecured priority," or (ii) a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize, or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims, the characterization of the structure of any transaction, and any document or instrument related to such creditor's claim.

e.    **Estimates and Assumptions**. To prepare these Schedules and Statements and report information on an entity-by-entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses as of the Petition Date. Actual results could differ from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.    **Causes of Action**. Despite commercially reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without

limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise (collectively, "<u>Causes of Action</u>"). Causes of Action also include: (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to section 362 or chapter 5 of the Bankruptcy Code; (v) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, Causes of Action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g.     **Intellectual Property Rights**.  Exclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.     **Insiders**.  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe have a controlling interest in, or exercise sufficient control over, the respective Debtor so as to unqualifiedly dictate corporate policy and the disposition of assets, or an entity

that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the Debtors during the relevant time periods, irrespective of the title that the person holds. Certain individuals that may hold a senior title, but who would not fall under the definition of "insider" have not been included. However, the listing or omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should be construed as, an admission that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual or entity exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including, without limitation, the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose. Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month period before the Petition Date or may no longer serve in such capacities. Nevertheless, the Debtors have included such individuals or entities herein out of an abundance of caution, and the Debtors reserve all rights with respect thereto. Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

## 4.  Methodology

a.  **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for the Debtors and certain non-Debtor affiliates.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP.  Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP or any other generally accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors.  Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity.  Nevertheless, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.

Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, to the extent a Debtor reports more assets than liabilities, such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.   Likewise, to the extent a Debtor reports more liabilities than assets, such report shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential revision.

b.    **Reporting Date**.  The asset information provided herein, except as otherwise noted, represents the Debtors' asset data as of April 5, 2024, the date of the Debtors' month end closure to their balance sheet, and the Debtors' liability data is as of the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein).

c.    **Confidentiality or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements has been intentionally redacted due to, among other things, concerns for the privacy of an individual or concerns about the confidential or commercially sensitive nature of certain information.  Any alterations or redactions in the Schedules and Statements are limited only to what the Debtors believe is necessary to protect the Debtors or the applicable third-party, and the Debtors have provided interested parties with sufficient information to discern the nature of the listing.  The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.  The Debtors may also be authorized or required to redact certain personal identification information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[4]

d.    **Consolidated Entity Accounts Payable and Disbursement Systems**.  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Statement 4, Schedule A/B, and Schedule E/F, respectively, per the Debtors' unaudited books and records.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  Thus, intercompany balances as of the

---

[4]    *See, e.g.*, *Order (I) Authorizing the Debtors to Redact Certain Personal Identification Information and (II) Granting Related Relief* [Docket No. 116] (the "Redaction Order").

Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

As described more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Them to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts, (B) Pay Related Fees and Credit Cards, (C) Utilize Existing Business Forms, and (D) Engage in Intercompany Transactions, (II) Granting Administrative Priority Status to Intercompany Claims and (III) Granting Related Relief* [Docket No. 6] (the "Cash Management Motion"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "Cash Management System"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Cash Management System is supported by approximately 10 bank accounts, with approximately 390 subaccounts for the stores. The Debtors  can generally ascertain, trace, and account for inter-Debtor transactions (the "Intercompany Transactions"). Pursuant to the *Final Order (I) Authorizing The Debtors to (A) Continue to Operate Their Cash Management System and Maintain Existing Bank Accounts, (B) Pay Related Fees and Credit Cards, (C) Utilize Existing Business Forms, and (D) Engage in Intercompany Transactions, (II) Granting Administrative Priority Status to Intercompany Claims, and (III) Granting Related Relief* [Docket No. 411] (the "Final Cash Management Order"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein.

While commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation, whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity or non-Debtor affiliate is an obligor with respect to any such payment.

For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all receivables and payables, including, but not limited to, all rights to reclassify any payment or obligation as attributable to another entity, all rights with respect to the proper accounting and treatment of such payments and liabilities and all rights with respect to the characterization of intercompany claims, loans, and notes.

e.  **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

f.  **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively

expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, unless otherwise indicated, net book values set forth in these Schedules and Statements are presented as of the Petition Date for all assets.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.

Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights the Debtors have with respect to such asset.  Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or at any time prior to or after the Petition Date.

g.    **Currency**.  All amounts shown in the Schedules and Statements are in U.S. dollars, unless otherwise indicated.  Prior to the Petition Date, the Debtors converted amounts in foreign currencies to U.S. dollars using exchange rates from the Wall Street Journal as of the close of each month.

h.    **Payment of Prepetition Claims Pursuant to First Day Orders**.  Following the Petition Date, the Court entered various orders authorizing, but not directing, the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, benefits, taxes and related items; (iv) taxes and assessments; (v) customer program obligations; and (vi) critical vendor obligations (collectively, the "<u>First Day Orders</u>").  As such, outstanding liabilities may have been reduced by Court-approved postpetition payments made on account of prepetition payables.  Where and to the extent these liabilities have been satisfied, or will be satisfied in the ordinary course, they may not be listed in the Schedules and Statements.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

i.    **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplication of payment for such liabilities.

j.  **Setoffs**.  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes, including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors.  In accordance with the Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  Certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

k.  **Accounts Receivable**.  The accounts receivable information listed on the Schedules includes receivables from the Debtors' customers and is calculated net of any amounts that, as of the Petition Date, may have been owed in the form of offsets or other price adjustments pursuant to the Debtors' customer program policies or day-to-day operating policies.  Accounts receivable does not include programs involving retail customers, including gift cards and merchandise credits.

l.  **Inventories**. The Debtors recorded value of inventory is the lower of the inventory cost and net realizable value. Store inventory cost is based on a retail inventory methodology and warehouse inventory cost is based on a moving-average cost methodology.  Therefore, the sale value of inventory may differ significantly from the recorded inventory value.

m.  **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  Certain intangibles are listed in the asset schedules for the Debtors.  Such treatment may not reflect actual legal ownership. The Debtors owned furniture, fixtures, and equipment (the "FF&E") is stated at net book value.  The Debtors may also lease FF&E from certain third-party lessors.  The Debtors have endeavored to list any such leases in the Schedules and Statements.  Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any such lease, including, but not limited to, the recharacterization thereof.

n.  **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics' lien, materialman's lien, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).  UCC liens as of the Petition Date, if any, are listed on Schedule D.

o.  **Excluded Assets and Liabilities**.  Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported.  Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts, or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules.  Excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, favorable lease rights, and unfavorable lease liabilities.  In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other orders that may be entered by the Court.  Other immaterial assets and liabilities may also have been excluded.

p.  **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is **not** intended to reflect upon the materiality of such amount.

q.  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  To the extent there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor or non-Debtor affiliate, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

r.  **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

s.  **Guarantees and Other Secondary Liability Claims**.  The Debtors exercised their commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Nevertheless, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing.  Where such Guarantees have been identified, they have been included in the relevant Schedules G and H

for the affected Debtor or Debtors.  The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings, debt instruments, and other such agreements on Schedule H.  Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently.  The Debtors may identify additional Guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional Guarantees are identified.

t.     **Leases**.  The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements.  To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.  In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third-party lessors for use in the daily operation of their business.  Any such prepetition obligations that are known to the Debtors have been listed on Schedule F, and the underlying lease agreements are listed on Schedule G or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A/B.  Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

u.     **Executory Contracts**.  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of diligent efforts to identify such documents.  In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease.

v.     **Allocation of Liabilities**.  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes

available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

w.    **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

x.    **Umbrella or Master Agreements**. Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules to reflect changes regarding the liabilities of the Debtors with respect to such agreements, if appropriate. The master service agreements or other ancillary documents have been listed in Schedule G, but such listing does not reflect any decision by the Debtors as to whether such agreements are executory in nature.

## Specific Schedule Disclosures

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. Unless otherwise noted, the asset totals listed on the Schedules are derived from amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1.    **Schedule A/B – Assets – Real and Personal Property.**

a.    **Part 1 – Cash and cash equivalents**. The Debtors' Cash Management System is comprised of approximately 10 bank accounts, with approximately 390 subaccounts for the stores. The Debtors' primary cash management bank is Wells Fargo Bank, N.A. Further details with respect to the Cash Management System are provided in the Cash Management Motion. The cash amounts listed are as of the Petition Date for the corresponding Debtor and reflect the bank balance, not the net book value.

b.    **Part 3 – Accounts receivable**. The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or third parties, which

are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances.  As noted above, these customer programs are limited to merchant and vendor credits and advances.  The accounts receivable balances in this section exclude intercompany receivables.

The Debtors conduct certain business operations under the business name Bargain Wholesale.  Those operations are conducted through 99 Cents Only Stores LLC and 99 Cents Only Stores Texas, Inc. and not Bargain Wholesale LLC, which has no operations. Sales conducted as Bargain Wholesale are accounted for on the Debtors' books and records as revenue at 99 Cents Only Stores LLC and 99 Cents Only Stores Texas, Inc. as the goods sold, were sold from inventory at either 99 Cents Only Stores LLC or 99 Cents Only Stores Texas, Inc. locations.  Thus, corresponding accounts receivable generated from said revenue are also accounted for at 99 Cents Only Stores LLC and 99 Cents Only Stores Texas, Inc.

c.    **Part 4 – Investments**.  Part 4 identifies only subsidiaries owned directly by the applicable Debtor entity.  Subsidiaries owned indirectly by the Debtor entity are not listed.  Ownership interests in subsidiaries, partnerships, and joint interests are listed in Schedule A/B, Question 15, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

d.    **Part 7 – Office furniture, fixtures, and equipment; and collectibles**.  FF&E is recorded at net **book** value.  Actual realizable values may vary significantly relative to net book values as of the Petition Date.  Additionally, in an effort to reduce the volume of the disclosures that would be otherwise applicable, the Debtors are disclosing their fixed assets at the category level.

e.    **Part 8 – Machinery, equipment, and vehicles**.  Property leased by the Debtors is listed in Schedule G and leases for such property are listed on Schedule A/B.  Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.

f.    **Part 9 – Real Property**.  Property leased by the Debtors is listed on both Part 9 of Schedule A/B and on Schedule G.  Furthermore, property values are scheduled in accordance with the Debtor's books and records, which may not comport with the legal owner of record.  Actual realizable values of the assets identified may vary significantly relative to recorded values as of the Petition Date, which reflect net book value.  The Debtors reserve all rights to recharacterize their interests in real property at a later date.  Due to the large volume of leasehold improvements across various locations, it is neither practicable nor feasible for the Debtors to list each property leased individually.

g.     **Part 10 – Intangibles and intellectual property**.  Part 10 identifies the various trademarks, patents, customer lists, and website domains owned and maintained by the Debtors.  The Schedules may not list the value of such intangible assets as no recent appraisals have been performed.  Various software licenses the Debtors use for their operations, which are easily obtainable and hold minimal value, are not included.

h.     **Part 11 – All other assets**.  The Debtors maintain approximately 27 insurance policies administered by multiple third-party insurance carriers.  The insurance policies provide coverage for, among other things, the Debtors' property, general liability, automobile liability, fiduciary liability, and directors' and officers' liability (including tail coverage).  The Debtors more fully describe such policies in the *Final Order (I) Authorizing the Debtors to (A) Maintain Insurance Policies and Surety Bonds and Honor Obligations Thereunder, and (B) Renew, Amend, Supplement, Extend, or Purchase New Insurance Policies and Surety Bonds, and (II) Granting Related Relief* [Docket No. 412] (the "Final Insurance Order").  Any policies owned by suppliers to which Debtor entities may have been added as a beneficiary are not included.

Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist and should not be construed as a waiver of such cause of action, claim, or right.

With respect to tax refunds and net operating losses, Number Holdings, Inc. and 99 Cents Only Stores Texas, Inc. are members of a consolidated federal income tax group that is estimated to have approximately $244 million of federal tax net operating loss carryforwards, which are available to offset income generated by any member of the consolidated tax group.  Additionally, 99 Cents HoldCo LLC, 99 Cents Only Stores LLC, 99 Cents PropCo LLC and Bargain Wholesale LLC are disregarded entities for income tax purposes and therefore income and losses of those entities are reported together with Numbers Holdings, Inc.

## 2.   Schedule D – Creditors Who Have Claims Secured by Property.

a.     The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates.  To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred, before the Petition Date.

b.     Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and/or their estates reserve the right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (i) although the Debtors may have

scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken, and (ii) the descriptions provided on Schedule D and herein are intended to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral, the nature, extent, and priority of any liens. Detailed descriptions of the Debtors' prepetition debt structure, guarantees, and descriptions of collateral relating to each obligation, if any, contained on Schedule D are contained in the *Declaration of Christopher J. Wells in Support of Chapter 11 Petitions and First Day Motions of Number Holdings, Inc. and its Affiliated Debtors and Debtors in Possession* [Docket No. 18] (the "First Day Declaration").

c.  Schedule D does not include beneficiaries of letters of credit. Although the claims of such parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

d.  The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights. The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

e.  Secured claims include both principal and accrued interest as of the Petition Date.

3.  **Schedule E/F – Creditors Who Have Unsecured Claims.**

a.  **Part 1 – Creditors with Priority Unsecured Claims**. The claims listed on Part 1 arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, no such dates are included for each claim listed on Part 1. To the best of the Debtors' knowledge, all claims listed on Part 1 arose or were incurred before the Petition Date.

The Debtors have not listed any wage or wage-related obligations that the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders on Part 1. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

The Debtors also have not listed any tax-related obligations that the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders on Part 1. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on Part 1. Certain of such claims, however, may be subject to ongoing audits and/or the Debtors may otherwise be unable to determine with certainty the amount of the remaining claims listed on Part 1. Therefore, the

Debtors have listed all such claims as contingent and unliquidated, pending final resolution of ongoing audits or other outstanding issues.

b.   **Part 2 – Creditors with Nonpriority Unsecured Claims**.  The Debtors have exercised commercially reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule.  As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors.  Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts.  The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.  Additionally, certain creditors may assert mechanic's liens or other similar liens against the Debtors for amounts listed on Part 2.  The Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor of any Debtor listed on Part 2.  In addition, certain claims listed on Part 2 may potentially be entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have made commercially reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, software companies, landlords, utility companies, consultants, and other service providers.  The Debtors, however, believe the possibility exists that there are instances where creditors have yet to provide proper invoices for prepetition goods or services.  While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

Unless otherwise noted, the claims listed on Part 2 are based on the Debtors' books and records as of the Petition Date.

Part 2 does not include certain balances, such as deferred liabilities, accruals, or reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

Part 2 does not include reserves for liabilities that may have arisen under litigation or threatened litigation in which a Debtor is a defendant unless there is a final judgment or a settlement agreement.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and/or allowances, including, but not limited to, the right to assert objections and/or setoffs or recoupments with respect to same.

The Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under some or all of the First Day Orders. Each Debtor's Schedule E/F will, if applicable, reflect some of that Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or which the Debtors have been granted authority to pay, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these Chapter 11 Cases pursuant to the First Day Orders and other orders of the Court, and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

4. **Schedule G – Executory Contracts and Unexpired Leases.**

    a.    Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements") as of the filing of the Statements and Schedules, the Debtors' collection and review process of the Agreements is ongoing, and inadvertent errors, omissions, or over- or under-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, master service agreements, and confidentiality agreements, that may not be set forth in Schedule G. The Debtors have not included on Schedule G the engagement letters with any of the Debtors' professionals that have been retained pursuant to an order of the Court in these Chapter 11 Cases, which agreements have been publicly filed with the Court. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease, that such Agreement was in effect on the Petition Date, or that such Agreement is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

5. **Schedule H – Codebtors.**

    a.    The Debtors are party to various debt agreements that were executed by multiple Debtors. The guaranty obligations under prepetition secured credit agreements are noted on Schedule H for each individual Debtor. In the ordinary course of

their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert crossclaims and counterclaims against other parties. To the extent such claims are listed elsewhere in the Schedules of each applicable Debtor, they have not been set forth individually on Schedule H. In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtor affiliates. To the extent these Global Notes include notes specific to Schedules D–G, such Global Notes also apply to the co-Debtors listed in Schedule H. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

## Specific Notes with Respect to the Debtors' Statements of Financial Affairs

1. **Statement 1 and 2**. Gross revenue from the Debtors' business segment Bargain Wholesale is accounted for on the Debtors' books and records as revenue at 99 Cents Only Stores LLC and 99 Cents Only Stores Texas, Inc. Bargain Wholesale LLC does not have independent business operations.

2. **Statement 3**.

    a.    As described in the Methodology section, the Debtors utilize their integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

    b.    The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from January 9, 2024, to the Petition Date. Amounts still owed to creditors appear on the Schedules for each Debtor, as applicable.

    c.    The response to Statement 3 excludes regular salary payments and disbursements or transfers for this period, which are listed, to the extent required, on Statement 4.

    d.    The response to Statement 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are listed on Statement 11.

    e.    At times, the name of the payee recorded in the Debtors' systems may not match the applicable counterparty on a lease or contract. As such, the Debtors have not sought to separately identify landlords from other vendors or suppliers.

3. **Statement 4**. Refer to the Methodology section regarding all payments to insiders.

4. **Statement 7**. Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. The Debtors used commercially reasonable efforts to identify all pending litigation and assign appropriate descriptions thereto using information available to the Debtors and their third party administrative insurance claims agent. In the event that the Debtors discover additional information pertaining to these legal actions identified in response to Statement 7, the Debtors will use reasonable efforts to supplement the Statements in light thereof. Additionally, the Debtors have identified certain information as "on file" where the Debtors believe that such information would violate the parties' privacy. The Debtors will provide such information, on a confidential basis, to (i) the Court, (ii) the U.S. Trustee, and (iii) the party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to such proceeding.

5. **Statement 9**. For the avoidance of doubt, Statement 9 excludes *de minimis* charitable contributions.

6. **Statement 11**. All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one (1) year immediately preceding the Petition Date are listed on the applicable Debtor's response to Statement 11. Due to the nature of certain of the Debtors' professionals' work, distinguishing payments related to the Debtors' bankruptcy proceedings from payments for services unrelated to the Debtors' bankruptcy proceedings can be difficult. The Debtors have not separately identified payments related to non-bankruptcy-related services from payments related to bankruptcy or restructuring services on Statement 11. Additional information regarding the Debtors' retention of professional service firms is described more fully in individual retention applications and related orders.

In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their pre- or post-petition lenders or other parties.

7. **Statement 13**. The valuation of certain real property assets reflects broker opinion valuations or appraisals; however, because the determination of net realizable value of such assets involves both estimation and judgment with regard to, among other things market values, differences in these estimates could result in valuations that differ significantly from the recorded assets.

8. **Statement 20**. The locations listed for off-premises storage do not include cloud-based storage of electronic data.

9. **Statements 28 and 29**. For purposes of the Schedules and Statements, the Debtors define "controlling interest holders" to include entities that directly hold in excess of 20% of the voting interests of the applicable Debtor entity. Entities listed as "controlling interest holders" have been included for informational purposes only. The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could successfully argue that it is not a "controlling interest holders" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any

other purpose.  For certain entities included in this response, the owner may hold ownership in trusts or managed accounts versus in its individual capacity.

10. **<u>Statement 31</u>**.  Number Holdings, Inc. and 99 Cents Only Stores Texas, Inc. are members of a consolidated federal income tax group.  Additionally, 99 Cents HoldCo LLC, 99 Cents Only Stores LLC, 99 Cents PropCo LLC and Bargain Wholesale LLC are disregarded entities for income tax purposes and therefore income and losses of those entities are reported together with Numbers Holdings, Inc.

11. **<u>Statements 39 and 40</u>**.  Each of (i) office furniture and fixtures and (ii) store and distribution center furniture and fixtures, have been scheduled on a combined basis.

**Fill in this information to identify the case:**

Debtor name  Number Holdings, Inc.

United States Bankruptcy Court for the:  District of Delaware

Case number (If known)  24-10719 (JKS)

☐ Check if this is an amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:  Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM/DD/YYYY | to _____ | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____ MM/DD/YYYY | to _____ MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____ MM/DD/YYYY | to _____ MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM/DD/YYYY | to _____ | _____ | $ _____ |
| **For prior year:** | From _____ MM/DD/YYYY | to _____ MM/DD/YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ MM/DD/YYYY | to _____ MM/DD/YYYY | _____ | $ _____ |

| Debtor | Number Holdings, Inc. | Case number (If known) | 24-10719 (JKS) |
|---|---|---|---|
| | Name | | |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|---|
| 3.1 | | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | Street | | | |
| | City          State          Zip Code | | | |
| 3.2 | | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| | Street | | | |
| | City          State          Zip Code | | | |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | | | $ | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |
| 4.2 | | | $ | |
| | Street | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |

| Debtor | Number Holdings, Inc. | Case number (if known) | 24-10719 (JKS) |
|---|---|---|---|
| | Name | | |

---

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Street _____ | _____ | | |
| City          State          Zip Code | | | |
| 5.2 _____ | _____ | _____ | $ _____ |
| Street _____ | _____ | | |
| City          State          Zip Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| Street _____ | _____ | | |
| City          State          Zip Code | | | |

Last 4 digits of account number: XXXX - _____

---

**Part 3:    Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None    __See Attached Rider__

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 _____ | _____ | _____ | ☐ Pending |
| | | Street _____ | ☐ On appeal |
| Case number _____ | | City          State          Zip Code | ☐ Concluded |
| Case title | Nature of case | Court or agency's name and address | Status of case |
| 7.2 _____ | _____ | _____ | ☐ Pending |
| | | Street _____ | ☐ On appeal |
| Case number _____ | | City          State          Zip Code | ☐ Concluded |

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ _____ |
| Street | Case title | Court name and address |
| City        State        Zip Code | Case number | |
| | Date of order or assignment | |

---

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | $ _____ |
| Street | | | |
| City        State        Zip Code | | | |
| Recipient's relationship to debtor | | | |
| 9.2 | | | $ _____ |
| Street | | | |
| City        State        Zip Code | | | |
| Recipient's relationship to debtor | | | |

---

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| | | | $ _____ |

Debtor    Number Holdings, Inc.                                      Case number (If known)    24-10719 (JKS)
          Name

---

**Part 6:**        **Certain Payments or Transfers**

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | $ |

**Address**

_____
Street

_____
City            State            Zip Code

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2 | | | $ |

**Address**

_____
Street

_____
City            State            Zip Code

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |

**Trustee**

_____

---

Debtor    Number Holdings, Inc.                                    Case number (If known)    24-10719 (JKS)
          Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |
| | **Address** | | | |
| | | | | |
| | Street | | | |
| | | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.2 | | | | $ |
| | **Address** | | | |
| | | | | |
| | Street | | | |
| | | | | |
| | City          State          Zip Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of Occupancy |
|---|---|---|
| 14.1 | 4000 Union Pacific Ave. Commerce, CA 90023 United States | From  at least 12/'93    To  12/31/23 |
| 14.2 | | From  _____    To  _____ |

Debtor    Number Holdings, Inc.                                                                                    Case number (If known)    24-10719 (JKS)
          Name

## Part 8:    Health Care Bankruptcies

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____ <br> Street _____ <br> City    State    Zip Code | _____ | _____ |
| Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. <br> _____ <br> _____ | How are records kept? <br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper | |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2 _____ <br> Street _____ <br> City    State    Zip Code | _____ | _____ |
| Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. <br> _____ <br> _____ | How are records kept? <br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper | |

## Part 9:    Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.          See Debtor's website for a full list of information -
                                                                            https://99only.com/legal-stuff/privacy-policy

Does the debtor have a privacy policy about that information?

☐ No

☑ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _____ |

Has the plan been terminated?

☐ No

☐ Yes

| Debtor | Number Holdings, Inc. | Case number (If known) | 24-10719 (JKS) |
|---|---|---|---|
| | Name | | |

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 <br><br> Street <br><br> City          State          Zip Code | XXXX- | ☐ Checking <br> ☐ Savings <br> ☐ Money Market <br> ☐ Brokerage <br> ☐ Other _____ | | $ |
| 18.2 <br><br> Street <br><br> City          State          Zip Code | XXXX- | ☐ Checking <br> ☐ Savings <br> ☐ Money Market <br> ☐ Brokerage <br> ☐ Other _____ | | $ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| <br><br> Street <br><br> City          State          Zip Code | <br><br><br> Address | | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| <br><br> Street <br><br> City          State          Zip Code | <br><br><br> Address | | ☐ No <br> ☐ Yes |

Debtor    Number Holdings, Inc.
     Name

Case number (If known)    24-10719 (JKS)

---

## Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

21.  **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ |
| Street | | | |
| City          State     Zip Code | | | |

---

## Part 12:    Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

■  *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■  *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■  *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| **Case Number** | Street | | ☐ On appeal |
| | City          State     Zip Code | | ☐ Concluded |

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Street | Street | | |
| City          State     Zip Code | City          State     Zip Code | | |

---

Debtor    Number Holdings, Inc.                          Case number (If known)    24-10719 (JKS)
          Name

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Street | Street | | |
| _____ | _____ | | |
| City          State          Zip Code | City          State          Zip Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 99 Cents Only Foundation<br>1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | Charitable Entity | EIN: 85-3980910 |
| | | **Dates business existed** |
| | | From 9/9/2020      To Current |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 99 Cents Only Stores LLC<br>1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | Retail Entity | EIN: 95-2411605 |
| | | **Dates business existed** |
| | | From 10/18/2013      To Current |

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.3 | | EIN: |
| | | **Dates business existed** |
| | | From _____      To _____ |

Debtor    Number Holdings, Inc.
             Name                                                                          Case number (If known)    24-10719 (JKS)

26.  **Books, records, and financial statements**

   26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

   ☐  None

   | Name and address | Dates of service | |
   |---|---|---|
   | 26a.1 Hensley, Laura<br>1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | From 10/1/2021 | To Present |

   | Name and address | Dates of service | |
   |---|---|---|
   | 26a.2 Pericleous, Periclis<br>1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | From 12/1/2021 | To Present |

   26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

   ☐  None

   | Name and address | Dates of service | |
   |---|---|---|
   | 26b.1 KPMG<br>Suite 1500<br>550 South Hope Street<br>Los Angeles, CA 90071-2629 | From N/A | To Current |

   | Name and address | Dates of service | |
   |---|---|---|
   | 26b.2 | From | To |

   26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

   ☐  None

   | Name and address | if any books of account and records are unavailable, explain why |
   |---|---|
   | 26c.1 Hensley, Laura<br>1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | N/A |

Debtor    Number Holdings, Inc.
      Name

Case number (If known)    24-10719 (JKS)

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.2 Pericleous, Periclis<br>1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | N/A |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address |
|---|
| 26d.1 |
| Street |
| City      State      Zip Code |

| Name and address |
|---|
| 26d.2 |
| Street |
| City      State      Zip Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
|  |  | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1 |
| Street |
| City      State      Zip Code |

Debtor    Number Holdings, Inc.                                    Case Number (if known)    24-10719 (JKS)
Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.2 |
| Street |
| City                    State                    Zip Code |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **See Attached Rider** | | | |
| | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

- ☐ No
- ☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **See Attached Rider** | | | From           To |
| | | | From           To |
| | | | From           To |
| | | | From           To |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ☒ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |
| | | | |

| Relationship to debtor |
|---|

Debtor    Number Holdings, Inc.
          _____
          Name

Case number (If known)    24-10719 (JKS)

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.2 | | | | |
| | Street | | | |
| | City                State                Zip Code | | | |

| Relationship to debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Number Holdings, Inc. | EIN: 80-0761463 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        05/22/2024
                   _____
                   MM / DD / YYYY

**X** /s/ Christopher J. Wells                    Printed name    Christopher J. Wells
_____                     _____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Chief Restructuring Officer
                                      _____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☑ Yes

Debtor Name:  Number Holdings, Inc.                                                                                    Case Number:  24-10719 (JKS)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case Number | Nature of Case | Court Name and Address | Status |
|---|---|---|---|---|
| MIREILLE BAGDADI AN INDIVIDUAL; AND, ABNER BAGDADI, AN INDIVIDUAL VS. 99 CENTS ONLY STORES, LLC, A LIMITED LIABILITY COMPANY; NUMBER HOLDINGS, INC. A CORPORATION; AND DOES 1 THROUGH 20 | 23GDCV02374 | General Liability | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, GLENDALE DISTRICT 600 EAST BROADWAY GLENDALE, CA 91206 | Pending |
| RUFUS WILLIS VS. ARES MANAGEMENT LLC; 99 CENTS ONLY STORES LLC; NUMBER HOLDINGS, INC.; NAI CAPITAL, INC. AND DOES 1 TO 100 | CIVDS1923490 | General Liability | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO - CIVIL DIVISION 247 WEST THIRD STREET SAN BERNARDINO, CA 92415-0210 | Concluded |

Debtor Name:  Number Holdings, Inc.                                                          Case Number:  24-10719 (JKS)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
| --- |
| |

The Debtors are a private company who provide financial information to their shareholders.  In addition, the Debtors have historically provided financial statements to various interested parties over the past two years, including but not limited to, insurance carriers, lenders and financial institutions, landlords, vendors, advisors, rating agencies and others.  The Debtors do not maintain records of the parties who have requested or obtained copies.

Debtor Name:  Number Holdings, Inc.                                    Case Number:  24-10719 (JKS)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|------|---------|----------|------------|
| Ares Corporate Opportunities Fund III, L.P. | 1730 Flight Way Suite 100 Tustin, CA 92782 | Member | 43.46% |
| Belinsky, Russell | 1730 Flight Way Suite 100 Tustin, CA 92782 | Director | N/A |
| Christopher J. Wells | 540 W Madison St. Floor 18 Chicago, IL 60661 | Chief Restructuring Officer | N/A |
| Giancamilli, Andrew | 1730 Flight Way Suite 100 Tustin, CA 92782 | Director | N/A |
| Kasper, Mary M. | 1730 Flight Way Suite 100 Tustin, CA 92782 | Chief Legal Officer and General Counsel; Secretary | N/A |
| Pericleous, Periclis | 1730 Flight Way Suite 100 Tustin, CA 92782 | Chief Financial Officer | N/A |
| Satin, Allyson | 1730 Flight Way Suite 100 Tustin, CA 92782 | Director | N/A |
| Thornton, Felicia | 1730 Flight Way Suite 100 Tustin, CA 92782 | Chairman of the Board | N/A |
| Waxman, Eric | 1730 Flight Way Suite 100 Tustin, CA 92782 | Director | N/A |

Mary Kasper was no longer with the Debtors as of April 20, 2024.

Debtor Name:  Number Holdings, Inc.                                                                              Case Number:  24-10719 (JKS)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name | Address | Position | Start | End |
|------|---------|----------|-------|-----|
| Bagaria, Rajay | 1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | Director | N/A | 3/29/24 |
| Kaplan, David | 1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | Director | N/A | 2/14/2024 |
| Kolodzieski, Edward | 1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | Director | N/A | 3/18/2024 |
| Simoncic, Mike | 1730 Flight Way<br>Suite 100<br>Tustin, CA 92782 | Interim Chief Executive Officer | N/A | 4/4/2024 |