# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NUMBER HOLDINGS, INC. *et al.*,[1] | Case No. 24-10719 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Re: D.I. 14, 152, 204 & 309** |

## ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS EFFECTIVE AS OF APRIL 30, 2024 AND (B) ABANDON CERTAIN PERSONAL PROPERTY AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an interim order: (i) authorizing and approving certain procedures for rejecting, assuming, and assuming and assigning executory contracts and unexpired leases, (ii) authorizing the Debtors to abandon their personal property located on or installed in the leased premises that are subject to a rejected Contract, and (iii) granting certain related relief, all as more fully set forth in the Motion; and the order of this Court approving the Motion on final basis [Dkt. No. 438]; and the filing of the notice of rejection (the "Rejection Notice") by the Debtors [Dkt. No. 204]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and of the Rejection Notice and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion, the Rejection Notice, and the First Day Declaration and having heard the statements and argument in support of the relief requested at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Contracts listed on **Schedule 1** attached to the Rejection Notice, as revised and included as **Exhibit C** to the *Certification of Counsel Regarding Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (And Abandonment of Property Related Thereto) Filed at D.I. 204*, are hereby rejected as of April 30, 2024 (the "Rejection Date").

2. The Debtors are authorized, but not directed, to abandon any abandoned property described on **Schedule 1** attached to the Rejection Notice, and any abandoned property of the Debtors after the Rejection Date shall be deemed abandoned as of the Rejection Date.

3. All applicable landlords or their designees shall be authorized to dispose of any abandoned property without notice or liability to any Debtor or consenting non-Debtor third party and without further order of the Court.

4. Nothing herein shall prejudice the rights of the Debtors to argue that any of the Contracts were terminated prior to the Rejection Date; that any claim for damages arising from the rejection of any Contract is limited to the remedies available under the termination provision of such Contract; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

5. Nothing in this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an admission that any particular claim is of a type described in the Motion; (v) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

7. For the avoidance of doubt, nothing herein precludes the rights of any party to file a claim or request for unpaid rent or other related charges.

8. To the extent necessary, Date Palm LLC is hereby granted relief from the automatic stay to terminate its Contract.

9. Notice of the Rejection Notice is deemed good and sufficient notice of the relief requested therein.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

11. The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: May 24th, 2024**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE