IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Number Holdings, Inc., *et al.*,[1] | Case No. 24-10719 (JKS) |
| Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KELLEY DRYE & WARREN LLP AS SPECIAL CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF APRIL 29, 2024

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ and retain Kelley Drye & Warren LLP ("Kelley Drye") as special co-counsel effective as of April 29, 2024, the date the Committee determined to employ Kelley Drye as its special co-counsel, pursuant to sections 327, 328(a), and 1103 of the Bankruptcy Code; and upon the Adams Declaration attached to the Application as Exhibit B; and upon the Johns Declaration attached to the Application as Exhibit C; and the Court having jurisdiction pursuant to sections 157 and 1334 of the Bankruptcy Code to consider the Application and the relief requested therein; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances

---

[1] The Debtors in these cases are: (i) Number Holdings, Inc.; (ii) 99 Cents Only Stores LLC; (iii) 99 Cents Only Stores Texas, Inc.; (iv) 99 Cents PropCo LLC; (v) 99 Cents HoldCo LLC; and (vi) Bargain Wholesale LLC.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application, the Adams Declaration, and the Johns Declaration that while employed by the Committee, Kelley Drye will not represent any other person or entity having an adverse interest in connection with these Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Application, the Adams Declaration, and the Johns Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is approved as set forth herein.

2. Pursuant to section 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Committee is authorized to employ Kelley Drye as special co-counsel in these Chapter 11 Cases effective as of April 29, 2024.

3. Kelley Drye will make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, in connection with any interim and/or final fee application(s) to be filed by Kelley Drye in these Chapter 11 Cases.

4. Kelley Drye shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, any case-specific fee protocols approved by the Court, and any Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered by the Court, and any other applicable procedures and orders of the Court.

5. Kelley Drye shall provide ten (10) business days' notice to the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and

**Error! Unknown document property name.**

shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Application to the contrary, Kelley Drye shall (i) to the extent that Kelley Drye uses the services of contract attorneys, independent contractors, or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, pass through the cost of such Contractors at the same rate that Kelley Drye pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Kelley Drye; and (iv) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

7. To the extent that there may be any inconsistency between the terms of the Application, the Supplemental Adams Declaration, and this Order, the terms of this Order shall govern.

8. The Committee and Kelley Drye are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. During the course of these Chapter 11 Cases, this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June 18th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE