## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| Number Holdings, Inc.[1], | ) | Case No. 24-10719 (JKS) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Hearing Date:  July 11, 2024 at 1:00 p.m.** |
| | ) | **Objection Deadline: July 3, 2024 at 4:00 p.m** |
| | ) | |

## MOTION OF MADAI ELISA RUIZ FOR RELIEF
## FROM THE AUTOMATIC STAY

Madai Elisa Ruiz ("Ruiz" or "Movant"), by and through her undersigned counsel, files this motion for relief from the automatic stay to allow prosecution of a personal injury claim to be pursued in California against one or more of the above-captioned debtors ("Debtors"), under 11 U.S.C. § 362(d) and pursuant to Fed. R. Bankr. P. 4001(a), 9014 and Del. Bankr. L.R. 4001-1. In support of the Motion, Ruiz states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference to this Court.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Pursuant to 28 U.S.C. § 1409, venue of this Motion is proper in this Court.

4.      Pursuant to Del. Bankr. L.R. 9013-1(f), Movant does consent to the entry of final orders or judgments by the Court with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Movant does not, however, consent to the adjudication of her

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents HoldCo LLC (3987); (iii) 99 Cents Only Stores LLC (1605); (iv) 99 Cents Only Stores Texas, Inc. (1229); (v) 99 Cents PropCo LLC (7843); (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

claim by this Court nor does she concede that jurisdiction is proper as to such adjudication under 28 U.S.C. § 1334 or otherwise.

## FACTUAL BACKGROUND

### A.  The Accident and the State Court Action

5.      On or about December 23, 2021, Ruiz was injured (the "Accident") at the 99 Cents Only store located at 8750 Tampa Avenue, Northridge, CA 91324 (the "Premises").  On information and belief, at all relevant times the Premises were owned and operated by Debtor 99 Cents Only Stores LLC ("99 Cents Only").

6.      As a result of the negligence of 99 Cents Only and its employees, Ruiz became afflicted with serious injuries.

7.      On December 22, 2023, Movant commenced an action against 99 Cents Only and John Does 1-50 by filing a Complaint in the Superior Court of California, County of Los Angeles (the "State Court"), which is pending at 23CHCV03896 (the "State Court Action") related to her injuries consequent to the Accident.

### B.  The Number Holdings, Inc. Bankruptcy

8.      On April 7, 2024 and April 8, 2024, Number Holdings, Inc. and five (5) affiliated debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The cases are pending before the Honorable J. Kate Stickles, and are jointly administered under Case No. 24-10719.

9.      The Debtors have not filed a plan.

## RELIEF REQUESTED AND REASONS THEREFOR

10.      By virtue of 11 U.S.C. § 362(a), the commencement of or prosecution of any action against the Debtors has been stayed pending a hearing on this Motion.

11.    Section 362(d) of the Bankruptcy Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1)    for cause, including lack of adequate protection of an interest in property of such part in interest;

(2)    with respect to a stay of an act against property under subsection (a) of this section, if—

(A)    the debtor does not have an equity in such property; and

(B)    such property is not necessary to an effective reorganization.

12.    In determining whether cause exists to lift the stay to permit a party to pursue an action outside of the Bankruptcy Court, this Court may consider whether:

a.    Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit,

b.    The hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor, and

c.    The creditor has a probability of prevailing on the merits.

*In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993); *Levitz Furniture Inc. v. T. Rowe Price Recovery Fund, L.P. (In re Levitz Furniture Inc.)*, 2000 Bankr. LEXIS 1322, *15 (Bankr. D. Del. 2000); *Save Power Limited v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.),* 193 B.R. 713, 718 (Bankr. D. Del. 1996).

Further, courts are directed to consider the following legislative history:

It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Rexene Products*, 141 B.R. at 576; *In re Wilson*, 85 B.R. 722, 728-29 (Bankr. E.D. Pa. 1988) (citing

S. Rep. No. 989, 95th Cong., 2d. Sess. 50, reprinted in [1978] *U.S. Code Cong. & Ad. News* 5836).

      13.     The legislative history of section 362 indicates that cause may be established by a

single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of

any connection with or interference with the pending bankruptcy case." H.R. Rep. No. 95-595,

95th Cong., 1st Sess., 343-344 (1977) *U.S. Code Cong. & Admin. News*, pp. 5787, 6300. *See also*

*In re Rexene*, 141 B.R. at 576 ("cause" for relief was found in order to allow civil plaintiffs to

proceed with a class action against the debtor because discovery was nearly complete, both

parties were nearly ready for trial prior to the bankruptcy filing, trial of the claim in bankruptcy

court would be burdensome to plaintiffs and risk unnecessary, duplicative litigation, and

plaintiffs had at least some probability of success on merits of suit); s*ee also In re Drexel*

*Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) (citing various

examples of "cause" to permit litigation in another forum such as liquidation of a personal injury,

arbitration or specialized jurisdiction claims).

      14.     This Court, in the *Continental Airlines* decision referred to above, set forth the

following framework for analyzing motions for relief from the automatic stay:

> There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the Movant. In balancing the competing interests of the debtor and the Movant, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. *See Int'l Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co*.) 938 F. 2d 731. 734-37 (7th Cir. 1991).

> *In re Continental Airlines*, 152 B.R. at 424.

15.    Application of the standards set forth in the case law here weighs overwhelmingly in favor of granting stay relief. The prejudice to Movant in forcing her to pursue claims in Delaware, or not pursing these claims at all until possibly after this bankruptcy case is fully administered, is manifest. Most if not all witnesses and parties are located in California. And in any event, because Movant's claim is in the nature of personal injury, this Court lacks jurisdiction to adjudicate that claim. 28 U.S.C. § 157(b)(5).

16.    By contrast, adjudication of Movant's claims in a commercial bankruptcy such as this would have no discernable effect on the administration of the Debtors' cases.

17.    As to probability of success on the merits, this Court need not conduct a 'mini-trial' to determine the merits of the case, even in fairly complex cases. *In re Adelphia Commun. Corp.,* 285 B.R. 580, 595 (Bankr. S.D.N.Y. 2002) vacated, 298 B.R. 49 (S.D.N.Y. 2003) ("The fact that allegations have not been proven is more than a 'technical consideration[ ],' and this Court, like most bankruptcy courts, is ill-suited to conducting mini-trials on insureds' culpability incident to determining their entitlement to relief from the stay on access to the D & O policy proceeds that were put in place, at least in part, to help them in litigation to determine that very issue."). Rather, this prong merely requires a showing that the cause of action has some merit.

18.    In this case, Ruiz was injured as a result of the negligence of the Debtors. This is a personal injury action like many others and no detailed showing is required to obtain stay relief in such cases. There is little doubt that Ruiz's injuries were the result of Debtors' negligence.

19.    No prior request for the relief sought herein has been made.

WHEREFORE, Movant requests that the Court approve the order attached hereto, granting relief from the automatic stay to permit her to prosecute the State Court Action, and granting such other and further relief as this Court deems just and proper.

DATED:  June 26, 2024

*/s/ Christopher D. Loizides*
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
Email:        loizides@loizides.com

*Counsel for MADAI ELISA RUIZ*