# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>NUMBER HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10719 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 14, 438, 816 & 869** |

## ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME OR ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an interim order: (i) authorizing and approving certain procedures for rejecting, assuming, and assuming and assigning executory contracts and unexpired leases, (ii) authorizing the Debtors to abandon their personal property located on or installed in the leased premises that are subject to a rejected Contract, and (iii) granting certain related relief, all as more fully set forth in the Motion; and the order of this Court approving the Motion on a final basis [Dkt. No. 438]; and the filing of the notice of assumption (the "Assumption Notice") by the Debtors [Dkt. No. 816]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and of the Assumption Notice and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion, the Assumption Notice, and the First Day Declaration and having heard the statements and argument in support of the relief requested at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1. Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code and the terms of this Order, that certain *Lease*, listed on **Schedule 1** attached to the Assumption Notice, dated as of August 25, 2023, by and between BioLife Plasma Services L.P. as tenant and 99 Cents Only Stores LLC, as landlord (as the same may have been modified, amended and/or supplemented the "Lease") is hereby assumed and assigned to RCB Equities #1, LLC (the "Assignee") as of the date of the transfer of such Property to Assignee (the "Assumption Date").

2. Upon the Assumption Date, (i) the Assignee shall be deemed to be substituted for 99 Cents Only Stores LLC as a party to the Lease and (ii) the Lease shall be deemed valid, binding, in good standing, and in full force and effect in accordance with its terms.

3. The cure amount (the "Cure Amount") (if any) to be paid to cure any and all prepetition defaults under the Lease of the Debtor pursuant to section 365(b) of the Bankruptcy Code shall be as set forth in **Schedule 1** attached to the Assumption Notice. The Cure Amount

shall be binding upon each applicable counterparty (including, without limitation, the tenant) to the Lease for all purposes and shall constitute a final determination of the total cure amount required to be paid in connection with the assumption and assignment of the Lease. The counterparty (including, without limitation, the tenant) to the Lease shall be forever (i) barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to the Lease, and the Debtors and Assignee shall be entitled to rely solely upon the Cure Amounts set forth above and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, the Assignee or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the Lease, or that there is any objection or defense to the assumption or assumption and assignment of the Lease.

4. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Lease to the Assignee shall (i) be free and clear of (and Assignee shall not assume, or in any way be liable or responsible for) (a) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (b) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, encumbrances, liabilities, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise, including, without limitation, claims and encumbrances (1) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Lease, and (ii) constitute a legal, valid, and effective transfer of such Lease and vest the Assignee with all rights, titles, and interests to the applicable Lease. Assignee shall not be

deemed a successor to the Debtors, and Assignee shall have no successor liability with respect to the Debtors under any theory. For the avoidance of doubt, all provisions of the applicable assigned Lease, including any provision limiting assignment, shall be binding on the Assignee.

5. Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of the Order approving the Motion, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (i) assume and assign to the Assignee the Lease, with the Assignee being responsible only for the post-closing liabilities under the Lease except as otherwise provided for in the Order approving the Motion and (ii) execute and deliver to the Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer the Lease.

6. The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Lease arising, accruing, or relating to a period prior to the Assumption Date.

7. The Debtors are authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into any consensual amendments set forth in the Assumption Notice.

8. The Assignee has demonstrated adequate assurance of future performance and has satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code with respect to the Lease. The Assignee is a good faith purchaser of the Lease within the meaning of section 363(m) of the Bankruptcy Code.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors, other than a cure claim as set forth above; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim, other than a cure claim as set forth above; (iv) an admission that any

particular claim is of a type described in the Motion; (v) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

10. Notice of the Assumption Notice is deemed good and sufficient notice of the relief requested therein.

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

12. The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: June 27th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE