# LOIZIDES, P.A.

The Law Office of Christopher D. Loizides

Christopher D. Loizides
*Admitted in DE, PA, NJ, NY and DC*

Email:
loizides@loizides.com

Legal Arts Building
1225 King Street, Suite 800
Wilmington, DE  19801
*TEL: 302-654-0248*
*FAX: 302-654-0728*
www.loizides.com

July 3, 2024

**VIA EMAIL AND HAND DELIVERY**

Hon. J. Kate Stickles
United States Bankruptcy Court
for the District of Delaware
5th Floor, Courtroom 6
824 N. Market Street
Wilmington, DE  19801

Re:   In re *Number Holdings, Inc. et al,* Case No. 24-10719 (JKS)

Dear Judge Stickles:

I represent eight (8) personal injury claimants ("Movants") in the *Number Holdings* bankruptcy who have filed stay relief motions[1] ("Motions") currently scheduled for the Court's July 11th, 2024 omnibus hearing at 1:00 p.m.  The Debtors' insurer, Safety National Casualty Corporation ("Safety National"), has objected to each of the Motions[2] and the Debtors have told me they also will object to the Motions.

I regret taking up the Court's time with a scheduling issue, but I have requested

---

[1]
- *Motion of Pontea Davoud for Relief from the Automatic Stay* (D.I. 591)
- *Motion of Elder Reyes for Relief from the Automatic Stay* (D.I. 871)
- *Motion of Kevin Frankenstein for Relief from the Automatic Stay* (D.I. 873)
- *Motion of Alicia Hidalgo for Relief from the Automatic Stay* (D.I. 875)
- *Motion of Madai Elisa Ruiz for Relief from the Automatic Stay* (D.I. 877)
- *Motion of Yesenia Velasquez for Relief from the Automatic Stay* (D.I. 879)
- *Motion of Liliana Bravo for Relief from the Automatic Stay* (D.I. 882)
- *Motion of Elva De La Fuente for Relief from the Automatic Stay* (D.I. 886)

[2] *See* objections of Safety National at D.I. 736 and 917.

Hon. J. Kate Stickles
United States Bankruptcy Court
for the District of Delaware
P a g e | **2 of 5**

that the July 11th hearing be adjourned to the August 9th, 2024 omnibus hearing at 11:00 a.m. and that the Motions proceed on July 11th only as a status conference. I have also suggested that the August 9th hearing be treated as a "preliminary" hearing[3] that would not involve live witness testimony. The Debtors are not opposed to an adjournment but they are opposed to holding a status conference and to treating August 9th as a "preliminary" hearing.

I believe that a status conference would be useful for the parties and the Court for several reasons. Most importantly, the parties and the Court need to know in advance whether the hearing on the merits will include live testimony. The Local Rules of this Court of course provide that all hearings on motions are evidentiary hearings requiring in-person testimony[4], and Your Honor's chambers procedures provide that all such hearings must be in-person.[5] As there are eight Movants, this means that eight witnesses might be needed just for Movants. Flying these witnesses here from California and preparing them to testify would involve a very substantial expense. In addition, if each witness testifies an average of only 15 minutes, that means the hearing would take two hours just for Movants' testimony. I observe that Your Honor's chambers procedures limit omnibus hearings to one (1) hour unless otherwise directed by the Court.

Rather than forcing the parties to bear the expense of flying witnesses to Delaware, Movants respectfully submit that it will save time to proceed with the Motions on August 9th as a "preliminary" hearing akin to one under Del. Bankr. L.R. 4001-1(c)(iii)—essentially, a hearing argument based on uncontested facts and the basic documentary record. First, there are many gating issues that could moot the need for live testimony from the Movants. Among these are whether the Motions are premature given the status of the bankruptcy case (which Movants obviously contest) and the legal implications (if any) of the fact that the insurance policies in question appear to contain a $300,000 per claim self-insured retainage.[6] Additionally, while live testimony is typically not needed to show the merits or value of a claim for purposes of obtaining stay relief[7], it would be presumptuous of me to assume that the Court might not require live testimony on those subjects.

---

[3] Del. Bankr. L.R. 4001-1(c)(iii)—which does not apply here--provides that the initial hearing on stay relief motions to foreclose on collateral are "preliminary" such that--
> The hearing date specified in the notice of the motion will be a preliminary hearing at which the Court may (A) hear oral argument, (B) determine whether an evidentiary or other final hearing is necessary, (C) set a date by which the parties shall exchange supporting documentation, (D) set a date by which the parties must produce the report of any appraiser whose testimony is to be presented at the final hearing and/or (E) set a date and time for a final hearing.

[4] *See* Del. Bankr. L.R. 9013-1(d).
[5] *See* CHAMBERS PROCEDURES FOR JUDGE J. KATE STICKLES (Effective May 10, 2022; Revised November 1, 2022 ("All hearings will take place in person …").
[6] *See* Objection of Insurer, D.I. 736 at ¶9 ("However, if the Davoud Claim falls below the SIR threshold, any allowed claim is simply a general unsecured claim against the estate.")
[7] *See, e.g.,* Davoud Motion at ¶17 ("this Court need not conduct a 'mini-trial' to determine the merits of the case, even in fairly complex cases.").

Hon. J. Kate Stickles
United States Bankruptcy Court
for the District of Delaware
P a g e | **3 of 5**

    Regardless, holding a status conference in advance of any hearing on the merits would save time and promote judicial efficiency by assuring that the parties are fully apprised of the Court's expectations and that adequate hearing time is allocated. Moreover, holding a status conference would not impose any significant burden on the parties or the Court. Per Your Honor's Chambers Procedures, such status conferences are held remotely obviating the need for travel time and expense. And such a conference need not be lengthy.

    I appreciate the Court's attention in this matter.

    Respectfully,

    /s/ Christopher D. Loizides

    Christopher D. Loizides (No. 3968)

cc: *see* attached service list.

Hon. J. Kate Stickles
United States Bankruptcy Court
for the District of Delaware
P a g e  | **4 of 5**

## SERVICE LIST

### VIA CM/ECF

All parties on the Clerk's service list.

### VIA EMAIL

Dennis F. Dunne
Brian Kinney
Lauren C. Doyle
Michael W. Price
James A. McIntyre
**Milbank LLP**
55 Hudson Yards
New York, NY   10001
ddunne@milbank.com
bkinney@milbank.com
ldoyle@milbank.com
mprice@milbank.com
JMcIntyre@milbank.com

Andrew M. Leblanc
Brett Philip Lowe
**Milbank LLP**
1850 K Street, NW
Suite 1100
Washington, DC 20006
aleblanc@milbank.com
Blowe@milbank.com

Samir L. Vora
Mason Hattam
**Milbank LLP**
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
svora@milbank.com
mhattam@milbak.com

Robert J. Dehney, Sr.
Casey Sawyer
Matthew O. Talmo
Jonathan M. Weyand
Erin L. Williamson
**Morris, Nichols, Arsht & Tunnell LLP**
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE   19899-1347
rdehney@morrisnichols.com
csawyer@morrisnichols.com
mtalmo@mnat.com
jweyand@morrisnichols.com
ewilliamson@morrisnichols.com

Hon. J. Kate Stickles
United States Bankruptcy Court
for the District of Delaware
P a g e  | 5 of 5

*Counsel to the Debtors*

Garvan F. McDaniel (DE Bar No. 4167)
HOGAN♦McDANIEL
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

Caleb Holzaepfel
HUSCH BLACKWELL
736 Georgia Avenue,
Suite 300
Chattanooga, TN 37402-2059
Direct: 423-755-2654
Fax: 423-266-5499
Caleb.Holzaepfel@huschblackwell.com

*Attorneys for Safety National Casualty Corporation*

Adam Krolikowski, Esq. adam@usethelaw.com (counsel to Elva De La Fuente)
Cyrus Wilkes, Esq. cwilkes@wilshirelawfirm.com (counsel to Alicia Hidalgo)
Iman Mahdavian, Esq. Iman@vazirilaw.com (counsel to Kevin Frankenstein and Elder Reyes)
Jay Rahimi, Esq. jay@lalslaw.com (counsel to Yesenia Velasquez and Madai Elisa Ruiz)
Rob Damone, Esq. robert@damoneschroeder.com (counsel to Pontea Davoud)
Virginia Narian, Esq. virginia@larryrabineau.com (counsel to Liliana Bravo)