**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NUMBER HOLDINGS, INC. *et al.*[1] | Case No. 24-10719 (JKS) |
| *Debtors.* | (Jointly Administered) |
| | Hearing Date: August 9, 2024 at 11:00 am (ET) |
| | Obj. Deadline:  July 26, 2024 at 4:00 pm (ET) |

**RELIANT ENERGY RETAIL SERVICES, LLC'S FIRST
APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO 11 U.S.C. § 503(b)(1) AND REQUEST TO POSTPONE HEARING
SUBJECT TO THE DEBTORS' COMPLETION OF THE SALE OF ITS ASSETS**

Reliant Energy Retail Services, LLC ("Reliant") files this *First Application for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)* ("Application"), and respectfully shows as follows:

## INTRODUCTION

1. Reliant seeks an administrative expense claim for $41,176.56 for electricity is has provided to 41 of the Debtors' locations since the case began through June 1, 2024.[2]

2. The Debtors are selling their assets, which is presumed to conclude at or near the end of June 2024. Reliant wishes to allow the Debtors the ability to complete the liquidation of their assets, so that they may reconcile all post-petition amounts owed to Reliant, first from proceeds of the sales, second, from any funds currently held in the form of an adequate assurance deposit pursuant to 11 U.S.C. § 366, then third, in the form of an administrative expense claim.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents Only Stores LLC (1605); (iii) 99 Cents Only Stores Texas, Inc. (1229); (iv) 99 Cents PropCo LLC (7843); (v) 99 Cents HoldCo LLC (3987); and (vi) Bargain Wholesale LLC (8030). The Debtors' principal offices are located at 1730 Flight Way, Suite 100, Tustin, CA 92782.
[2] June 1, 2024, is the cutoff date for the First Administrative Claims Bar Date as enumerated by the Court. *See* Dkt. No. 784, at 4.

{02031871;v1 }

3.  Given the proximity of the First Administrative Claims Bar Date, Reliant files this application to preserve its claim.

**FACTUAL BACKGROUND**

4.  On April 7, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[3] Reliant is a retail energy company that provides, among other services, electricity to commercial and residential customers. A copy of the Electric Energy Sales Agreement between it and Debtor 99 Cents Only Stores Texas, Inc. is attached herein as **Exhibit 1**.

5.  For many of the Debtors' retail locations, Reliant either provided or is actively providing electricity as of this date. As of this date, 12 of Reliant's contracts with the Debtors have been rejected, and Reliant is actively servicing 29 locations, as shown below. These amounts shown are as of April 8, 2024, to June 1, 2024.

| Account Number | Rejection Date or Active | Amount Owed | City | State |
|---|---|---|---|---|
| 12000854 | 05/13/24 | $22,112.53 | Katy | TX |
| 12013686 | 05/15/24 | $406.07 | Houston | TX |
| 12019739 | 05/15/24 | $754.73 | Waco | TX |
| 12025205 | Active | $2,606.52 | Houston | TX |
| 12025871 | Active | $2,593.39 | Houston | TX |
| 12026274 | 05/15/24 | $1,144.57 | Fort Worth | TX |
| 12026313 | Active | $2,124.92 | Humble | TX |
| 12029125 | Active | $2,545.26 | Humble | TX |
| 12029603 | 06/21/24 | $2,354.16 | Dallas | TX |
| 12031125 | Active | $2,221.66 | Houston | TX |
| 15676239 | Active | $2,312.75 | Arlington | TX |
| | | **$41,176.56** | | |

---

[3] Certain of the Debtors, including 99 Cents Only Stores LLC, filed voluntary petitions shortly after midnight (ET) on April 8, 2024.

6.     As of the filing of this Application, the Debtor has not paid Reliant for the above-listed locations, leaving a total amount due on an administrative basis of $41,176.56, through June 1, 2024.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.     The relief on which this Application is sought arises under 11 U.S.C. § 503(b)(1)(A) and FED. R. BANKR. P. 2016(a).

## RELIEF REQUESTED

9.     Reliant respectfully requests that the Court enter the proposed order attached herein as **Exhibit 2** granting it an administrative expense in the amount of $41,176.56.

10.     Reliant further requests that the Court postpone holding a hearing on this Application pursuant to 11 U.S.C. § 506(b). The parties have stipulated that the hearing should be held during the August omnibus hearing. Should the Debtors be able to reconcile the amounts owed after the selling their assets in July, the amount sought at a hearing in August may be lower, or no longer require the requested relief.

## ARGUMENTS AND AUTHORITIES

11.     Section 503 of the Bankruptcy Code governs the allowance of administrative expenses in a bankruptcy case, providing (in part), that "after notice and a hearing, there shall be allowed administrative expenses . . . including the actual and necessary costs and expenses of preserving the estate." 11 U.S.C. §503(b)(1)(A). Claimants who seek to have their claims paid ahead of general unsecured creditors bear the burden of establishing that their claim qualifies for

priority status. *In re New Century TRS Holdings, Inc.*, 446 B.R. 656, 661 (Bankr. D. Del. 2011) (citing *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2001)). Courts generally apply a two-part test to determine whether a movant is entitled to the payment of administrative expenses: "(1) there must be a post-petition transaction between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction." *In re Waste Sys. Int'l, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002) (citing *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 532–33 (3d Cir. 1999)).

12. By providing electricity to the Debtors, Reliant is actively preserving the Debtors' estate by keeping the lights on. These transactions have happened since the Petition Date, and the Debtors continue to receive a benefit.

13. In locations where the Debtors continue to operate a store powered by Reliant, customers can visit and purchase goods. Additionally, for those locations powered by Reliant where the Debtors rejected the contract, Reliant still provided a benefit to the estate by maintaining power at the location, allowing the electrical load to power backup and security systems.

14. As mentioned above, Reliant knows the Debtors are liquidating their assets. Reliant intends to allow this process to conclude so that the Debtors can reconcile all administrative expense claims before scheduling a hearing on the Application. This approach is taken not to prejudice the Debtors but to ensure an efficient process, as the sale of the Debtors' assets may directly impact Reliant's claim.

### RESERVATION OF RIGHTS

15. Reliant expressly reserves any and all other rights, objections, claims, and/or causes of action it may assert against Debtors, including, without limitation, the right to assert additional claims or administrative expenses against Debtors and their estates and to amend, modify, or supplement this request.

16. In no way does Reliant intend to alter, amend, or otherwise abrogate its proof of claim filed for pre-petition charges by filing this Application.

**PRAYER**

17. Reliant respectfully requests that the Court (i) permit the postponement of a hearing on the Application to allow the Debtors to complete the sale of their assets; (ii) enter an order substantially similar to the one attached as **Exhibit 2**; (iii) approve the Application and awarding Reliant an administrative expense claim of $41,176.56; and (iv) grant any additional relief, at law or in equity, to which Reliant may be entitled.

Dated: July 5, 2024
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Tiffany Geyer Lydon*
Tiffany Geyer Lydon (DE Bar No. 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: 302-654-1888
E:  tlydon@ashbygeddes.com

**MCDOWELL HETHERINGTON LLP**
Michael D. Matthews, Jr. *(pro hac vice pending)*
Texas Bar No. 24051009
Tyrone L. Haynes *(pro hac vice pending)*
Texas Bar No. 24076430
1001 Fannin Street, Suite 2400
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E: matt.matthews@mhllp.com
    tyrone.haynes@mhllp.com

*Counsel for Reliant Energy Retail Services, LLC*