# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**ROBERT J. DEHNEY**
(302) 351-9353
(302) 425-4673 FAX
rdehney@morrisnichols.com

July 5, 2024

The Honorable J. Kate Stickles
824 North Market Street
3rd Floor, Courtroom 6
Wilmington, DE 19801

        Re:    *In re Number Holdings, Inc., et al.* Case No. 24-10719 (JKS)

Dear Judge Stickles:

I write on behalf of the debtors and debtors-in-possession (the "Debtors") in response to the letter filed on July 3, 2024, by counsel to eight (8) personal injury claimants who have filed stay relief motions ("Movants" for the "Motions").

The first of the Motions was filed on May 17, 2024 (D.I. 591), and was originally noticed for the June 4, 2024, hearing before being adjourned to the hearing set for July 11, 2024. The remaining Motions were filed on June 26, 2024 (D.I. 871, 873, 875, 877, 879, 882 & 886). Movants noticed the remaining Motions for the hearing set for July 11, 2024, and set the objection deadline for July 3, 2024, at 4:00 p.m. (ET). There is also another Movant (represented by different counsel) who filed a Motion on June 13, 2024 (D.I. 834); that Motion was similarly noticed for the hearing set for July 11, 2024. Additionally, Safety National Casualty Corporation ("Safety National") filed an objection to the first Motion on May 28, 2024, (D.I. 736) and the rest of the Motions on July 2, 2024 (D.I. 917).

The Debtors do not object to the adjournment of the Motions to the hearing set for August 9, 2024, but they do object to holding a status conference or a preliminary hearing (either on July 11 or August 9) with a second hearing to potentially follow. There is no need for a status conference or a preliminary hearing, both of which would be an unnecessary waste of the Debtors' estate resources and not in the interests of judicial economy. The Movants should be prepared to move forward on their Motions.

The Honorable J. Kate Stickles
July 5, 2024
Page 2

       Movants' asserted reasons do not justify their request for a "preliminary hearing" on the Motions. As Movants recognize in their letter, under Del. Bankr. L.R. 9013-1(d), all contested hearings before this Court are evidentiary hearings. Movants have filed their Motions and noticed them for hearing. Therefore, Movants should be prepared to put forward any evidence they believe is needed to prosecute the Motions and satisfy their burden of proof, including testimony from Movants or other witnesses. The Debtors will be prepared to object to any such evidence, cross-examine any such witnesses and/or respond with their own evidence and testimony as necessary, and reserve all rights with respect thereto. Moreover, scheduling two hearings—a preliminary hearing and a final hearing—on the Motions (in addition to a status conference) is unnecessary and an inefficient use of time and resources, both for the parties and the Court. If Movants' concern is the cost associated with having witnesses travel to appear in person at a hearing on July 11 or August 9, the Debtors do not object to their appearance by Zoom.

       For those reasons, the Debtors submit that the Motions should be heard in their entirety at a single hearing on July 11 or August 9. While the Debtors do not believe that a status conference is necessary, they are available at the Court's convenience should the Court wish to hold one.

                                                Sincerely,

                                              *Robert J. Dehney, Sr.*

                                              Robert J. Dehney, Sr.

RJD/clh