**MOT**
Kevin A. Sprenz, Esq.
Nevada Bar No. 7924
SPRENZ LAW
9960 W. Cheyenne Ave., Ste. 170
Las Vegas, Nevada 89129
ksprenz@sprenzlaw.com
Phone: (702) 243-4900
Facsimile: (702) 998-1897
Attorney for Movant

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>NUMBER HOLDINGS, INC. | Chapter 11<br>Case No.:  24-10719-JKS<br><br>**MOTION TO LIFT<br>BANKRUPTCY STAY** |

COMES NOW Movant, BELEN L. BANUELOS REYES, by and through her attorney, Kevin A. Sprenz, Esq. of SPRENZ LAW, hereby moves this Honorable Court for an Order lifting the automatic bankruptcy stay pursuant to 11 U.S.C. §362(d).

This Motion is based upon the pleadings and papers on file with this Court, the below points and authorities, and any oral argument that this Court may entertain at the time of hearing.

DATED this __12th__ day of __November__ 2024.

SPRENZ LAW

_____
KEVIN A. SPRENZ, Esq.
Nevada Bar No. 7924
9960 W. Cheyenne Ave., Ste. 170
Las Vegas, Nevada 89129
*Attorney for Movant*

1

## NOTICE OF MOTION

2

TO:    ALL INTERESTED PARTIES.

3

4

    PLEASE TAKE NOTICE that the undersigned will bring **MOTION TO LIFT**

5

**BANKRUPTCY STAY** on for hearing before the above-entitled court on the ___20th___ day of

6

___December___, 2024, at ___10:00   a___.m., or as soon thereafter as counsel can be heard.

7

    DATED this ___12th___ day of ___November___, 2024.

8

9

                             **SPRENZ LAW**

10

11

                             _____

12

                             Kevin A. Sprenz, Esq.
                             Nevada Bar No. 7924

13

                             9960 W. Cheyenne Ave, Ste. 170
                             Las Vegas, NV 89129

14

                             *Attorney for Movant*

15

16

## MEMORANDUM OF POINTS AND AUTHORITIES

17

### I.

18

### FACTUAL BACKGROUND

19

20

    The instant Motion stems from a claim for negligence currently pending before the Eighth

21

Judicial District Court, Clark County Nevada, case number A-23-863865-C.  Movant, BELEN L.

22

BAUELOS REYES, filed a Complaint against 99 CENTS ONLY STORE, LLC (hereinafter,

23

"Debtor"), for bodily injuries he suffered as the result of a motor vehicle accident that occurred on

24

August 25, 2021, asserting claims for Negligence and Negligence Per Se.  Debtor subsequently filed a

25

Petition for Bankruptcy under Chapter 11 of Title 11 U.S.C. on or about April 7, 2024, thereby

26

initiating an automatic stay pursuant to 11 U.S.C. §362.  Debtor's bankruptcy filing was only brought

27

to Movant's attention just prior to the Arbitration, on April 12, 204.  Notice of the Automatic Stay was

28

not filed in Movant's underlying negligence action until April 12,2024.

Movant is informed and believes that Debtor is insured against those damages alleged by Movant in her Complaint by Athens Program Insurance Services, LLC ("Athens"). Through the course of litigating her Complaint against Debtor, Movant seeks to determine the extent of Debtor's liability, and seeks recovery for any such liability from Debtor's insurance carrier, Athens. Movant's intent is to pursue such recovery only against Debtor's insurance proceeds and not against Debtor's other assets.

Continuance of the bankruptcy stay would result in significant prejudice to Movant's ability to pursue recovery for her damages in the negligence action. Given that the Movant intends to limit her pursuit of claims only against Debtor's applicable insurance policy, Debtor's personal assets will not be jeopardized and the Movant's Motion to lift the bankruptcy stay should be granted by this Honorable Court.

## II.

## LEGAL STANDARD

The United States Bankruptcy code provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (2) (Emphasis added). "The burden of proof on a motion to modify the automatic stay is a shifting one," in that the party seeking relief must establish a prima facie case that there exists cause for relief under 11 U.S.C. § 362(d)(1). In re Smith, 389 B.R. 902, 918

(Bkrtcy.D.Nev. 2008); <u>In re Sonnax Indus., Inc.</u>, 907 F.2d 1280, 1285 (2d Cir.1990); <u>In re Mazzeo</u>, 167 F.3d 139, 142 (2d Cir.1999); <u>In re Duvar Apt., Inc.</u>, 205 B.R. 196, 200 (9th Cir. BAP 1996).  Once the moving party has established a prima facie case, the burden shifts to the debtor to show that relief from the stay is unwarranted. 11 U.S.C. § 362(g)(2); <u>In re Sonnax</u>, 907 F.2d at 1285; <u>In re Duvar Apt.</u>, 205 B.R. at 200.

Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of property in which the debtor has a legal or equitable interest.  11 U.S.C. § 541(a)(1).  Where there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the burden is on the creditor to seek a determination from the bankruptcy court as to whether or not such property is subject to the automatic stay.  <u>In re Petit</u>, 217 F.3d 1072, 1075 (9th Cir. 2000).  If it can be shown that the debtor does not have an equity in property claimed to be part of the estate, the bankruptcy court may lift the automatic stay.  <u>In re Collins</u>, 199 B.R. 561, 565 (Bankr.W.D.Pa.1996); 11 U.S.C. § 362(d)(2)(A).

Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "... the personal liability of the debtor...." 11 U.S.C. § 524(a)(1).

> Accordingly, the statutory language, on its face, does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurance.

<u>In re Jet Florida Systems, Inc.</u>, 883 F.2d 970, 973 (11th Cir. 1989).

> The provisions of 524(a) apply only with respect to the personal liability of the debtor. ***When it is necessary to commence or continue suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred.  Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.***

<u>Id.</u> (citing 3 R. Babitt, A. Herzog, R. Mabey, H. Novikoff, & M. Sheinfeld, <u>Collier on Bankruptcy</u> 524.01 at 524-16 (15th ed.1987) (Emphasis added).  As such, the Code does not seek to shield third

parties, such as a debtor's insurers, from liability.  <u>In re Jet Florida Systems, Inc.</u>, 883 F.2d 970, 974 (11th Cir. 1989).

**III.**

**ARGUMENT**

A.    <u>**Just Cause Exists for Lifting the Automatic Bankruptcy Stay.**</u>

Bankruptcy courts have identified the following twelve (12) nonexclusive factors as issues a bankruptcy court should weigh in determining whether there exists "cause" to lift the automatic stay to permit litigation to continue in another forum:

1.  Whether the relief will result in a partial or complete resolution of the  issues;

2.  The lack of any connection with or interference with the bankruptcy case;

3.  Whether the foreign proceeding involves the debtor as a fiduciary;

4.  Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5.  Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6.  Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7.  Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

8.  Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9.  Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

12. The impact of the stay on the parties and the "balance of hurt."

<u>In re Smith</u>, 389 B.R. 902, 918-919 (Bkrtcy.D.Nev. 2008).  With respect to each of the above-referenced factors:

1. Relief from the stay will allow the Movant to resolve her claims against Debtor in their entirety;

2. There is no connection between the District Court negligence action and Debtor's bankruptcy case, nor will such action interfere with the bankruptcy matter;

3. The Debtor is not a fiduciary in the negligence action;

4. A specialized tribunal is not required to hear the negligence action as the Eighth Judicial District Court is equipped to hear the same;

5. Debtor's insurance carrier has assumed responsibility for and has retained counsel to defend the Debtor in the negligence action;

6. The negligence action does not involve third parties;

7. The negligence action will not prejudice the interests of other creditors as the insurance policy in question pertains to a motor vehicle accident that is the subject matter of the negligence matter;

8. A judgment arising from the negligence action is not subject to equitable subordination under Section 510(c);

9. Inapplicable;

10. Lifting the bankruptcy stay will serve the interests of judicial economy and the expeditious and economical determination of litigation for the parties by allowing the Movant to negotiate a settlement of all claims against Debtor with Debtor's insurance carriers;

11. The parties in the negligence litigation were in the process of preparing for trial, when Debtor's bankruptcy filing came to light during Debtor's deposition; and

12. Failure to lift the automatic stay in this matter would severely prejudice the Movant in her pursuit of claims in the original negligence action, which gave rise to her claims against Debtor.  Moreover, it is Movant's understanding that Debtor did not identify Movant's negligence as a potential creditor in her filing with this Honorable Court.

Based on these factors, Movant can clearly demonstrate just cause for lifting the automatic stay. Most importantly, if the Movant is precluded from establishing Debtor's liability, he will be deprived of any recovery from Debtor's implicated insurers. As such:

> ... the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer.

In re Mann, 58 B.R. 953, 958 (Bankr.W.D.Va. 1986); see also Rowe v. Ford Motor Co., 34 B.R. 680 (M.D.Ala.1983); Elliot [Elliott] v. Hardison, 25 B.R. 305 (E.D.Va.1982); Wilkinson v. Vigilant Insurance Co., [236 Ga. 456,] 224 S.E.2d 167 (1976); Johnson v. Bondurant, [187 Kan. 637,] 359 P.2d 861 (1961); Miller v. Collins, [328 Mo. 313,] 40 S.W.2d 1062 (1931).

While the Movant seeks to establish Debtor's liability, the determination of such liability will not serve to prejudice Debtor, as Debtor's property is not subject to risk. In re Jet Florida Systems, Inc., 883 F.2d 970, 974 (11th Cir. 1989) (citing In re Mann, 58 B.R. 953, 958 (Bankr.W.D.Va. 1986)). The pursuit of the lawsuit against Debtor will only affect the assets and liability of the Debtor's implicated insurers, and will not affect the Debtor personally. In re White, 73 B.R. 983, 985 (Bankr.D.Col. 1987) (see also In re Honosky, 6 B.R. 667 (Bankr.S.D.W.Va.1980) (Plaintiff could proceed to suit to extent of the debtor's insurance coverage); Elliott v. Hardison, 25 B.R. 305—06 (E.D.Va.1982) (relief from stay appropriate given that any resulting judgment from the civil action could not be enforced against the debtor or his bankruptcy estate); In re Glen-Bern Industries, Inc., 6 C.B.C. 100, 102 (Bankr.D.Mass.1975) (although decided under § 16 Bankruptcy Act of 1898, the court reasoned that a discharge is personal to the debtor and not to accrue to the benefit of third parties who may have liability based on the bankrupt's liability); Rowe v. Ford Motor Co., 34 B.R. 680 (M.D.Ala.1983)).

Based on the foregoing, there is just cause to lift the bankruptcy stay and permit Movant to pursue its claims against Debtor. Movant has no intention of enforcing a judgment against the Debtor or the Debtor's estate, but rather, intends to pursue recovery against Debtor's insurers, who are not protected by the Bankruptcy Code. 11 U.S.C. § 524 does not act to shield third parties such as insurers, who are subject to liability on behalf of the debtor. In re Jet Florida Systems, Inc., 883 F.2d 970, 974 (11th Cir. 1989). As such, this Honorable Court must grant Movant's relief from the automatic stay and permit it to pursue its claims against Debtor.

**B.** **Debtor Does Not Have an Equitable Interest That Would Warrant Inclusion of Subject Insurance in the Bankruptcy Estate.**

Movant requests that the Bankruptcy Court lift the automatic stay in this matter, so that it may proceed with its Complaint against Debtor for the limited purpose of establishing liability against the same and seek recovery from the Debtor's implicated insurance carriers. In doing so, the Movant seeks a determination from this Court that the property in question, Debtor's insurance, is not subject to the stay. While Debtor's possessory interest in the applicable insurance policies renders such property subject to the automatic stay, Debtor does not have an equitable interest in the insurance, nor would the proceeds from the insurance benefit the Debtor in reorganization, as this is a Chapter 13 bankruptcy case. In re 48th Street Steakhouse, Inc., 835 F.2d 427, 430 (2d Cir.1987).

The insurance at issue in this matter is a motor vehicle liability insurance policy, the proceeds of which cannot be used by the Debtor to satisfy any claims other than those covered by the applicable insurance policies. This type of insurance is not akin to a life insurance policy in which a debtor may accumulate equity. As such, the insurance policies at issue here should not be subject to the automatic stay and should be excluded from the bankruptcy estate. Moreover, the Debtor will not be prejudiced by exposure to liability in this matter because:

[t]he Debtor and his property are not subject to any risk and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving the Debtor a fresh start in his economic life.

In re Jet Florida Systems, Inc., 883 F.2d 970, 974 (11th Cir. 1989) (*citing* Wimmer v. Mann (In re Mann), 58 B.R. 953, 958 (Bankr.W.D.Va. 1986)). Movant's maintenance of her Complaint against Debtor will not affect the Debtor's property, nor will it impact the Debtor's economic future. As such, the Movant request that the automatic stay be lifted is warranted and should by granted by this Court.

### IV.

### CONCLUSION

Based on the foregoing, the Movant requests that this Honorable Court lift the automatic bankruptcy stay and permit Movant to pursue her Complaint against Debtor. Said relief will not affect the Debtor or the Debtor's estate, as Movant will only seek recovery against Debtor's insurers, who are not afforded protection under the Bankruptcy Code. As such, Movant's Motion should be granted.

DATED this ___12th___ day of ___November___, 2024.

SPRENZ LAW

_____
KEVIN A. SPRENZ, Esq.
Nevada Bar No. 7924
9960 W. Cheyenne Ave., Ste. 170
Las Vegas, Nevada 89129
*Attorney for Movant*

# CERTIFICATE OF SERVICE

I hereby certify that on this ____12th____ day of ____November____, 2024, I caused to be served a true

and correct copy of the **MOTION TO LIFT BANKRUPTCY STAY,** in the following manner:

( X )    (CM/ECF ELECTRONIC SERVICE) By electronic filing the above
referenced document via CM/ECF service to the parties listed below on the
date above written.

Lew Brandon, Jr., Esq.
Ryan Venci, Esq.
BRANDON | SMERBER LAW FIRM
139 E. Warm Springs Rd.
Las Vegas, NV  89119
*Attorney for Defendant*
99 CENTS ONLY STORES, LLC

Phillip R. Emerson, Esq.
EMERSON LAW GROUP
1055 Whitney Ranch Drive # 120
Henderson, NV  89014
*Attorney for Defendant*
BEST REFRIGERATION, INC.

Sunny M. Kwon, Esq.
9275 W. Russel Road #235
Las Vegas, NV  89148
*Arbitrator*

*/s/ Trinidad Acosta-Christon*
_____
An Employee of SPRENZ LAW