**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NUMBER HOLDINGS, INC., *et al.*, [1] | ) | Case No. 24-10719 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF AGENDA FOR HEARING SCHEDULED FOR**
**JANUARY 24, 2025, AT 10:00 A.M. (PREVAILING EASTERN TIME)**

> This proceeding will be conducted in-person in Courtroom 6.
> All counsel and witnesses are expected to attend unless permitted to appear remotely via Zoom. Please refer to Judge Stickles's Chambers Procedures (https://www.deb.uscourts.gov/content/judge-j-kate-stickles) and the Court's website (http://www.deb.uscourts.gov/ecourt-appearances) for information on who may participate remotely, the method of allowed participation (video or audio), Judge Stickles's expectations of remote participants, and the advance registration requirements.
>
> Registration is required by 4:00 p.m. (Prevailing Eastern Time) the business day before the hearing unless otherwise noticed using the eCourtAppearances tool available on the Court's website.

## RESOLVED MATTERS

1.    Dayforce US, Inc.'s First Application for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1) (D.I. 1243, filed 9/10/24).

 Objection Deadline: September 17, 2024, at 4:00 p.m. (ET).

 Responses Received: None.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents HoldCo LLC (3987); (iii) 99 Cents Only Stores LLC (1605); (iv) 99 Cents Only Stores Texas, Inc. (1229); (v) 99 Cents PropCo LLC (7843); (vi) Bargain Wholesale LLC (8030). The Debtors' mailing address is 10105 E Via Linda, Ste 103 PMB 1207, Scottsdale, AZ 85258.

Related Documents:

a)      Certification of Counsel Regarding Dayforce US, Inc.'s First Application for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1) (D.I. 1615, filed 12/23/24); and

b)      Order Granting Dayforce US, Inc.'s First Application for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1) (D.I. 1616, entered 12/23/24).

Status:  An order has been entered. A hearing on this matter is no longer necessary.

2.      Tenth Omnibus Objection (Non-Substantive) to Amended and Superseded, Duplicative, Modified Debtor Claims, and Undocumented Claim Transfers Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1419, filed 10/25/24).

Objection Deadline: November 15, 2024, at 4:00 p.m. (ET).

Responses Received:

a)      Response to Tenth Omnibus Objection (Non-Substantive) to Amended and Superseded, Duplicative, Modified Debtor Claims, and Undocumented Claim Transfers Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007 (POS attached) (D.I. 1492, filed 11/15/24); and

b)      Quality Plus Corporation Response to Tenth Omnibus Objection (Non-Substantive) to Duplicative Claims Identified in Exhibit 2 as Claims #385, 1515, 1519, 1556 and 1557 (D.I. 1521, filed 11/26/24).

Related Documents:

a)      Certificate of No Objection Regarding Tenth Omnibus Objection (Non-Substantive) to Amended and Superseded, Duplicative, Modified Debtor Claims, and Undocumented Claim Transfers Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1495, filed 11/19/24);

b)      Order Sustaining Tenth Omnibus Objection (Non-Substantive) to Amended and Superseded, Duplicative, Modified Debtor Claims, and Undocumented Claim Transfers Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1498, entered 11/19/24);

c)      Certification of Counsel Regarding Order Sustaining Tenth Omnibus Objection (Non-Substantive) to Amended and Superseded, Duplicative, Modified Debtor Claims, and Undocumented Claim Transfers Pursuant to Section 502 of the

Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 as to Quality Plus Corp.'s Claims (D.I. 1619, filed 12/23/24); and

d)    Order Sustaining Tenth Omnibus Objection (Non-Substantive) to Amended and Superseded, Duplicative, Modified Debtor Claims, and Undocumented Claim Transfers Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 as to Quality Plus Corp.'s Claims (D.I. 1620, entered 12/23/24).

Status:  Orders have been entered.  A hearing on this matter is no longer necessary.

3.    Motion of Adela Marquez for Relief from the Automatic Stay (D.I. 1563, filed 12/06/24).

Objection Deadline: December 13, 2024, at 4:00 p.m. (ET).

Responses Received: None.

Related Documents:

a)    Certification of Counsel Regarding Stipulation by and Between the Debtors, Safety National Casualty Corporation and Adela Marquez Regarding Limited Relief from the Automatic Stay to Continue Pending Litigation (D.I. 1626, filed 12/30/24); and

b)    Order Approving Stipulation by and Between the Debtors, Safety National Casualty Corporation and Adela Marquez Regarding Limited Relief from the Automatic Stay to Continue Pending Litigation (D.I. 1629, entered 1/2/25).

Status:  An order has been entered.  A hearing on this matter is no longer necessary.

4.    Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code Estimating Claim No. 1904 filed against Debtor 99 Cents Only Stores LLC at $0.00 in Amount Solely for Purposes of Plan Voting and Confirmation (D.I. 1621, filed 12/24/24).

Objection Deadline: January 10, 2025, at 4:00 p.m. (ET).

Responses Received: None.

Related Documents:

a)    Certificate of No Objection Regarding Debtors' Motion for Entry of an Order Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code Estimating Claim

No. 1904 filed against Debtor 99 Cents Only Stores LLC at $0.00 in Amount Solely for Purposes of Plan Voting and Confirmation (D.I. 1671, filed 1/16/25); and

b)    Order Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code Estimating Claim No. 1904 filed against Debtor 99 Cents Only Stores LLC at $0.00 in Amount Solely for Purposes of Plan Voting and Confirmation (D.I. 1677, entered 1/17/25).

Status:  An order has been entered.  A hearing on this matter is no longer necessary.

## ADJOURNED MATTERS

5.    Request and Reservation of Rights of Anthem Blue Cross Life and Health Insurance Company for Allowance and Payment of an Administrative Expense Claim for the Period of April 7, 2024 Through May 31, 2024 (D.I. 942, filed 7/3/24).

Objection Deadline:  July 26, 2024, at 4:00 p.m. (ET); extended for the Debtors.

Responses Received: None.

Related Documents:

a)    Notice of Filing of Proposed Order Granting Request and Reservation of Rights of Anthem Blue Cross Life and Health Insurance Company for Allowance and Payment of an Administrative Expense Claim for the Period of April 7, 2024 Through May 31, 2024 (D.I. 943, filed 7/3/24).

Status:  This matter is adjourned to a date to be determined.

6.    Motion of Global Packaging Supply, Inc. d/b/a Global Supply Company Supply for Allowance of Administrative Expense Claim Pursuant to Section 11 U.S.C. § 503(b) of the Bankruptcy Code (D.I. 949, filed 7/8/24).

Objection Deadline:  July 26, 2024, at 4:00 p.m. (ET); extended for the Debtors.

Responses Received: None.

Related Documents: None.

Status: The parties have an agreement in principle and the Debtors intend to submit a proposed order under certification of counsel.  This matter is otherwise adjourned to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

7.    Motion of Advance Carts LLC for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(9) (D.I. 971, filed 7/8/24).

Objection Deadline:  July 22, 2024, at 4:00 p.m. (ET); extended for the Debtors.

Responses Received: None.

Related Documents: None.

Status:  This matter is adjourned to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

8.      Motion by Cynthia Remis to Modify Stay (D.I. 1179, filed 8/15/24).

Objection Deadline:  September 17, 2024, at 4:00 p.m. (ET).

Responses Received:

a)      Consolidated Objection as to Motions of Cynthia Remis, Brenda Firestone, Judith Persino, and Dohana Pantaleon for Relief from the Automatic Stay (D.I. 1229, filed 9/3/24).

Related Documents:

a)      Amended Notice of Motion by Cynthia Remis for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) (D.I. 1184, filed 8/16/24).

Status:  This matter is adjourned to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

9.      Motion of Esperanza Hernandez Sandoval (I) for Relief from the Automatic Stay and (II) to Permit Filing of a Proof of Claim After the Bar Date (D.I. 1244, filed 9/10/24).

Objection Deadline:  September 17, 2024, at 4:00 p.m. (ET).

Responses Received:

a)      Objection of Safety National Casualty Corporation as to Motion of Esperanza Hernandez Sandoval for Relief from the Automatic Stay (D.I. 1256, filed 9/13/24).

Related Documents: None.

Status: This matter is adjourned to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

10.     Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1317, filed 9/28/24).

Objection Deadline:  October 18, 2024, at 4:00 p.m. (ET).

Responses Received:

a)      Informal comments received from Grand A International (Claim No. 1152);

b)      Informal comments received from Mayflower Distributing Company, Inc. (Claim No. 1259);

c)      Informal comments received from Passion Growers West, LLC (Claim No. 1353);

d)      Informal comments received from Nolana St., LLC (Claim No. 1410);

e)      Informal comments received from Symphony Talent, LLC (Claim No. 1448);

f)      [Withdrawn] Informal comments received from Eggs Unlimited LLC (Claim No. 1374);

g)      Informal comments received from Paper Source Converting and Manufacturing, Inc. (Claim No. 49);

h)      Reply of Fourstar Group USA, Inc. to Debtors' Eighth Omnibus Objection (Substantive) to Reclassify Claims (D.I. 1364, filed 10/14/24);

i)      Response to Debtors' Eighth Omnibus Objection (Substantive) to Reclassify Claims (D.I. 1377, filed 10/17/24);

j)      Masters Advanced Remediation, LLC's Response to Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims (D.I. 1383, filed 10/18/24);

k)      Shamrock Foods Corporation's Response to Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1384, filed 10/18/24);

l)      Emergency Motion of MP2 Energy NE LLC d/b/a Shell Energy Solutions for Enlargement of Time to File Response to Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1408, filed 10/24/24);

m)      Omnibus Objection to Claims Regarding Eighth Omnibus Objection (Substantive) to Reclassified Claims (D.I. 1422, filed 10/29/24); and

n)      MP2 Energy NE LLC d/b/a Shell Energy Solutions' First Amended Response to Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1568, filed 12/9/24).

Related Documents:

a)      Certification of Counsel Regarding Order Sustaining Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1463, filed 11/7/24);

b)    Order Sustaining Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1474, entered 11/13/24);

c)    Certification of Counsel Regarding Order Sustaining Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 as to Symphony Talent, LLC's Claim (D.I. 1550, filed 12/4/24);

d)    Order Sustaining Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 as to Symphony Talent, LLC's Claim (D.I. 1553, entered 12/5/24);

e)    Certification of Counsel Regarding Order Sustaining Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 as to Certain Previously Adjourned Claims (D.I. 1565, filed 12/7/24);

f)    Order Sustaining Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1566, entered 12/9/24);

g)    Certification of Counsel Regarding Order Sustaining Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 and Allowance as to Certain Previously Adjourned Claims (D.I. 1649, filed 1/6/25); and

h)    Order Sustaining Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 and Allowance as to Certain Previously Adjourned Claims (D.I. 1650, entered 1/7/25).

Status: Responses (h), (l), and (n) are adjourned to a date to be determined.  Orders have otherwise been entered with respect to the remaining responses received.

11.    Ninth Omnibus Objection (Substantive) to Reduced & Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1318, filed 9/28/24).

Objection Deadline:  October 18, 2024, at 4:00 p.m. (ET).

Responses Received:

a)    Informal comments received from L & S Investment Company (Claim No. 1261); and

b)      Response of Indian River Plaza, LLC to Ninth Omnibus Objection (Substantive) to Reduced & Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 Relating to Claim #1545 (D.I. 1378, filed 10/17/24).

Related Documents:

a)      Certification of Counsel Regarding Order Sustaining Debtors' Ninth Omnibus Objection (Substantive) to Reduced & Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1464, filed 11/7/24);

b)      Order Sustaining Debtors' Ninth Omnibus Objection (Substantive) to Reduced & Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1467, entered 11/8/24);

c)      Certification of Counsel Regarding Order Sustaining Debtors' Ninth Omnibus Objection (Substantive) to Reduced & Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 as to L & S Investment Company's Claim (D.I. 1549, filed 12/4/24); and

d)      Order Sustaining Debtors' Ninth Omnibus Objection (Substantive) to Reduced & Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 as to L & S Investment Company's Claim (D.I. 1552, entered 12/5/24).

Status:  Orders have been entered with respect to claims other than those associated with response (b).  Response (b) is adjourned to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

12.     Reliant Energy Retail Services, LLC's Second Application for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1) (D.I. 1379, filed 10/18/24).

Objection Deadline: November 1, 2024, at 4:00 p.m. (ET).

Responses Received: None.

Related Documents: None.

Status:  This matter is adjourned to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

13.     Emergency Motion of MP2 Energy NE LLC d/b/a Shell Energy Solutions for Enlargement of Time to File Response to Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1408, filed 10/24/24).

Objection Deadline: October 28, 2024, at 4:00 p.m. (ET).

Responses Received: None.

Related Documents:

a)      MP2 Energy NE LLC d/b/a Shell Energy Solutions' First Amended Response to Debtors' Eighth Omnibus Objection (Substantive) to Reclassified Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1568, filed 12/9/24).

Status:  This matter is adjourned to a date to be determined.

14.     Motion to Lift Bankruptcy Stay (D.I. 1472, filed 11/12/24).

Objection Deadline: December 13, 2024, at 4:00 p.m. (ET).

Responses Received:

a)      Objection of Safety National Casualty Corporation as to Motion of Belen Banuelos Reyes for Relief from the Automatic Stay (D.I. 1513, filed 11/22/24).

Related Documents:

a)      Amended Notice of Motion (D.I. 1476, filed 11/13/24).

Status:  This matter is adjourned to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

15.     Motion of Melrose Investment Company, LLC for Entry of an Order Compelling the Debtors' Payment of Post-Petition Obligations Owed Under the Unexpired Lease of Non-Residential Real Property (D.I. 1639, filed 1/3/25).

Objection Deadline: January 17, 2025, at 4:00 p.m. (ET).

Responses Received:

a)      Debtors' Objection to Motion of Melrose Investment Company, LLC for Entry of an Order Compelling the Debtors Payment of Post-Petition Obligations Owed Under the Unexpired Lease of Nonresidential Real Property (D.I. 1676, filed 1/27/25).

Related Documents: None.

Status:  This matter is adjourned to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

16.     MP2 Energy NE LLC d/b/a Shell Energy Solutions' Application for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1) (D.I. 1647, filed 1/6/25).

Objection Deadline: January 17, 2025, at 4:00 p.m. (ET).

Responses Received: None.

Related Documents: None.

Status:  This matter is adjourned to a date to be determined.

**MATTERS UNDER CERTIFICATION**

17.     Fourth Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1201, filed 8/23/24).

Objection Deadline:  September 13, 2024, at 4:00 p.m. (ET).

Responses Received:

a)      Informal response received from Tropicana; and

b)      Informal response received from Reynaldo's Mexican Food Company, LLC.

Related Documents:

a)      Certification of Counsel Regarding Order Sustaining Debtors' Fourth Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1284, filed 9/24/24);

b)      Order Sustaining Debtors' Fourth Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1287, entered 9/24/24);

c)      Certification of Counsel Regarding Order Sustaining Debtors' Fourth Omnibus Objection (Substantive) to the Claims of Reynaldo's Mexican Food Company, LLC (D.I. 1465, filed 11/7/24);

d)      Order Sustaining Fourth Omnibus Objection (Substantive) to the Claims of Reynaldo's Mexican Food Company, LLC (D.I. 1468, entered 11/8/24); and

e)      Certification of Counsel Regarding Order Sustaining Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the Bankruptcy

Code, Bankruptcy Rule 3007, and Local Rule 3007-1 as to the Claims of Tropicana Product Sales, Inc. (D.I. 1690, filed 1/22/25).

Status: An order has been entered with respect to all claims subject to the Omnibus Objection other than the claims associated with response (a). Response (a) has now been resolved and a proposed order has been submitted under certification of counsel on January 22, 2025. Accordingly, no hearing is necessary unless the Court directs otherwise.

18.    Debtors' Motion for Entry of an Order Pursuant to Fed. R. Bankr. P. 9019 Approving Settlement Among Debtor 99 Cents Only Stores Texas, LLC, Affiliated FM Insurance Company, Yacoel 2021 Partners LP, and Katy Mission, LLC (D.I. 1642, filed 1/3/25).

Objection Deadline: January 17, 2025, at 4:00 p.m. (ET).

Responses Received:

Related Documents:

a)    Certificate of No Objection Regarding Debtors' Motion for Entry of an Order Pursuant to Fed. R. Bankr. P. 9019 Approving Settlement Among Debtor 99 Cents Only Stores Texas, LLC, Affiliated FM Insurance Company, Yacoel 2021 Partners LP, and Katy Mission, LLC (D.I. 1691, filed 1/22/25).

Status: On January 22, 2025, a certificate of no objection was submitted. Accordingly, no hearing is necessary unless the Court directs otherwise.

19.    Motion for Entry of an Order Deeming Pavana-Camargo's Proof of Claim Timely-Filed (D.I. 1658, filed 1/9/25).

Objection Deadline: January 17, 2025, at 4:00 p.m. (ET).

Responses Received: None.

Related Documents:

a)    Certificate of No Objection Regarding Motion for Entry of an Order Deeming Pavana-Camargo's Proof of Claim Timely-Filed (D.I. 1681, filed 1/21/25).

Status: On January 21, 2025, a certificate of no objection was submitted. Accordingly, no hearing is necessary unless the Court directs otherwise.

**MATTERS GOING FORWARD**

20.    Motion of Madai Elisa Ruiz for Relief from the Automatic Stay (D.I. 877, filed 6/26/24).

Objection Deadline:  July 3, 2024, at 4:00 p.m. (ET).

Responses Received:

a)      Joint Objection of Safety National Casualty Corporation as to Various Motions for Relief from the Automatic Stay Filed at Docket Nos. 834, 871, 873, 875, 877, 879, 882 & 886 (D.I. 917, filed 7/2/24); and

b)      Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay (D.I. 937, filed 7/3/24).

Related Documents:

a)      Letter to Hon. J. Kate Stickles Requesting Status Conference as to Eight (8) Stay Relief Motions (D.I. 935, filed 7/3/24);

b)      Letter to the Hon. J. Kate Stickles Regarding the Request for a Status Conference on Stay Relief Motions (D.I. 947, filed 7/5/24); and

c)      [SEALED] Omnibus Consolidated Reply of Certain Personal Injury Claimants in Support of their Motions for Relief from the Automatic Stay (D.I. 967, filed 7/8/24).

Status:  The Debtors are working with the movant to adjourn this matter to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

21.     Motion of Yesenia Velasquez for Relief from the Automatic Stay (D.I. 879, filed 6/26/24).

Objection Deadline:  July 3, 2024, at 4:00 p.m. (ET).

Responses Received:

a)      Joint Objection of Safety National Casualty Corporation as to Various Motions for Relief from the Automatic Stay Filed at Docket Nos. 834, 871, 873, 875, 877, 879, 882 & 886 (D.I. 917, filed 7/2/24); and

b)      Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay (D.I. 937, filed 7/3/24).

Related Documents:

a)      Letter to Hon. J. Kate Stickles Requesting Status Conference as to Eight (8) Stay Relief Motions (D.I. 935, filed 7/3/24);

b)      Letter to the Hon. J. Kate Stickles Regarding the Request for a Status Conference on Stay Relief Motions (D.I. 947, filed 7/5/24); and

c)      [SEALED] Omnibus Consolidated Reply of Certain Personal Injury Claimants in Support of their Motions for Relief from the Automatic Stay (D.I. 967, filed 7/8/24).

Status:  The Debtors are working with the movant to adjourn this matter to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

22.     Request for Allowance of Administrative Claim of 21 Bapaz, LLC and 199 Murdock Associates LLC (D.I. 969, filed 7/8/24).

Objection Deadline:  July 22, 2024, at 4:00 p.m. (ET), extended for the Debtors.

Responses Received: None.

Related Documents: None.

Status:  The Debtors are working with the movant to adjourn this matter to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

23.     Third Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1200, filed 8/23/24).

Objection Deadline:  September 13, 2024, at 4:00 p.m. (ET).

Responses:

a)      Informal response received from Janelle Cervantes;

b)      Response to Third Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1221, filed 8/30/24);

c)      Response to Third Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1230, filed 9/3/24);

d)      Response of Clairemont Rental Properties to Debtors' Objection Request for Payment of Administrative Expense Claim (No. 34) (D.I. 1258, filed 9/13/24); and

e)      Response of Claimant G & A Lomita, LLC to Third Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1259, filed 9/13/24).

Related Documents:

a)      Certification of Counsel Regarding Order Sustaining Debtors' Third Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the

Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1294, filed 9/25/24); and

b)    Order Sustaining Third Omnibus Objection (Substantive) to No Liability Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1 (D.I. 1299, entered 9/25/24).

Status:  The Debtors have resolved responses (a), (b), (c), and (e).  Response (d) is currently going forward.

24.    Motion of Shahnaz Foroutanzad Levyim (I) for Relief from the Automatic Stay and (II) to Permit Filing of a Proof of Claim after the Bar Date (D.I. 1662, filed 1/10/25).

Objection Deadline: January 17, 2025, at 4:00 p.m. (ET).

Responses Received:

a)    Objection of Safety National Casualty Corporation as to Motion of Shahnaz Foroutanzad Levyim (I) for Relief from the Automatic Stay and (II) to Permit Filing of a Proof of Claim after the Bar Date (D.I. 1672, filed 1/16/25).

Related Documents: None.

Status:   The Debtors intend to submit a proposed order resolving this matter under certification of counsel prior to the hearing.  The Debtors otherwise are working with the movant to adjourn this matter to the hearing scheduled for February 24, 2025, at 1:00 p.m. (ET).

25.    Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates (D.I. 1685-1, filed 1/21/25).

Objection Deadline: January 17, 2025, at 4:00 p.m. (ET); extended for various parties through January 20, 2025, at 11:59 a.m. (ET).

Responses Received:

a)    Informal comments received from the Committee;

b)    Informal comments received from the United States Attorney's Office for the District of Delaware

c)    Informal comments received from certain of the Debtors' former landlords;

d)    Informal comments received from the Texas Taxing Authorities

e)    Informal comments received from Rolling Frito-Lay Sales, LP;

f)  Informal comments from Wilmington Trust, National Association;

g)  Safety National Casualty Corporation's Objection and Reservation of Rights to the Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates (D.I. 1673, filed 1/16/25);

h)  United States Trustee's Objection to Confirmation of Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates (D.I. 1679, filed 1/20/25); and

i)  Limited Objection and Reservation of Rights of Certain Personal Injury Claimants with Respect to Confirmation of the Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates and the Objection Thereto of Safety National Casualty Corporation (D.I. 1680, filed 1/20/25).

Related Documents:

a)  Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates (D.I. 1533, filed 11/27/24);

b)  Disclosure Statement for Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtors Affiliates (D.I. 1534, filed 11/27/24);

c)  Motion to Approve Debtors' Motion for Entry of An Order (I) Approving the Disclosure Statement on an Interim Basis for Solicitation Purposes Only; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan; (III) Approving the Form of Ballots and Solicitation Packages; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing For Final Approval of the Adequacy of Information in the Disclosure Statement and Confirmation of the Plan; and (VI) Granting Related Relief (D.I. 1535, filed 11/27/24);

d)  United States Trustee's Objection to Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis for Solicitation Purposes Only; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept of Reject the Plan; (III) Approving the Form of Ballots and Solicitation Package; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Information in the Disclosure Statement and Confirmation of the Plan; and (VI) Granting Related Relief (D.I. 1581, filed 12/13/24);

e)  Debtors' Reply in Support of Debtors' Motion for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis for Solicitation Purposes Only; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept Or Reject the Plan; (III) Approving the Form of Ballots and Solicitation Package; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Information in the Disclosure Statement and

Confirmation of the Plan; and (VI) Granting Related Relief (D.I. 1592, filed 12/17/24);

f)    Notice of Revised Joint Chapter 11 Plan of Number Holdings, Inc., and its Debtor Affiliates (D.I. 1605, filed 12/19/24);

g)    Notice of Revised Disclosure Statement for Joint Chapter 11 Plan of Number Holdings, Inc., and its Debtor Affiliates (D.I. 1606, filed 12/19/24);

h)    Order (I) Approving the Disclosure Statement on an Interim Basis for Solicitation Purposes Only; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan; (III) Approving the Form of Ballots and Solicitation Packages; (IV) Establishing the Voting Record Date; (V) Scheduling a Combined Hearing for Final Approval of the Adequacy of Information in the Disclosure Statement and Confirmation of the Plan; and (VI) Granting Related Relief (D.I. 1612, entered 12/20/24);

i)    Solicitation Version of Disclosure Statement for Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates (D.I. 1613, filed 12/20/24);

j)    Notice of Filing of Plan Supplement with Respect to the Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates (D.I. 1663, filed 1/10/25);

k)    Certification of Counsel Regarding Stipulation Between EMCOR Facilities Services, Inc. and the Debtors Regarding Voting on the Plan (D.I. 1683, filed 1/21/25);

l)    Declaration of Craig Johnson of Kroll Restructuring Administration LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates (D.I. 1684, filed 1/21/25);

m)    Notice of Filing of Revised Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates (D.I. 1685, filed 1/21/25);

n)    Notice of Filing of Amended Plan Supplement with Respect to the Joint Chapter 11 Plan on Number Holdings, and Its Debtor Affiliates (D.I. 1686, filed 1/21/25);

o)    Declaration of Christopher J. Wells in Support of Confirmation of the Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtor Affiliates (D.I. 1687, filed 1/21/25);

p)    Debtors' Memorandum of Law in Support of Confirmation of Joint Chapter 11 Plan on Number Holdings., and Its Debtor Affiliates (D.I. 1688, filed 1/21/25); and

q)    Notice of Filing of Proposed Findings of Fact, Conclusions of Law, and Order, Approving the Disclosure Statement on a Final Basis, Confirming the Joint Chapter 11 Plan of Number Holdings, Inc., and Its Debtors Affiliates, and Granting Related Relief (D.I. 1689, filed 1/21/25)

Status:  This matter is going forward.  All responses have been resolved except for response (h) above.  The Debtors intend to offer by declaration the testimony of Mr. Christopher Wells and Mr. Craig Johnson, each of which may be supplemented by live testimony.

Dated: January 22, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Jonathan M. Weyand*
Robert J. Dehney, Sr. (No. 3578)
Matthew O. Talmo (No. 6333)
Jonathan M. Weyand (No. 6959)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:    (302) 658-9200
Facsimile:     (302) 658-3989
Email:          rdehney@morrisnichols.com
                  mtalmo@morrisnichols.com
                  jweyand@morrisnichols.com
                  csawyer@morrisnichols.com

- and -

**MILBANK LLP**

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Michael W. Price, Esq. (admitted *pro hac vice*)
Lauren C. Doyle, Esq.  (admitted *pro hac vice*)
Brian Kinney, Esq. (admitted *pro hac vice*)
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:     (212) 530-5219
Email:          ddunne@milbank.com
                  mprice@milbank.com
                  ldoyle@milbank.com
                  bkinney@milbank.com

*Co-Counsel for Debtors in Possession*