**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NUMBER HOLDINGS, INC. *et al.*,[1] | ) ) ) | Case No. 24-10719 (JKS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Re: D.I. 1733** |

**NOTICE OF (I) ENTRY OF ORDER APPROVING
THE DISCLOSURE STATEMENT FOR AND CONFIRMING
THE JOINT CHAPTER 11 PLAN OF NUMBER HOLDINGS, INC.
AND ITS DEBTOR AFFILIATES, (II) THE OCCURRENCE OF THE
EFFECTIVE DATE, AND (III) CERTAIN CLAIMS BAR DATES**

**PLEASE TAKE NOTICE THAT** on January 24, 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law, and Order, Approving Disclosure Statement on a Final Basis, Confirming the Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates, and Granting Related Relief* [D.I. 1733] (the "Confirmation Order"), pursuant to which the Bankruptcy Court confirmed the *Further Revised Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates* [D.I. 1720] (the "Plan") and approved the *Disclosure Statement for the Joint Chapter 11 Plan of Number Holdings, Inc. and Its Debtor Affiliates* [D.I. 1613] (the "Disclosure Statement") of the above-captioned debtors and debtors in possession (the "Debtors").

**PLEASE TAKE FURTHER NOTICE THAT** the Effective Date,[2] occurred on January 31, 2025. Each of the conditions precedent to consummation of the Plan enumerated in Section VIII of the Plan has been satisfied or waived in accordance with the Plan and the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Section II.A.1.e of the Plan, Professionals asserting Fee Claims for services rendered before the Effective Date must file and serve on the Notice Parties, as defined in the Plan, an application for final allowance of such Fee Claims no later than **February 25, 2025**. Professionals shall also serve any such application on such other Entities as are designated by the Bankruptcy Rules or any order establishing procedures for compensation and reimbursement of expenses of Professionals entered by the Bankruptcy Court (including, but not limited to, the Creditors' Committee). Any Professional whose compensation or reimbursement of expenses is authorized pursuant to the Ordinary Course

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: (i) Number Holdings, Inc. (1463); (ii) 99 Cents HoldCo LLC (3987); (iii) 99 Cents Only Stores LLC (1605); (iv) 99 Cents Only Stores Texas, Inc. (1229); (v) 99 Cents PropCo LLC (7843); and (vi) Bargain Wholesale LLC (8030). The Debtors' mailing address is 10105 E Via Linda, Ste 103 PMB 1207, Scottsdale, AZ 85258.

[2] Capitalized terms used but not defined herein are defined in the Plan or Confirmation Order, as applicable.

Professionals Order may continue to receive such compensation and reimbursement of expenses for services rendered before the Effective Date pursuant to the Ordinary Course Professionals Order without further Bankruptcy Court review or approval. **Objections to any Fee Claim must be filed and served on the Notice Parties, and the requesting party not later than 4:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days after the filing of the applicable fee application or such other period of limitation as may be established by a Final Order for objecting to such Fee Claim.** Any provision in the Interim Compensation Order requiring Professionals to file an interim fee application is waived. Allowed Fee Claims shall be satisfied from any remaining retainer held by such Professionals and, once exhausted, from the Professional Fee Reserve.

**PLEASE TAKE FURTHER NOTICE THAT** unless previously filed or as otherwise governed by any order of the Bankruptcy Court, requests for payment of Administrative Claims (other than Fee Claims, Notes Settlement Expenses, and Senior Notes Agent Fees) that accrued between June 1, 2024, and the Effective Date must be filed and served on the Notice Parties no later than **March 3, 2025**. Holders of 503(b)(9) Claims shall continue to be subject to the Claims Bar Date. **Holders of Administrative Claims that are required to file and serve a request for payment and that do not timely file and serve such a request shall be forever barred from asserting such Administrative Claims, and such Administrative Claims shall be automatically disallowed as of the Effective Date,** *provided* **that a notice of such disallowance shall be filed and served on the Holder of the applicable Claim who has filed such request on an untimely basis**. Objections to requests for payment of Administrative Claims (other than Fee Claims, Notes Settlement Expenses, and Senior Notes Agent Fees) must be filed and served on the Notice Parties and the requesting party by the later of (a) 180 days after the Effective Date and (b) such other deadline for objecting to particular Claim(s) as may be established by the Plan, the Confirmation Order, or another order of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** each of the Executory Contracts and Unexpired Leases not assumed, assumed and assigned, or rejected pursuant to an order of the Bankruptcy Court prior to the Confirmation Order has been deemed rejected as of the Effective Date, except (i) to the extent otherwise provided in the Plan or in connection with any Asset Sale, (ii) to the extent such Executory Contract or Unexpired Lease was the subject of a separate motion to assume or assume and assign pending as of the Effective Date, or (iii) with respect to any Executory Contract or Unexpired Lease that previously expired or terminated pursuant to its own terms. The deadline to file a Proof of Claim for payment arising from the rejection of an Executory Contract or Unexpired Lease rejected under the Confirmation Order is **March 3, 2025**. **Holders of Claims arising from the rejection of Executory Contracts and Unexpired Leases with respect to which no Proof of Claim is timely asserted shall be forever barred from asserting a Claim based on such rejection unless otherwise expressly allowed by the Bankruptcy Court.** Claims arising from the rejection of Executory Contracts and Unexpired Leases shall constitute General Unsecured Claims and shall be treated pursuant to Section II of the Plan. The Liquidating Trust shall have the right to object to, settle, compromise or otherwise resolve any Claim asserted on account of a rejected Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Confirmation Order and the Plan, together with all other documents publicly filed in the Chapter 11 Cases are publicly available by accessing the Bankruptcy Court's website, http://www.deb.uscourts.gov, for a nominal charge

(a PACER account is required), and can be obtained free of charge by visiting the Debtors' Case Information Website (https://cases.ra.kroll.com/99only).

**PLEASE TAKE FURTHER NOTICE THAT** the rights, benefits and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Entity. The provisions of the Plan shall bind every Holder of a Claim and Interest and their respective successors and assigns, regardless of whether the Claim or Interest of such Holder is Impaired under the Plan and whether or not such Holder has accepted the Plan.

> **PLEASE BE ADVISED THAT SECTION X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS. YOU SHOULD REVIEW THE PLAN CAREFULLY BECAUSE IT MAY AFFECT YOUR RIGHTS.**
>
> **FOLLOWING ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN INTEREST, ALONG WITH THEIR RESPECTIVE REPRESENTATIVES, ARE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN.**

*[Remainder of page left intentionally blank]*

| | |
|---|---|
| Dated: January 31, 2025<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Jonathan M. Weyand*<br>Robert J. Dehney, Sr. (No. 3578)<br>Matthew O. Talmo (No. 6333)<br>Jonathan M. Weyand (No. 6959)<br>Casey B. Sawyer (No. 7260)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:  (302) 658-9200<br>Facsimile:   (302) 658-3989<br>Email:         rdehney@morrisnichols.com<br>                    mtalmo@morrisnichols.com<br>                    jweyand@morrisnichols.com<br>                    csawyer@morrisnichols.com<br><br>- and -<br><br>**MILBANK LLP**<br><br>Dennis F. Dunne, Esq. (admitted *pro hac vice*)<br>Michael W. Price, Esq. (admitted *pro hac vice*)<br>Lauren C. Doyle, Esq. (admitted *pro hac vice*)<br>Brian Kinney, Esq. (admitted *pro hac vice*)<br>55 Hudson Yards<br>New York, New York 10001<br>Telephone:  (212) 530-5000<br>Facsimile:   (212) 530-5219<br>Email:         ddunne@milbank.com<br>                    mprice@milbank.com<br>                    ldoyle@milbank.com<br>                    bkinney@milbank.com<br><br>*Co-Counsel for Debtors in Possession* |