**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NUMBER HOLDINGS, INC., et al., | |
| Debtors.[1] | Case No. 24-10719 (JKS) |
| | **Re Docket No. 1777** |

**ORDER (I) CLOSING CERTAIN CHAPTER 11 CASES; (II) MODIFYING CASE
CAPTION AND DIRECTING ADMINISTRATION IN THE REMAINING CASE;
(III) MODIFYING 2002 SERVICE LIST; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the 99 Cents Creditors' Liquidating Trust's (the "Trust") motion (the "Motion")[2] seeking entry of an order (this "Order"), pursuant to sections 105(a), 342, and 350 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3022, 9007, 9010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) closing certain of the Chapter 11 Cases; and (b) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  (i) Number Holdings, Inc. (1463); (ii) 99 Cents HoldCo LLC (3987); (iii) 99 Cents Only Stores LLC (1605); (iv) 99 Cents Only Stores Texas, Inc. (1229); (v) 99 Cents PropCo LLC (7843); (vi) Bargain Wholesale LLC (8030). The Debtors' mailing address is 10105 E Via Linda, Ste 103 PMB 1207, Scottsdale, AZ 85258.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and the Court having found that the relief requested in the Motion is in the best interests of the Trust, the Debtors, the estates, their creditors, and other parties in interest; and the Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The following Chapter 11 Cases are hereby closed, effective as of the date of entry of this Order (the "Closing Cases"):

| Debtor | Case No. |
|---|---|
| Number Holdings, Inc. | 24-10719 |
| 99 Cents HoldCo LLC | 24-10720 |
| 99 Cents Only Stores Texas, Inc. | 24-10722 |
| 99 Cents PropCo LLC | 24-10723 |
| Bargain Wholesale LLC | 24-10724 |

3.      The Clerk of the Court shall enter this Final Decree individually on the docket of each of the Closing Cases, and thereafter such dockets shall be marked as "Closed."  In addition, a notation shall be put on the docket in each of the Closing Cases as follows:  "This case is closed. For any post-confirmation matters pertaining to Number Holdings, Inc., 99 Cents HoldCo LLC, 99 Cents Only Stores Texas, Inc., 99 Cents PropCo LLC, or Bargain Wholesale LLC, please refer to the docket of the remaining open case of 99 Cents Only Stores, LLC, Case No. 24-10721 (JKS)."

4.      The case caption shall be amended to reflect the name of the Post-Confirmation Debtor in the remaining open case of 99 Cents Only Stores LLC, Case No. 24-10721 (the "Remaining Case") as follows:

| | |
|---|---|
| In re:<br><br>99 Cents Only Stores, LLC,<br><br>                    Post-Confirmation Debtor.[1] | Chapter 11<br><br>Case No. 24-10721 (JKS) |

---

[1]  The Post-Confirmation Debtor in this Chapter 11 Case, along with the last four digits of its federal tax identification number, is 99 Cents Only Stores LLC (1605). The Post-Confirmation Debtor's mailing address is META Advisors, LLC, 3 World Trade Center, 67th Floor, New York, NY 10007.

5.      Claims asserted in the Closing Cases shall hereby remain unaffected by entry of this Final Decree.  Any remaining matters in the Chapter 11 Cases shall be administered under the Remaining Case, including any objections to claims or interests asserted in the closing Cases.

6.      With respect to the Closing Cases, the fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a) shall be paid by the Post-Confirmation Debtor in connection with the first quarterly post-confirmation operating report to be filed by the Post-Confirmation Debtor on April 21, 2025.

7.      The Debtors shall provide to the U.S. Trustee all quarterly reports not already filed, including reports for any partial quarter, within 14 days after entry of this Order, and pay any fees due to the U.S. Trustee pursuant to 28 U.S.C. § 1930, including fees for disbursements up through the date of entry of this Order, even if for a partial quarter ("Quarterly Fees"), within 21 days after entry of this Order; provided, however, that if any Debtor seeks to dissolve prior to 21 days after the entry of this Order, such Debtor shall pay all Quarterly Fees to the U.S. Trustee prior to dissolving.

8.    The requirement under Local Rule 3022-1(c) to file a final report with respect to the Closing Cases is hereby waived, and the Trust shall file such report on a consolidated basis with a motion to close the Remaining Case, which will remain open pending further order of this Court.

9.    Nothing herein prevents any party in interest from moving to reopen this case for cause pursuant to section 350(b) of the Bankruptcy Code.  Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to seek to reopen the chapter 11 case to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. section 1930(a)(6) or the post-confirmation reports.

10.    Parties in interest must file a renewed request to receive pleadings and other documents filed in the Remaining Case pursuant to Bankruptcy Rule 2002.  Within 30 days of entry of this Final Decree and Order, the list of parties receiving documents pursuant to Bankruptcy Rule 2002 shall be limited to those who have filed renewed requests; provided that the United States Trustee shall not be required to file a renewed request to receive documents pursuant to Bankruptcy Rule 2002.

11.    Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.    The Trust is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: February 21st, 2025**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE